CHET A. KRONENBERG (SBN: 222335)
ckronenberg@stblaw.com
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone:   (310) 407-7500
Facsimile:    (310) 407-7502

WYATT A. HONSE (SBN: 316802)
wyatt.honse@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone:   (650) 251-5000
Facsimile:    (650) 251-5002

*Attorneys for Vivint Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer, LLC, and Vivint Solar Provider, LLC*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GERRIE DEKKER, KAREN BARAJAS as executor of the Estate of Thompson Bryson, MARLENE ROGERS, DANIEL THOMPSON, JAE CHONG, MARCI HULSEY, CINDY PIINI, PHYLLIS RUNYON, GENNIE HILLIARD, and JUAN BAUTISTA, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:19-cv-07918-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** |

Defendants Vivint Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer, LLC, and Vivint Solar Provider, LLC (collectively, "Defendants") and Plaintiffs Gerrie Dekker, Karen Barajas as executor of the Estate of Thompson Bryson, Marlene Rogers, Daniel Thompson, Jae Chong, Marci Hulsey, Cindy Piini, Phyillis Runyon, Gennie Hilliard, and Juan Bautista (collectively, "Plaintiffs") jointly submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), the Standing Order for All Judges of the Northern District of California dated November 1, 2018, and Civil Local Rule 16-9.

**1.      Jurisdiction and Service**

The parties agree that this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.  No issues exist regarding personal jurisdiction or venue.  No parties remain to be served.

**2.      Facts**

Plaintiffs are customers of Defendant Vivint Solar Developer, LLC ("Vivint Solar Developer"), a residential solar power provider.  Plaintiffs allege that the consumer contracts that they entered into contain termination fees that constitute unlawful liquidated damages.  Plaintiffs also allege that some individuals signed only English-language consumer contracts after sales presentations conducted in a language other than English.

**3.      Legal Issues**

A.   Whether the arbitration provisions in the consumer contracts are enforceable.

B.   Whether the claims of certain Plaintiffs are time-barred.

C.   Whether Plaintiffs are requesting public injunctive relief.

D.   Whether the termination fees in the consumer contracts constitute liquidated damages (and if so, whether they are unlawful).

E.   Whether the termination fees in the consumer contracts are unconscionable.

   F. Whether Defendants violated the California Translation Act by allegedly making sales pitches in a language other than English and then providing consumer contracts in English.

**4.**   **Motions**

On January 17, 2020 Defendants moved to (i) compel arbitration or, alternatively, dismiss based on failure to state a claim; and (ii) dismiss Plaintiff Dekker's claims on the ground that they are time-barred. The motions have been fully briefed and a hearing is scheduled for March 12, 2020 at 8:00 am.

**5.**   **Amendment of Pleadings**

Plaintiffs do not anticipate adding new parties or additional causes of action. Pending resolution of their motions, Defendants have not yet filed answers.

**6.**   **Evidence Preservation**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.**   **Disclosures**

The parties have agreed to exchange initial disclosures pursuant to the requirements of Rule 26(a)(1) on or before March 19, 2020. To the extent that there are any perceived deficiencies in the disclosures, the parties will meet and confer and, if an agreement cannot be reached, the parties will advise the Court of any need to compel further disclosures.

**8.**   **Discovery**

Due to the pendency of Defendants' motions, the parties have not served any discovery to date. If the motions are denied, the parties intend to take discovery relevant to their claims and defenses, including serving document requests, interrogatories, requests for admission and deposition notices. The parties do not believe entering into a stipulated e-discovery order or a proposed discovery plan is necessary at this time. There are no current discovery disputes.

**9. Class Actions**

Plaintiffs bring this lawsuit as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), and/or (b)(1), (b)(2), and/or (c)(4).  Plaintiffs allege that they are entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b) because the action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of those provisions.  Defendants deny that class certification is warranted.

The proposed "California Class" is defined as follows:  "All persons in California who entered into a Residential Solar Power Purchase Agreement with Vivint Solar."

The proposed "Translation Class" is defined as follows:  "All persons who signed only an English Residential Solar Power Purchase Agreement with Vivint Solar after a sales presentation conducted in a language other than English."

Plaintiffs believe it is premature to provide a proposed date for the Court to consider whether the case can be maintained as a class action until Defendants' pending motions are decided.  All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

**10. Related Cases**

None.

**11. Relief**

Plaintiffs seek the following relief for the causes of action alleged in the Complaint:

A. Enjoining Defendants from further enforcement and collection of the disputed termination fees;

B. Declaring that Defendants' sales practices are unfair and unlawful, thereby rendering all of the disputed consumer contracts unconscionable;

C. Declaring that this action is a proper class action, certifying the class, designating Plaintiffs as representatives of the class, and appointing Plaintiffs' attorneys as class counsel;

D. Enjoining Defendants from continuing the unfair business practices alleged in the Complaint and requiring Defendants to offer all class members the

option of rescission, to pay for removal of solar systems, to submit to independent audits of Defendants' sales and energy tracking practices, or otherwise eliminate unfair business practices;

E. Ordering Defendants to pay an award of reasonable attorneys' fees and costs of this action;

F. Enjoining Defendants from selling goods or services while conducting negotiations in a language protected by California Civil Code § 1632(b) and failing to provide a translation of the contract or cancellation notice to the consumer in the language in which the contract was negotiated; and

G. Ordering such other and further relief as the Court deems necessary, just, and proper.

**12. Settlement and ADR**

To date the parties have not engaged in settlement negotiations and the prospects of an early settlement are uncertain. The parties agree that until the pending motions are resolved, it is premature to pursue ADR or stipulate to an ADR process. If Defendants' motions are denied, the parties anticipate assignment of this case to the ADR Multi-Option Program pursuant to ADR L.R. 3-3(a). Upon exchange of Initial Disclosures, the parties will determine whether participation in ENE, Mediation, or a Settlement Conference would be most likely to achieve settlement.

**13. Consent to Magistrate Judge For All Purposes**

All parties have NOT consented to proceeding before a magistrate judge for all further proceedings.

**14. Other References**

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on MDL.

**15. Narrowing of Issues**

Plaintiffs believe Rule 36 Requests for Admissions may be used to narrow issues. The parties will confer regarding appropriate stipulations after discovery.

16. **Expedited Trial Procedure**

The parties do not agree that this case should be conducted pursuant to the Court's expedited trial procedure.

17. **Scheduling**

| | |
|---|---|
| Rule 26(a)(1) disclosures | March 19, 2020 |
| Last day to amend pleadings or add parties | April 17, 2020 |
| Fact Discovery Cut-Off Date | November 2, 2020 |
| Rule 26(a)(2) Opening Report(s) | November 16, 2020 |
| Rule 26(a)(2) Rebuttal Report(s) | November 30, 2020 |
| Discovery Cut-Off Date | January 8, 2021 |
| Dispositive Motions Deadline | February 19, 2021 |
| Rule 16 Pretrial Conference | April 9, 2021 |

18. **Trial**

Plaintiffs have demanded a jury on all issues so triable. Defendants take no position at this time.

19. **Disclosure of Non-party Interested Entities or Persons**

The parties have complied with L.R. 3-15. Plaintiffs have no such interest to report. Defendants have disclosed the following entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding or (ii) have any other kind of interest that could be substantially affected by the outcome of the proceeding:

| **PARTY** | **CONNECTION AND INTEREST** |
|---|---|
| 313 Acquisition LLC | Owns more than 10% of Vivint Solar, Inc.'s stock |
| FMR LLC | Owns more than 10% of Vivint Solar, Inc. |

| | |
|---|---|
| | stock |
| Investment vehicles affiliated with the Blackstone Group Inc. | Indirectly owns more than 10% of Vivint Solar, Inc.'s stock |
| Directors and Executive Officers of Vivint Solar, Inc., including David Bywater, Dana Russell, Thomas Plagemann, Bryan Christiansen, L. Chance Allred, Paul Dickson, David D'Alessandro, Alex Dunn, Bruce McEvoy, Jay Pauley, Todd Pedersen, Joseph Tibbets and Peter Wallace | Collectively own 4.1% of Vivint Solar, Inc.'s stock |

**20.    Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other**

Defendants' counsel, Simpson Thacher & Bartlett LLP, is a law firm with more than fifty lawyers nationwide. Defendants therefore submit this statement pursuant to Judge Alsup's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases. At the current time, the Simpson Thacher team for this case consists of two attorneys: partner Chet Kronenberg and associate Wyatt Honse. Mr. Honse is a third-year associate at the firm and in the course of this case Simpson Thacher intends to give him the opportunity to argue motions in court and/or to take or defend depositions. Specifically, if the Court entertains oral argument on Defendants' pending motions (currently scheduled for hearing on March 12, 2020), Mr. Honse will argue Defendants' motion to dismiss Plaintiff Dekker's claims because they are time-barred.

Respectfully submitted by:

Dated:  March 5, 2020                SIMPSON THACHER & BARTLETT LLP


By  /s/ Chet A. Kronenberg
    CHET A. KRONENBERG (SBN: 222335)
    ckronenberg@stblaw.com
    1999 Avenue of the Stars, 29th Floor
    Los Angeles, California 90067
    Telephone:  (310) 407-7500
    Facsimile:   (310) 407-7502

    WYATT A. HONSE (SBN: 316802)
    wyatt.honse@stblaw.com
    2475 Hanover Street
    Palo Alto, California 94304
    Telephone:  (650) 251-5000
    Facsimile:   (650) 251-5002

*Attorneys for Defendants Vivint Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer, LLC, and Vivint Solar Provider, LLC*

Dated:  March 5, 2020                MATERN LAW GROUP, PC


By  /s/ Corey B. Bennett
    COREY B. BENNETT (SBN: 267816)
    1330 Broadway, Suite 428
    Oakland, California 94612
    Telephone: (510) 227-3998
    Facsimile: (310) 531-1901

    MATTHEW J. MATERN (SBN: 159798)
    JOSHUA D. BOXER (SBN: 226712)
    1230 Rosencrans Avenue, Suite 200
    Manhattan Beach, California 90266
    Telephone: (310) 531-1900
    Facsimile: (310) 531-1901
    mmatern@maternlawgroup.com
    jboxer@maternlawgroup.com


*Attorneys for Plaintiffs, individually, and all others similarly situated*

1 **ATTESTATION OF CONCURRENCE IN FILING**

2 Pursuant to the Northern District of California's Local Rule 5-1(i)(3), I attest that

3 all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and

4 have authorized the filing.

6 Dated:  March 5, 2020                                         SIMPSON THACHER & BARTLETT LLP

By   */s/ Chet A. Kronenberg*
     CHET A. KRONENBERG (SBN: 222335)
     ckronenberg@stblaw.com
     1999 Avenue of the Stars, 29th Floor
     Los Angeles, California 90067
     Telephone:  (310) 407-7500
     Facsimile:   (310) 407-7502

     WYATT A. HONSE (SBN: 316802)
     wyatt.honse@stblaw.com
     2475 Hanover Street
     Palo Alto, California 94304
     Telephone:  (650) 251-5000
     Facsimile:   (650) 251-5002

     *Attorneys for Defendants Vivint Solar, Inc.,*
     *Vivint Solar Holdings, Inc., Vivint Solar*
     *Developer, LLC, and Vivint Solar Provider, LLC*