**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
JOSHUA D. BOXER (SBN 226712)
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

**MATERN LAW GROUP, PC**
COREY B. BENNETT (SBN 267816)
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

*Attorneys for Plaintiffs, individually, and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRIE DEKKER, KAREN BARAJAS as executor of the Estate of Thompson Bryson, MARLENE ROGERS, DANIEL THOMPSON, JAE CHONG, MARCI HULSEY, CINDY PIINI, PHYLLIS RUNYON, GENNIE HILLIARD, and JUAN BAUTISTA, individually and on behalf of all others similarly-situated, <br><br> Plaintiffs, <br><br> v. <br><br> VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 4:19-cv-07918-WHA <br><br> [Assigned to Hon. William Alsup, Courtroom 12] <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> Action Filed: December 03, 2019 <br> Trial Date: February 16, 2021 |

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     ARGUMENT**

In their opposition, Defendants concede that there is no prejudice, undue delay, or bad faith involved with amendment. Rather, they argue that the proposed amendments would be futile. As described below, however, their arguments fall short.

**A.     Plaintiffs' Proposed Amendments for the Translation Class Are Not Futile**

**1.     Plaintiff Bautista's Fifth and Sixth Claims for Relief Are Not Time-Barred**

Defendants argue that Plaintiff Bautista's fifth (California Translation Act, Cal. Civ. Code § 1632) and sixth (Declaratory Relief) claims for relief are time-barred. "The applicable statute of limitations for such a claim is one year under Cal.Civ.Proc.Code Section 340(a)," unless there is a basis for equitable tolling or the discovery rule. *Perez v. Wells Fargo Bank, N.A.*, 2011 WL 3809808, at *22 (N.D. Cal. Aug. 29, 2011). In its March 24 Order, the Court noted that "California generally observes last-element accrual, that is, the 'cause of action accrues when [it] is complete with all of its elements — those elements being wrongdoing, harm, and causation.'" (Dkt. No. 47) As it applied to Plaintiff Dekker, the Court rejected Defendant's argument that "the discovery of the incorrect billing *itself* was 'the incident giving rise to the claim'—declaring "no reasonable person discovers an improper bill and immediately sues. Instead, they investigate." (*Id.*)

The same logic applies to Plaintiff Bautista's claims here. It is even more compelling given the underlying violation of the California Translation Act, which placed an additional obstacle between the consumer and discovery of the incident giving rise to the claim. Defendants suggest that the statute of limitations on *all* Section 1632 claims runs from the moment of execution—a draconian position that would eviscerate the purpose of the statute and would reward non-compliance. Here, ***Defendants have never provided Plaintiff Bautista with a Spanish language version of the PPA.*** Thus, when he noticed peculiarities with his solar panel system, he investigated. (Declaration of Juan Bautista) In August 2018, Plaintiff Bautista enlisted his son, Nicolas, to file a complaint in English with the Better Business Bureau. Nicolas noted that his father cannot read English. (*Id.* Ex. A) From the date of that complaint, it took nearly a year for Vivint Solar to complete an "investigation" of the

matter. Then, on July 8, 2019, Vivint Solar sent Plaintiff Bautista a letter formally acknowledging that he was deemed to be in default. (Dkt. No. 46-1). "The Customer Agreement is a valid, binding contract, and Vivint Solar maintains that it was lawfully entered into in this case." (*Id.*) Even then, Vivint Solar did not provide a Spanish-language version of the agreement. Plaintiff Bautista contends that this was the earliest moment the statute of limitations would have begun to run. He timely filed this action on December 3, 2019—well within any applicable statutes of limitations.

### 2. Plaintiff Bautista States A Claim under the California Translation Act

Defendants also argue that, even if Plaintiff Bautista's claim is not time-barred, his claim fails because he "does not allege that he is willing or capable of restoring to Defendants everything he received in the transaction (*e.g.*, past due balances on monthly electricity bills) as required by Cal. Civ. Code § 1632(k)." (Opp. p. 9) This section provides,

> Upon a failure to comply with the provisions of this section, the person aggrieved may rescind the contract or agreement in the manner provided by this chapter. If the contract for a ***consumer credit sale or consumer lease that has been sold and assigned to a financial institution*** is rescinded pursuant to this subdivision, the consumer shall make restitution to and have restitution made by the person with whom he or she made the contract, and shall give notice of rescission to the assignee.

Cal. Civ. Code § 1632(k)(emphasis added). Defendants do not argue, or set forth a factual basis, that the PPA is a consumer credit sale or consumer lease that has been sold and assigned to a financial institution, which distinguishes *Vargas v. Wells Fargo Bank, N.A.*, 2012 WL 5869642, at *2 (N.D. Cal. Nov. 19, 2012) (Alsup, J.) (dispute arising out of mortgage loan agreement and subsequent loan-modification agreement). Nonetheless, as the complaint, his prior declaration (Dkt. No. 46) and Exhibit A to the accompanying declaration show, Plaintiff Bautista was deceived into believing the solar panel system was free—essentially, government-subsidized. While Defendants may claim there are past due balances, they would certainly have to be offset by the revenue generated by the system (because the PPA grants Vivint Solar the right to all power it produces, which it then sells back to the consumer).

To the extent that the Court requires that Plaintiff's complaint allege a willingness to tender, Plaintiff Bautista requests the opportunity to further amend the complaint.

3

### 3. Plaintiff Bautista States A Claim under The Consumer Legal Remedies Act

Defendants argue that Plaintiff's claim under the Consumer Legal Remedies Act ("CLRA") fails for four reasons, none of which has merit.

First, the statute of limitations for a CLRA claim is indeed three years. However, "[i]n California, the discovery rule postpones accrual of a claim until 'the plaintiff discovers, or has reason to discover, the cause of action.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008) (quoting *Norgart v. Upjohn Co.,* 981 P.2d 79, 88 (Cal. 1999)). "The delayed discovery rule is available to rebut the presumption and to toll the statute of limitations under the CLRA, UCL, and FAL." *Plumlee v. Pfizer, Inc*., 2014 WL 4275519, at *6 (N.D. Cal. Aug. 29, 2014), *aff'd*, 664 F. App'x 651 (9th Cir. 2016). Plaintiff's Section 1632 claim strengthens the basis for his CLRA claim in that he has virtually no English proficiency, the entire negotiation was conducted in Spanish, and that he did not have reason to discover the cause of action until Vivint Solar began demanding exorbitant sums of money in 2018 and 2019. Had Vivint Solar provided him with a Spanish version of the PPA, perhaps the statute would have begun to run sooner. It did not. As such, his CLRA claim is timely.

Second, Defendants contend Plaintiff Bautista's CLRA claim fails to the extent it stems from his Section 1632 claim. This argument should be rejected for the reasons stated above. Additionally, the CLRA claim is clearly broader than Defendants suggest and includes not just violation of Section 1632, but also unconscionable and illegal provisions in the PPAs, as well as fraudulent sales practices.
(FAC ¶¶ 96-102).

Third, Defendants argue that Plaintiff Bautista's CLRA claim must be dismissed because his April 10, 2019 demand letter (Dkt. No. 57-2) contained a drafting error,[1] stating the sales representative did not speak Spanish, which deprived Vivint Solar of the opportunity to take corrective action under Cal. Civ. Code § 1782(a). Defendants erroneously conclude, "Plaintiff Bautista does not seek correction with respect to sales presentations made in Spanish." This argument

---

[1] Declaration of Corey B. Bennett Decl. ¶ 2.

is nonsensical. The statutory notice need only "[d]emand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation." *Id.* Looking at the entirety of the letter and the relief sought, Vivint Solar had notice of the underlying dispute and ample opportunity to correct it. The letter notes Plaintiff "Bautista's native language is Spanish and [he] has limited English proficiency," that the PPA is in English and that he was not offered one in Spanish, and that, "[g]iven his limited English proficiency, Mr. Bautista was not able to compare the sales representative's promises with the terms of the written agreement." (Dkt. No. 57-2.) All of this squares with the allegations in the complaint and the proposed FAC, as well as Plaintiff Bautista's prior declaration (Dkt. 46). Importantly, the drafting error upon which Defendants have seized had no bearing on the notice, nor did it deprive them of the opportunity to take corrective action. As the letter stated, "Despite repeated attempts for a resolution, none has been forthcoming. Vivint Solar has failed to honor its consumer protection obligations, has failed to rescind the contract, and has failed to refund our client's money as requested." (*Id.*) This echoed the relief sought in the Better Business Bureau complaint. (Bennett Decl. Ex. A)("We would like to cancel the contract with Vivint Solar Company"). Defendants could have rescinded his contract, offered him a new one with a valid agreement (in Spanish), applied refunds or credits, or otherwise modified the system and the agreement to bring it into compliance. They did none of those things.

While Plaintiff's proposed FAC includes a request for damages for the Translation Class only, the primary relief sought is injunctive, which has no notice requirement under the CLRA. *Basmadjian v. Realreal, Inc.,* 2018 WL 2761857, at *4 (N.D. Cal. June 8, 2018)(J. Alsup).

Fourth, Defendants argue that Plaintiff's CLRA claims fails because he did not file a venue affidavit as required by Cal. Civ. Code § 1780(d). While this action was commenced in a county described in section 1780, and although the complaint and proposed FAC set forth that Defendants do business throughout California, Defendants have waived this objection "by failing to raise them in their earlier motion to dismiss." *Chavez v. Blue Sky Nat. Beverage Co.*, 268 F.R.D. 365, 375 (N.D. Cal. 2010).  Should the Court so require, however, Plaintiff can and will attach to his amended complaint the affidavit attached as Ex. B to his concurrently-filed declaration. See

*In re Nexus 6P Products Liability Litigation*, 293 F.Supp.3d 888, 929 (N.D.Cal., 2018) (granting leave to amend to supply venue affidavit). *See also Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 884 (N.D. Cal. 2019), cited by Defendants at footnote 5, noting that, "If plaintiff continues to bring a claim under the CLRA, the Second Amended Complaint shall be accompanied by the affidavit of venue required by California Civil Code section 1780(d)."

### 4. Plaintiff Bautista States A Claim under The Unfair Competition Law

Defendants make similar arguments as to Plaintiff's claims under the Unfair Competition Law ("UCL"). First, they argue the four-year statute of limitations bars his claim. As set forth above, the delayed discovery rule tolls the statute of limitations under the UCL. *Plumlee v. Pfizer, Inc.*, 2014 WL 4275519, at *6 (N.D. Cal. Aug. 29, 2014), *aff'd*, 664 F. App'x 651 (9th Cir. 2016); *Yumul v. Smart Balance, Inc.*, 733 F.Supp.2d 1117, 1131 (C.D. Cal. 2010) (delayed discovery rule applies to CLRA and FAL claims); *Aryeh v. Canon Bus. Solutions, Inc*., 292 P.3d 871, 878 (Cal. 2013) (delayed discovery rule applies to UCL claims).

Second, they contend Plaintiff Bautista's UCL claims fail to the extent they stem from his Section 1632 claim. This argument should be rejected for the reasons stated above. Additionally, the UCL claim is also broader than Defendants suggest, encompassing Section 1632 violations, unconscionable and illegal provisions in the PPAs, and fraudulent sales practices.

### B.  Plaintiff's Allegations Regarding Unlawful Liquidated Damages

Finally, Defendants offer a "heads I win, tails you lose" proposition, claiming that the Court must dismiss Plaintiff's claims if there is no agreement between Defendant and Bautista, or must also dismiss Plaintiff's claims if there is. Such an argument is premature, however, as the nature of relationship between Vivint and Mr. Bautista has not been finally adjudicated.

Further, Defendants ask this Court to re-visit the grounds identified in their initial motion to dismiss, but which were not addressed by this Court's ruling. Defendants only specifically identify their statute of limitations argument, addressed above. For the reasons stated herein, that argument is without merit.

\\

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the proposed First Amended Complaint.

Dated: April 27, 2020

**MATERN LAW GROUP, PC**

By: /s/ Corey B. Bennett
Matthew J. Matern
Joshua D. Boxer
Corey B. Bennett
Attorneys for Plaintiffs GERRIE DEKKER, KAREN BARAJAS as executor of the Estate of Thompson Bryson, MARLENE ROGERS, DANIEL THOMPSON, JAE CHONG, MARCI HULSEY, CINDY PINI, PHYLLIS RUNYON, GENNE HILLARD, and JUAN BAUTISTA, individually, and on behalf of all others similarly situated