UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERRIE DEKKER, et al.,

    Plaintiffs,

v.

VIVINT SOLAR, INC., et al.,

    Defendants.

No. C 19-07918 WHA

**ORDER DENYING DEFENDANTS' MOTION TO STAY**

## INTRODUCTION

In this unfair business practices suit, defendants move to stay proceedings pending appeal of an order denying in part a motion to compel arbitration. For the reasons herein, defendants' motion is **DENIED**.

## STATEMENT

Defendants Vivint Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer, LLC, and Vivint Solar Provider, LLC (all "Vivint") install solar panels on customers' roofs and then sell the energy produced back to the customers. Plaintiffs are California residents who contracted with Vivint and had solar panels installed on their homes. They have filed this putative class action, alleging violations of California's Consumer Legal Remedies Act and Unfair Competition Law. Plaintiffs' complaint alleges that Vivant employed aggressive door-to-door salespeople to unfairly push onerous contracts on unsuspecting consumers. The

contracts in question required customers to purchase not just the solar power they actually *used*, but also all power *generated* by the solar panels (Compl., Dkt. No. 1 at ¶¶ 1–3, 6, 15–24).

Juan Bautista, one of Vivant's customers, also seeks relief under the California Translation Act for himself and similarly situated customers. Mr. Bautista speaks Spanish, not English. The salesperson who solicited Mr. Bautista's business *in Spanish* nevertheless had him agree to a contract *written in English*. Vivant never provided Mr. Bautista with a Spanish translation of the agreement (*id*. at ¶¶ 124–130).

After plaintiffs filed their complaint, Vivant moved to compel arbitration, pursuant to an arbitration provision in the contract. A March 24 order compelled English-speaking plaintiffs to arbitrate their claims but also held that the arbitration provision, written in English, did *not* bind Mr. Bautista. Vivant then appealed the order insofar as it concerned Mr. Bautista's claims. They now move to stay proceedings on those claims pending the outcome of the appeal. This order follows full briefing (Dkt. Nos. 25 at 1–2; 47 at 9–10, 12; 48 at 1; 49 at 1–3).

**ANALYSIS**

Whether to issue a stay pending appeal from a denial of defendants' motion to compel arbitration "is a proper subject for the exercise of discretion by the district court." *Britton v. Co.-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). As the party requesting a stay, Vivant "bears the burden of showing that the circumstances justify an exercise of that discretion." This entails weighing four factors: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 426 (2009). Our court of appeals has instructed that courts in the Ninth Circuit weigh these factors using a sliding scale approach, under which "a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).

Turning to the *first* factor, Vivant need not demonstrate that success on the merits "is more likely than not." Rather, it must show that it "has a substantial case for relief on the

2

merits" or "that serious legal questions are raised." *Id*. at 967–68. Vivant's motion to stay cites district court decisions that enforced arbitration agreements in purportedly analogous situations. It argues that these demonstrate a likelihood of success on appeal. But, Vivant affirmatively argued for the arbitration provision's validity and enforceability in its motion to compel arbitration, and the March 24 order rejected this argument as applied to Mr. Bautista. At the same time, Vivant's motion correctly stresses the absence of any federal court of appeals precedent directly addressing whether the arbitration provision is valid and enforceable as against Mr. Bautista. This presents a serious legal question (Dkt. Nos. 47 at 9–10; 49 at 5–6).

There remains the issue of irreparable harm, however. Turning to the *second* and *third* factors, Vivant argues that absent a stay, it will face irreparable injury if the court of appeals reverses the March 24 order and compels arbitration. In this event, the motion argues that Vivant will have wasted "substantial time and resources" on "litigating this dispute during the appeal that can never be recovered" (Dkt. No. 49 at 7–8). This does not persuade. Any discovery that occurs in these proceedings could just as easily be used in arbitration, if the court of appeals remits plaintiff Bautista to arbitration. Moreover, the balance of hardships easily tips in favor of Mr. Bautista, not Vivant. Mr. Bautista joined this action because Vivant seeks to enforce a liquidated damages provision against him. Mr. Bautista has not paid Vivant the money it claims he owes, so Vivant considers him to have defaulted on a debt. Plaintiffs' opposition stresses that this debt burdens Mr. Bautista and will continue to do so for as long as this litigation drags on. A stay, they argue, would needlessly prolong Mr. Bautista's financial "limbo," further damaging his credit, as well as that of others similarly situated (Dkt. No. 56 at 8). This order agrees that a stay risks far more harm to Mr. Bautista than the alternative does to Vivant.

Turning to the *fourth* factor, Vivant argues that the public interest would be served by a stay because of the "strong federal policy favoring arbitration." Their motion contends that a stay would save "time and energy" in the event that the court of appeals reverses (Dkt. No. 49 at 9). These arguments beg the question. They presume the validity and enforceability of the arbitration provision in Mr. Bautista's contract, but the March 24 order already held that

3

provision defective as against Mr. Bautista (Dkt. No. 47 at 9–10).  There is also at stake the countervailing public policy of access to our federal courts and speedy, efficient, and just relief.

Weighing the four factors, Vivant has not met its burden of demonstrating that a stay "is a proper subject for the exercise of discretion by the district court." *Britton*, 916 F.2d at 1412.

## CONCLUSION

For the foregoing reasons, Vivint's motion to stay proceedings pending appeal is **DENIED**.

**IT IS SO ORDERED.**

Dated:  May 11, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE