CHET A. KRONENBERG (SBN: 222335)
ckronenberg@stblaw.com
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone:   (310) 407-7500
Facsimile:   (310) 407-7502

WYATT A. HONSE (SBN: 316802)
wyatt.honse@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone:   (650) 251-5000
Facsimile:   (650) 251-5002

*Attorneys for Vivint Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer, LLC, and Vivint Solar Provider, LLC*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GERRIE DEKKER, KAREN BARAJAS as executor of the Estate of Thompson Bryson, MARLENE ROGERS, DANIEL THOMPSON, JAE CHONG, MARCI HULSEY, CINDY PIINI, PHYLLIS RUNYON, GENNIE HILLIARD, and JUAN BAUTISTA, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:19-cv-07918-WHA<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Honorable William H. Alsup |

Defendants Vivint Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer, LLC ("Vivint Solar Developer"), and Vivint Solar Provider, LLC (collectively, "Defendants"), through their undersigned counsel, as and for their Answer to the Class Action Complaint for Equitable and Declaratory Relief filed by Plaintiffs, state as follows:

## PRELIMINARY STATEMENT

Except as otherwise expressly stated herein, Defendants (1) generally deny each and every allegation in the Complaint, including, without limitation, any allegations contained in the headings, subheadings, unnumbered paragraphs and footnotes of the Complaint; (2) specifically deny that Defendants have caused Plaintiffs or any member of the purported putative classes any harm; (3) deny any liability to Plaintiffs; (4) deny any liability to any purported putative class members that Plaintiffs purport to represent; (5) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations where they consist of excerpts from and/or references to third-party publications or statements; and (6) deny any defined terms in the Complaint to the extent they constitute allegations directed at Defendants. Defendants reserve the right to challenge the authenticity of all sources and documents referred to or purportedly quoted from in the Complaint.  Defendants reserve the right to seek to amend or supplement their Answer as may be necessary or appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

### INTRODUCTION

1. Defendants deny the allegations contained in Paragraph 1.
2. Defendants deny the allegations contained in Paragraph 2.
3. Defendants deny the allegations contained in Paragraph 3.
4. Defendants deny the allegations contained in Paragraph 4, but admit that Vivint Solar Developer's Residential Solar Power Purchase Agreement ("PPA") is an agreement through which Vivint Solar Developer agrees to design, permit and install a solar system on property and that the PPA generally has a 20-year term.
5. Defendants deny the allegations contained in Paragraph 5, except admit that Vivint Solar Developer designs and installs Solar Systems on customers' homes.  If a customer purchases

1   power under a PPA, then Vivint Solar Developer and related entities maintain, repair, and monitor
2   the Solar System.
3       6.      Defendants deny the allegations contained in Paragraph 6.
4       7.      Defendants deny the allegations contained in Paragraph 7, except state that to the
5   extent that the allegations contained in Paragraph 7 purport to describe and/or quote a document,
6   Defendants refer to such document for a complete and accurate statement of its contents.
7       8.      Defendants deny the allegations contained in Paragraph 8, except that, to the extent
8   Paragraph 8 purports to describe and/or quote a document, Defendants refer to such document for
9   a complete and accurate statement of its contents.
10      9.      The allegations in Paragraph 9 state legal or other conclusions that do not require a
11  response. To the extent a response is required, Defendants deny the allegations contained in
12  Paragraph 9.
13      10.     The allegations in Paragraph 10 state legal or other conclusions that do not require
14  a response. To the extent a response is required, Defendants deny the allegations contained in
15  Paragraph 10.
16      11.     Paragraph 11 is Plaintiffs' characterization of their purported claims, to which no
17  response is required. To the extent a response is required, Defendants admit that Plaintiffs purport
18  to seek the relief requested in Paragraph 11.

19  **JURISDICTION AND VENUE**

20      12.     The allegations in Paragraph 12 state legal or other conclusions that do not require
21  a response. To the extent a response is required, Defendants deny the allegations contained in
22  Paragraph 12.
23      13.     The allegations in Paragraph 13 state legal or other conclusions that do not require
24  a response. To the extent a response is required, Defendants deny the allegations contained in
25  Paragraph 13.
26      14.     The allegations in Paragraph 14 state legal or other conclusions that do not require
27  a response. To the extent a response is required, Defendants deny the allegations contained in
28  Paragraph 14.

# PARTIES

**A.     Plaintiffs**

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in first and third sentences of Paragraph 15, and therefore deny the allegations.  Defendants admit that Dekker entered into a PPA in September 2012.  Defendants deny the allegations contained in the fourth sentence of Paragraph 15.

16.     No response is required to the allegations contained in Paragraph 16 because, in its March 24, 2020 Order, the Court granted Defendants' motion to compel arbitration with respect to Karen Barajas.

17.     No response is required to the allegations contained in Paragraph 17 because, in its March 24, 2020 Order, the Court granted Defendants' motion to compel arbitration with respect to Marlene Rogers.

18.     No response is required to the allegations contained in Paragraph 18 because, in its March 24, 2020 Order, the Court granted Defendants' motion to compel arbitration with respect to Daniel Thompson.

19.     No response is required to the allegations contained in Paragraph 19 because, in its March 24, 2020 Order, the Court granted Defendants' motion to compel arbitration with respect to Jae Chong.

20.     No response is required to the allegations contained in Paragraph 20 because, in its March 24, 2020 Order, the Court granted Defendants' motion to compel arbitration with respect to Marci Hulsey.

21.     No response is required to the allegations contained in Paragraph 21 because, in its March 24, 2020 Order, the Court granted Defendants' motion to compel arbitration with respect to Cindy Piini.

22.     No response is required to the allegations contained in Paragraph 22 because, in its March 24, 2020 Order, the Court granted Defendants' motion to compel arbitration with respect to Phyllis Runyon.

23. No response is required to the allegations contained in Paragraph 23 because, in its March 24, 2020 Order, the Court granted Defendants' motion to compel arbitration with respect to Gennie Hilliard.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 24. Defendants deny the allegations contained in the second sentence of Paragraph 24, except deny knowledge or information sufficient to form a belief as to whether Plaintiff Bautista is a native Spanish speaker. Defendants deny the allegations contained in the third through tenth sentences of Paragraph 24, except: (i) admit that Vivint Solar Developer is not able to locate a business record that demonstrates whether Plaintiff Bautista was given a Spanish language version of the PPA or the cancellation notice; and (ii) to the extent the allegations in Paragraph 24 purport to describe and/or quote documents, Defendants refer to such documents for a complete and accurate statement of their contents.

### B. **Defendants**

25. Defendants deny the allegations contained in Paragraph 25, except (i) admit that Vivint Solar, Inc. is formed under the laws of Delaware; (ii) admit that Vivint Solar, Inc.'s principal office is located in Lehi, Utah; (iii) state that, to the extent that the allegations contained in Paragraph 25 purport to describe and/or quote Vivint Solar, Inc.'s SEC filings, Defendants refer to such documents for a complete and accurate statement of their contents.

26. Defendants deny the allegations contained in Paragraph 26, except (i) admit that Vivint Solar Holdings, Inc. is a wholly-owned subsidiary of Vivint Solar, Inc.; (ii) admit that Vivint Solar Holdings, Inc. owns or partially owns subsidiaries and other entities related to solar energy system financing vehicles; (iii) admit that Vivint Solar Developer is an indirect subsidiary of Vivint Solar Holdings, Inc. and that it conducts business in California; and (iv) state that, to the extent that the allegations contained in Paragraph 26 purport to describe and/or quote Vivint Solar, Inc.'s SEC filings, Defendants refer to such documents for a complete and accurate statement of their contents.

27. Defendants deny the allegations contained in Paragraph 27, except admit that (i) Vivint Solar Developer was organized under the laws of Delaware; (ii) Vivint Solar Developer conducts business in California with a principal office located at 1800 West Ashton Blvd., Lehi, Utah 84043, and (iii) Vivint Solar Developer conducts business, maintains permits in municipalities, and sells, services, and otherwise maintains solar systems in California.

28. Defendants deny the allegations contained in Paragraph 28, except admit that Vivint Solar Provider, LLC was organized under the laws of Delaware and is an indirect subsidiary of Vivint Solar, Inc.

29. Defendants deny the allegations contained in Paragraph 29, except admit that Plaintiffs purport to bring claims against DOES 1 through 50.

30. The allegations in Paragraph 30 state legal or other conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 30.

31. The allegations in Paragraph 31 state legal or other conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 31.

32. The allegations in Paragraph 32 state legal or other conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 32.

33. The allegations in Paragraph 33 state legal or other conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 33.

34. The allegations in Paragraph 34 state legal or other conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 34.

## FACTUAL ALLEGATIONS

**A.      Vivint Solar's Residential Solar Power Purchase Agreement**

35.     Defendants deny the allegations contained in Paragraph 35, except admit that the PPAs that Vivint Solar Developer uses generally contain a 20-year term.

36.     Defendants deny the allegations contained in Paragraph 36, except admit that Vivint Solar Developer receives revenue from the sale of electricity and any tax credits or incentives to which it may be entitled.

37.     Defendants deny the allegations contained in Paragraph 37, except state that to the extent that the allegations contained in Paragraph 37 purport to describe and/or quote a document, Defendants refer to such document for a complete and accurate statement of its contents.

38.     Defendants deny the allegations contained in Paragraph 38, except state that to the extent that the allegations contained in Paragraph 38 purport to describe and/or quote a document, Defendants refer to such document for a complete and accurate statement of its contents.

39.     Defendants deny the allegations contained in Paragraph 39, except state that to the extent that the allegations contained in Paragraph 39 purport to describe and/or quote a document, Defendants refer to such document for a complete and accurate statement of its contents.

40.     Defendants deny the allegations contained in Paragraph 40, except admit that Vivint Solar Developer has utilized an electronic signature on an electric tablet in connection with the signing of PPAs.

41.     Defendants deny the allegations contained in Paragraph 41.

42.     Defendants deny the allegations contained in Paragraph 42.

**B.      Termination Fees**

43.     Defendants deny the allegations contained in Paragraph 43, except: (i) admit that customers entered into iterations of Vivint Solar Developer's PPAs and that not all of the PPAs are identical; and (ii) state that to the extent the allegations contained in Paragraph 43 purport to describe the PPAs, Defendants refer to the PPAs for a complete and accurate statement of their contents.

44. No response is required to the allegations contained in Paragraph 44 because, in its March 24, 2020 Order, the Court granted Defendants' motion to compel arbitration with respect to Gennie Hilliard.

45. The allegations contained in Paragraph 45 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants state that to the extent the allegations contained in Paragraph 45 purport to describe PPAs, Defendants refer to the PPAs for a complete and accurate statement of their contents.

46. No response is required to the allegations contained in Paragraph 46 because, in its March 24, 2020 Order, the Court granted Defendants' motion to compel arbitration with respect to Plaintiffs Rogers, Chong, Piini, Runyon, and Barajas.

47. Defendants deny the allegations contained in Paragraph 47, except admit that the PPAs contain provisions related to the termination of PPAs and the calculation of certain losses, costs, and fees.

48. The allegations in the first three sentences of Paragraph 48 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the first three sentences of Paragraph 48. Defendants deny the allegations contained in the fourth and fifth sentences of Paragraph 48.

49. The allegations in Paragraph 49 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 49.

**C.   Vivint's Door-to-Door Sales Model**

50. Defendants deny the allegations contained in Paragraph 50, except (i) admit that Vivint Solar Developer sales representatives engage in door-to-door sales; (ii) admit that sales managers receive at least part of their compensation on a commission basis; and (iii) state that to the extent that the allegations contained in Paragraph 50 purport to describe and/or quote a document, Defendants refer to such document for a complete and accurate statement of its contents.

51. Defendants deny the allegations contained in Paragraph 51, except state that to the extent that the allegations contained in Paragraph 51 purport to describe and/or quote a document, Defendants refer to such document for a complete and accurate statement of its contents.

52. Defendants deny the allegations contained in Paragraph 52, except state that to the extent that the allegations contained in Paragraph 52 purport to describe and/or quote Vivint Solar, Inc.'s website, Defendants refer to such website for a complete and accurate statement of its contents.

53. Defendants deny the allegations contained in Paragraph 53, except state that to the extent that the allegations contained in Paragraph 53 purport to describe and/or quote a document, Defendants refer to such document for a complete and accurate statement of its contents.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

**D.     Vivint Solar's False and Deceptive Representations**

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants deny the allegations contained in Paragraph 59.

60. Defendants deny the allegations contained in Paragraph 60.

61. Defendants deny the allegations contained in Paragraph 61, except state that to the extent that the allegations contained in Paragraph 61 purport to describe and/or quote a video, Defendants refer to such video for a complete and accurate statement of its contents.

62. Defendants deny the allegations contained in Paragraph 62, except state that to the extent that the allegations contained in Paragraph 62 purport to describe and/or quote videos, Defendants refer to such videos for a complete and accurate statement of their contents.

63. Defendants deny the allegations contained in Paragraph 63, except state that to the extent that the allegations contained in Paragraph 63 purport to describe and/or quote Vivint Solar, Inc.'s website, Defendants refer to such website for a complete and accurate statement of its contents.

64. Defendants deny the allegations contained in Paragraph 64.

65. Defendants deny the allegations contained in Paragraph 65, except state that to the extent that the allegations contained in Paragraph 65 purport to describe and/or quote a report, Defendants refer to such document for a complete and accurate statement of its contents.

66. Defendants admit the allegations contained in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67, except state that to the extent that the allegations contained in Paragraph 67 purport to describe and/or quote an extrinsic document, Defendants refer to such document for a complete and accurate statement of its contents.

**E.     Vivint Solar's Misrepresented Fixture Filings**

68. Defendants deny the allegations contained in Paragraph 68, except state to the extent the allegations contained in Paragraph 68 purported to describe and/or quote a document, Defendants refer to such document for a complete and accurate statement of its contents.

69. Defendants deny the allegations contained in Paragraph 69, except state that to the extent that the allegations contained in Paragraph 69 purport to describe and/or quote a document, Defendants refer to such document for a complete and accurate statement of its contents.

70. Defendants deny the allegations contained in Paragraph 70, except, to the extent that the allegations contained in Paragraph 70 purport to describe and/or quote a statute, Defendants refer to such statute for a complete and accurate statement of its contents.

71. Defendants deny the allegations contained in Paragraph 71, except, to the extent that the allegations contained in Paragraph 71 purport to describe and/or quote a statute, Defendants refer to such statute for a complete and accurate statement of its contents.

72. Defendants deny the allegations contained in Paragraph 72.

73. Defendants deny the allegations contained in Paragraph 73.

**CLASS ACTION ALLEGATIONS**

74. With respect to the first sentence, Defendants admit that Plaintiffs purport to bring this lawsuit as a class action on their own behalf and on behalf of all other persons similarly situated as members of the purported, proposed Class, pursuant to Federal Rules of Civil

1  Procedure 23(a) and (b)(3), and/or (b)(1), (b)(2), and/or (c)(4).  The allegations in the second
2  sentence contain conclusions of law to which no response is required.  To the extent a response is
3  required, Defendants deny the allegations contained in Paragraph 74.
4        75.     Defendants admit that, in Paragraph 75 of the Complaint, the proposed California
5  Class is defined as follows:  "All persons in California who entered into a Residential Solar Power
6  Purchase Agreement with Vivint Solar."
7        76.     Defendants admit that, in Paragraph 76 of the Complaint, the proposed UCL
8  Translation Class is defined as follows:  "All persons in California who signed only an English-
9  language Residential Solar Power Purchase Agreement with Vivint Solar after negotiations were
10  conducted in a language other than English."
11        77.     Defendants admit that, in Paragraph 77 of the Complaint, Plaintiffs seek to exclude
12  various individuals and entities from the proposed Classes and to reserve the right to amend the
13  Class definitions.
14        **A.**     **Numerosity and Ascertainability**
15        78.     The allegations in Paragraph 78 contain conclusions of law to which no response is
16  required.  To the extent a response is required, Defendants deny the allegations contained in
17  Paragraph 78.
18        79.     Defendants deny the allegations contained in the first sentence of Paragraph 79,
19  except state that to the extent that the allegations contained in Paragraph 79 purport to describe
20  and/or quote a document, Defendants refer to such document for a complete and accurate
21  statement of its contents.  The allegations in the second and third sentences of Paragraph 79
22  contain conclusions of law to which no response is required.  To the extent a response is required
23  to the second and third sentences of Paragraph 79, Defendants deny the allegations contained in
24  such sentences.
25        **B.**     **Typicality**
26        80.     The allegations in Paragraph 80 contain conclusions of law to which no response is
27  required.  To the extent a response is required, Defendants deny the allegations contained in
28  Paragraph 80.

10
ANSWER TO THE FAC                          CASE NO. 3:19-CV-07918-WHA

### C. Adequate Representation

81. The allegations in Paragraph 81 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, and therefore deny the allegations.

82. The allegations in Paragraph 82 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, and therefore deny the allegations.

### D. Predominance of Common Issues

83. The allegations in Paragraph 83 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 83.

### E. Superiority

84. The allegations in Paragraph 84 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 84.

85. The allegations in Paragraph 85 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 85.

86. The allegations in Paragraph 86 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 86.

87. The allegations in Paragraph 87 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 87.

88. The allegations in Paragraph 88 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 88.

## FIRST CLAIM FOR RELIEF

### Cal. Civil Code section 1671(d)

### (Injunctive relief only)

89. With respect to Paragraph 89, Defendants repeat and reallege their responses to all preceding Paragraphs 1 through 88 as if fully set forth herein.

90. The allegations in Paragraph 90 state legal or other conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 90.

91. The allegations in Paragraph 91 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 91, except state that to the extent that the allegations contained in Paragraph 91 purport to describe and/or quote a California statute, Defendants refer to such statute for a complete and accurate statement of its contents.

92. The allegations in Paragraph 92 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 92.

93. The allegations in Paragraph 93 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 93.

94. The allegations in Paragraph 94 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 94.

95. The allegations in Paragraph 95 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in

1   Paragraph 95, except admit that Plaintiffs purport to seek an order of this Court enjoining Vivint

2   Solar from enforcement and collection of purported termination fees.

## SECOND CLAIM FOR RELIEF

### Cal. Bus. & Prof. Code Sections 17200 *et seq.*

### (Injunctive relief only)

6   96.     With respect to Paragraph 96, Defendants repeat and reallege their responses to all
7   preceding Paragraphs 1 through 95 as if fully set forth herein.

8   97.     The allegations in Paragraph 97 contain conclusions of law to which no response is
9   required. To the extent a response is required, Defendants deny the allegations contained in
10  Paragraph 97.

11  98.     The allegations in Paragraph 98 contain conclusions of law to which no response is
12  required. To the extent a response is required, Defendants deny the allegations contained in
13  Paragraph 98.

14  99.     The allegations in Paragraph 99 contain conclusions of law to which no response is
15  required. To the extent a response is required, Defendants deny the allegations contained in
16  Paragraph 99, except state that to the extent that the allegations contained in Paragraph 99 purport
17  to describe and/or quote California statutes, Defendants refer to such statutes for a complete and
18  accurate statement of their contents.

19  100.    The allegations in Paragraph 100 contain conclusions of law to which no response
20  is required. To the extent a response is required, Defendants deny the allegations contained in
21  Paragraph 100.

22  101.    The allegations in Paragraph 101 contain conclusions of law to which no response
23  is required. To the extent a response is required, Defendants deny the allegations contained in
24  Paragraph 101.

25  102.    The allegations in the first sentence of Paragraph 102 contain conclusions of law to
26  which no response is required. To the extent a response is required, Defendants deny the
27  allegations in the first sentence of Paragraph 102. Defendants deny the allegations contained in
28  the second, third and fourth sentences of Paragraph 102, except: (i) admit that Plaintiff Bautista

was not given a Spanish language version of the PPA or the cancellation notice; (ii) deny knowledge or information sufficient to form a belief as to whether Plaintiff Bautista is a native Spanish; and (iii) state that to the extent that the allegations contained in Paragraph 102 purport to describe and/or quote a California statute, Defendants refer to such statute for a complete and accurate statement of its contents.  With respect to the fifth sentence in Paragraph 102, Defendants admit that Plaintiffs allege that "this unfair practice is common to the UCL Translation Class."

103.    The allegations in Paragraph 103 contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 103.

104.    The allegations in Paragraph 104 contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 104, except admit that Plaintiffs purport to seek an order of this Court permanently enjoining Vivint Solar from engaging in unfair and unlawful conduct as alleged.

## THIRD CAUSE OF ACTION [SIC]
### Cal. Civil Code sections 1750 *et seq.*
### (Injunctive relief only)

105.    With respect to Paragraph 105, Defendants repeat and reallege their responses to all preceding Paragraphs 1 through 104 as if fully set forth herein.

106.    The allegations in Paragraph 106 contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 106.

107.    The allegations in Paragraph 107 contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 104, except state that to the extent that the allegations contained in Paragraph 107 purport to describe and/or quote a California statute, Defendants refer to such statute for a complete and accurate statement of its contents.

108. The allegations in Paragraph 108 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 108.

109. The allegations in Paragraph 109 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 109.

110. The allegations in Paragraph 110 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 110, except admit that Plaintiffs purport to seek injunctive and equitable relief against Defendants and that Plaintiffs mailed a demand letter and that Vivint Solar failed to take action in response to that demand letter.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state any claim upon which relief against Defendants can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Court lacks subject matter jurisdiction over this matter.

### THIRD AFFIRMATIVE DEFENSE

3. The claims of Plaintiffs Bautista and Dekker are barred by the contractual limitation period in their consumer contracts and the statute of limitations generally.

### FOURTH AFFIRMATIVE DEFENSE

4. The alleged termination fees that are the subject of the Complaint: (a) do not constitute unlawful liquidated damages under Cal. Civ. Code § 1671; (b) are not unconscionable; (d) are not unfair; and (d) do not violate Cal. Civ. Code §§ 1770(a)(19) and 1770(a)(14).

### FIFTH AFFIRMATIVE DEFENSE

5. The claims of Plaintiffs Bautista and Dekker are barred, in whole or in part, because Plaintiffs Bautista and Dekker lack standing to assert any and all of the causes of action alleged in the Complaint and lack standing to recover on behalf of the general public or a class.

### SIXTH AFFIRMATIVE DEFENSE

6. Any statements made or actions taken by Defendants were truthful and accurate and were not likely to mislead or deceive Plaintiffs Bautista or Dekker or the general public.

### SEVENTH AFFIRMATIVE DEFENSE

7. To the extent Plaintiffs prove that Defendants conducted any of the activities or engaged in any of the practices alleged in the Complaint, those activities and practices conformed with and were pursuant to applicable statutes and regulations and were not unlawful.

### EIGHTH AFFIRMATIVE DEFENSE

8. The claims of Plaintiffs Bautista and Dekker are barred by the doctrines of acquiescence, laches, unclean hands, waiver and/or estoppel.

### NINTH AFFIRMATIVE DEFENSE

9. The claims of Plaintiffs Bautista and Dekker are barred by the doctrine of unjust enrichment.

### TENTH AFFIRMATIVE DEFENSE

10. The claims of Plaintiffs Bautista and Dekker are barred by the voluntary payment doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff Bautista's claims for relief are barred because they are subject to arbitration pursuant to an arbitration agreement.

### TWELFTH AFFIRMATIVE DEFENSE

12. The claims of Plaintiffs Bautista and Dekker are barred because they consented to the conduct about which they now complain.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. To the extent the claims of Plaintiffs Bautista and Dekker are based upon oral agreements or representations, those claims are barred by operation of the parol evidence rule and/or the statute of frauds.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants have incurred costs and damages with respect to Plaintiffs Bautista and Dekker which should be offset against any amounts found due and owing Plaintiffs on their Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. The claims of Plaintiffs Bautista and Dekker are barred, in whole or in part, because Plaintiffs Bautista and Dekker did not rely on the statements or omissions on which they now claim.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. The claims of Plaintiff Bautista and Dekker for equitable relief, including injunctive relief, are barred because they have an adequate remedy at law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Neither Plaintiff Bautista nor Plaintiff Dekker suffered any injury or damage, and Defendants deny that they are liable to Plaintiffs Bautista or Dekker or to any member of the general public for any injury or damage claimed or for any injury or damage whatsoever.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiffs Bautista and Dekker failed to exercise reasonable diligence in mitigating the damages alleged in the Complaint, thereby barring, in either whole or in part, recovery thereon.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. To the extent Plaintiff Bautista and Dekker claim they suffered injury or damage, which injury or damage Defendants deny, Plaintiffs' claims are barred because they voluntarily assumed the risk of the conduct, events, and matters alleged in the Complaint, and any injury or damage sustained by Plaintiffs Bautista and Dekker was the proximate result of the risks so assumed.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Defendants deny that they proximately caused any of Plaintiffs' alleged damages or harm to any customer of Defendants with respect to their claims.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. The Consumer Legal Remedies Act ("CLRA") claim of Plaintiffs Bautista and Dekker is barred to the extent that Plaintiffs Bautista and Dekker failed to satisfy the procedural prerequisites to bringing a claim under the CLRA by, among other things, failing to file the affidavit required under Civil Code Section 1780(d).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. The claims of Plaintiffs Bautista and Dekker are barred, in whole or in part, to the extent they contravene Defendants' rights under the Constitutions of the United States and/or California.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. The claims of Plaintiffs Bautista and Dekker are barred, in whole or in part, because Defendants' conduct has at all times been undertaken consistent with prevailing business practices and standards of the industry.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Defendants reserve the right to assert additional defenses in the event they become available or apparent during discovery.

| | |
|---|---|
| Dated: June 12, 2020 | SIMPSON THACHER & BARTLETT LLP |
| | By  /s/ Chet A. Kronenberg |
| | CHET A. KRONENBERG (SBN: 222335) |
| | ckronenberg@stblaw.com |
| | 1999 Avenue of the Stars, 29th Floor |
| | Los Angeles, California 90067 |
| | Telephone:  (310) 407-7500 |
| | Facsimile:   (310) 407-7502 |
| | |
| | WYATT A. HONSE (SBN: 316802) |
| | wyatt.honse@stblaw.com |
| | 2475 Hanover Street |
| | Palo Alto, California 94304 |
| | Telephone:  (650) 251-5000 |
| | Facsimile:   (650) 251-5002 |
| | |
| | *Attorneys for Defendants Vivint Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer, LLC, and Vivint Solar Provider, LLC* |