Matthew J. Matern (SBN 159798)
Joshua D. Boxer (SBN 226712)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
mmatern@maternlawgroup.com
jboxer@maternlawgroup.com

Corey B. Bennett (SBN 267816)
**MATERN LAW GROUP, PC**
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901
cbennett@maternlawgroup.com

*Attorneys for Plaintiffs, individually, and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRIE DEKKER, KAREN BARAJAS as executor of the Estate of Thompson Bryson, MARLENE ROGERS, DANIEL THOMPSON, JAE CHONG, MARCI HULSEY, CINDY PIINI, PHYLLIS RUNYON, GENNIE HILLIARD, and JUAN BAUTISTA, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 4:19-cv-07918-WHA<br><br>**NOTICE OF MOTION AND PLAINTIFFS' MOTION TO VACATE ORDER COMPELLING ARBITRATION (DKT. 47) UNDER CAL. CIV. PROC. CODE § 1281.97; REQUEST FOR SANCTIONS UNDER CAL. CIV. PROC. CODE § 1281.99**<br><br>[Filed Concurrently with Declaration of Corey B. Bennett In Support Thereof; [Proposed] Order]<br><br>Date:         July 30, 2020<br>Time:         8:00 a.m.<br>Courtroom:   12 |

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

# NOTICE OF MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 30, 2020, or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable William H. Alsup at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Karen Barajas as Executor of The Estate of Thompson Bryson, Marlene Rogers, Marci Hulsey, Cindy Piini, and Gennie Hilliard ("Plaintiffs") hereby move the Court for an Order Vacating the Order Compelling Arbitration (Dkt. 47) ("Motion").

This Motion is made on the grounds that Defendants' failure to pay arbitration fees or costs within 30 days of the due date violates California Code of Civil Procedure section 1281.97—a material breach of each arbitration agreement. Pursuant to this statute, Defendants have now waived their right to compel arbitration under California Code of Civil Procedure section 1281.2. Further, Plaintiffs are entitled to sanctions under California Code of Civil Procedure section 1281.99.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

This Motion is based on this notice of motion and supporting memorandum of points and authorities, the Declaration of Corey B. Bennett and exhibits attached thereto, and any additional evidence and argument as may be presented at or before any hearing on this matter.

DATED: June 24, 2020                     Respectfully submitted,

By: */s/ Corey B. Bennett*
Matthew J. Matern (SBN 159798)
Joshua D. Boxer (SBN 226712)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
mmatern@maternlawgroup.com
jboxer@maternlawgroup.com

Corey B. Bennett (SBN 267816)
**MATERN LAW GROUP, PC**
1330 Broadway, Suite 428
Oakland, California 9461
Telephone: (510) 227-3998
Facsimile: (310) 531-1901
cbennett@maternlawgroup.com

*Attorneys for Plaintiffs, individually, and all others similarly situated*

Plaintiffs Karen Barajas as Executor of The Estate of Thompson Bryson, Marlene Rogers, Marci Hulsey, Cindy Piini, and Gennie Hilliard ("Plaintiffs") hereby move the Court for an Order Vacating the Order Compelling Arbitration (Dkt. 47) ("Motion") based on the failure of Defendants Vivint Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer, LLC, and Vivint Solar Provider, LLC ("Defendants" or "Vivint Solar") to pay arbitration fees or costs within 30 days of the due date as required by California Code of Civil Procedure section 1281.97.

## I.   INTRODUCTION AND FACTUAL BACKGROUND

Defendants have materially breached Plaintiffs' arbitration agreements—the very agreements they demanded that this Court enforce—and have thus waived their right to compel arbitration.

When the California Legislature passed SB 707, it specifically noted that

> (c) A company's failure to pay the fees of an arbitration service provider in accordance with its obligations contained within an arbitration agreement or through application of state or federal law or the rules of the arbitration provider hinders the efficient resolution of disputes and contravenes public policy.
>
> (d) A company's strategic non-payment of fees and costs severely prejudices the ability of employees or consumers to vindicate their rights. This practice is particularly problematic and unfair when the party failing or refusing to pay those fees and costs is the party that imposed the obligation to arbitrate disputes.

Legislative Counsel's Digest, Senate Bill No. 707, Ch. 870 (2019).

Accordingly, it added sections 1281.97-99 to the California Code of Civil Procedure, which requires, *inter alia*, the drafting party to pay initiating costs and fees within 30 days of the due date. Failure to do so is a material breach of the arbitration agreements and waives the right to compel arbitration under California Code of Civil Procedure section 1281.

On January 17, 2020, Vivint Solar filed a motion to compel arbitration or dismiss as to nine of the ten Plaintiffs in this action. (Dkt. 21) It argued that, "[a]s a preliminary matter, Plaintiffs ignore the fact that the parties agreed to delegate to the arbitrator all

questions regarding 'the interpretation, validity, or enforceability' of the arbitration provisions, 'including the determination of the scope or applicability' of the arbitration provisions." (*Id.* at 1) In its March 24 Order, the Court agreed, holding, "Plaintiffs' argument that the arbitration agreements are invalid under *McGill* — however meritorious — is for the arbitrator." (Dkt. 47) Thus, eight Plaintiffs were compelled to arbitration, even if only to seek a determination as to the arbitrability of their claims.

On April 23, 2020, Plaintiffs filed arbitration demands with JAMS and each Plaintiff submitted a $250 check for their portion of the initiating fees. (Declaration of Corey B. Bennett (Bennett Decl. ¶ 3)

On May 13, 2020, Vivint Solar filed answers to the arbitration demands, including a counterclaim against Plaintiff Piini. (*Id.* ¶4)

On May 14, 2020, JAMS issued an invoice to Defendants for initiating fees in the Barajas matter. (*Id.* ¶ 5) On May 20, 2020, JAMS issued an invoice to Defendants in the Hilliard matter. On May 21, JAMS issued invoices to Defendants for the Rogers, Piini, and Hulsey matters. (*Id.* ¶¶ 6-7)

According to JAMS, payment is due upon receipt of the invoice. (*Id.,* Exs. C, E)

By June 24, 2020, Vivint Solar had failed to pay its initiating fees.[1]

On June 24, 2020, Plaintiffs confirmed with JAMS that the fees had yet to be received and notified each case manager that Plaintiffs would withdraw their claims the reasons underlying this Motion. (*Id.* ¶ 16, Exs. S - W)

Therefore, Plaintiffs respectfully request that the Court vacate its March 24 Order, permitting these five Plaintiffs to rejoin the action, and sanctioning Vivint Solar for the costs and fees incurred in opposing its initial motion to compel arbitration, in initiating arbitration, and in filing this Motion.

\\

---

[1] The same is true for Plaintiffs Runyon, Thompson, and Chong. However, due to an unexplained delay on JAMS' part, Respondents' invoices as to Plaintiffs Chong (May 26), Thompson (May 27), and Runyon (June 19) are not yet more than 30 days past due, assuming the due date is determined from the date of invoice. Bennett Decl. ¶15

## II. ARGUMENT

### A. Defendants' Failure to Timely Pay Arbitration Fees Is A Material Breach of the Agreements.

On October 13, 2019, SB 707 was signed into law and became effective on January 1, 2020. It amended the California Code of Civil Procedure and added section 1281.97-99. Under section 1281.97(a),

> In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration administrator, the drafting party to pay certain fees and costs before the arbitration can proceed, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration under Section 1281.2.

When, as here, there is a material breach of the arbitration agreement, the consumer may either "(1) [w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction" or "(2) [c]ompel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration." Cal. Civ. Proc. Code §1281.97(b).

Here, after Plaintiffs filed this lawsuit, Defendants moved to compel arbitration. On March 24, 2020, the Court partially granted the motion—compelling eight of the ten Plaintiffs to arbitration. Plaintiffs subsequently initiated arbitration and paid fees along with their arbitration demands which were submitted on April 23, 2020. Defendants received invoices for the relevant Plaintiffs' initiating fees on May 14, 20, and 21. According to JAMS, payment is due upon receipt of an invoice. More than 30 days transpired without payment by Defendants. Thus, Defendants breached the agreements and waived their right to compel arbitration.

On June 24, 2020, Plaintiffs notified JAMS of their election to withdraw claims from arbitration and rejoin this action in Court.[2]

---

[2] Under section 1281.97(c), "[i]f the employee or consumer withdraws the claim from arbitration and proceeds with an action in a court of appropriate jurisdiction … the statute of limitations with regard to all claims brought or that relate back to any claim

### B. Plaintiffs Are Entitled to Sanctions

Under section 1281.97(d), following material breach of the arbitration agreement for failure to timely pay initiating fees, "[i]f the employee or consumer proceeds with an action in a court of appropriate jurisdiction, *the court shall impose sanctions* on the drafting party in accordance with Section 1281.99." (emphasis added). Section 1281.99 provides,

> (a) The court shall impose a monetary sanction against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section 1281.98, by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach.

It further provides for evidentiary, terminating, and contempt sanctions, "unless the court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." Cal. Civ. Proc. Code § 1281.99(b).

Plaintiffs' fees and costs associated with opposing Defendants' motion to compel arbitration, initiating arbitration, and in filing this Motion are $52,870.00. Bennett Decl. ¶ 17. Plaintiffs request monetary sanctions in that amount.

Additionally, Plaintiffs request all other available sanctions under section 1281.99(b), including, but not limited to, evidentiary sanctions prohibiting Defendants from conducting discovery, an order striking Defendants' answer or parts thereof, an order of default judgment against Defendants, or a contempt sanction.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request the Court grant this Motion and vacate in part the March 24 Order with regard to the five Plaintiffs compelled to arbitration for whom Defendants have failed to timely pay initiating fees.

---

brought in arbitration shall be tolled as of the date of the first filing of a claim in any court, arbitration forum, or other dispute resolution forum."

DATED: June 24, 2020

Respectfully submitted,

By: */s/ Corey B. Bennett*
Matthew J. Matern (SBN 159798)
Joshua D. Boxer (SBN 226712)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
mmatern@maternlawgroup.com
jboxer@maternlawgroup.com

Corey B. Bennett (SBN 267816)
**MATERN LAW GROUP, PC**
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901
cbennett@maternlawgroup.com

*Attorneys for Plaintiffs, individually, and all others similarly situated*