Matthew J. Matern (SBN 159798)
Joshua D. Boxer (SBN 226712)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
mmatern@maternlawgroup.com
jboxer@maternlawgroup.com

Corey B. Bennett (SBN 267816)
**MATERN LAW GROUP, PC**
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901
cbennett@maternlawgroup.com

*Attorneys for Plaintiffs, individually, and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRIE DEKKER, KAREN BARAJAS as executor of the Estate of Thompson Bryson, MARLENE ROGERS, DANIEL THOMPSON, JAE CHONG, MARCI HULSEY, CINDY PIINI, PHYLLIS RUNYON, GENNIE HILLIARD, and JUAN BAUTISTA, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 4:19-cv-07918-WHA<br><br>**DECLARATION OF COREY B. BENNETT IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE ORDER COMPELLING ARBITRATION (DKT. 47) UNDER CAL. CIV. PROC. CODE § 1281.97; REQUEST FOR SANCTIONS UNDER CAL. CIV. PROC. CODE § 1281.99**<br><br>[Filed Concurrently with Plaintiffs' Notice of Motion and Motion to Vacate Order Compelling Arbitration; [Proposed] Order]<br><br>Date:      July 30, 2020<br>Time:      8:00 a.m.<br>Courtroom: 12 |

# DECLARATION OF COREY B. BENNETT

I, COREY B. BENNETT, declare as follows:

1. I am an attorney duly licensed to practice law before the courts in the State of California. I am an associate at Matern Law Group, PC, and I am counsel for Plaintiffs and the Class Members in the above-entitled action. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would testify competently thereto.

2. I submit this declaration in support of Plaintiffs' Motion to Vacate ("Motion").

3. On April 29, 2020, my office filed arbitration demands with JAMS for each Plaintiff and submitted a $250 check for their portion of the initiating fees. A true and correct copy of the email correspondence is attached hereto as **Exhibit A**.

4. On May 13, 2020, Defendant Vivint Solar filed an answer to the arbitration demands, including a counterclaim against Plaintiff Piini. A true and correct copy of the email correspondence is attached hereto as **Exhibit B**.

5. On May 14, 2020, JAMS issued an invoice to Defendants for initiating fees in the Barajas matter. A true and correct copy of the email correspondence is attached hereto as **Exhibit C**.

6. On May 20, 2020, JAMS issued an invoice to Defendants in the Hilliard matter. A true and correct copy of the email correspondence is attached hereto as **Exhibit D**.

7. On May 21, 2020, JAMS issued invoices to Defendants for the Rogers, Piini, and Hulsey matters. A true and correct copy of the email correspondence is attached hereto as **Exhibit E**.

8. On May 26, 2020, JAMS issued an invoice to Defendants in the Chong matter. A true and correct copy of the email correspondence is attached hereto as **Exhibit F**.

9. On May 27, 2020, JAMS issued an invoice to Defendants in the Thompson matter. A true and correct copy of the email correspondence is attached hereto as **Exhibit G**.

10. On June 15 and 16, 2020, I emailed various JAMS case managers, including, Jason Gilhuys, Client Account Specialist, in attempt to confirm payment and due dates of the parties' initiation fees and received a mixed response, including no response from a few.

11. On June 17, 2020, my paralegal Lupe Olarra emailed Jason Gilhuys, Client Account Specialist at JAMS in an attempt to confirm payment and due dates of the parties' initiation fees. Again on June 22, 2020, Ms. Olarra sent Mr. Gilhuys a follow-up email. True and correct copies of the email correspondence are attached hereto as **Exhibits H and I**.

12. On June 19, 2020, JAMS issued an invoice to Defendants in the Runyon matter. A true and correct copy of the email correspondence is attached hereto as **Exhibit J**.

13. On June 22, 2020, Mr. Gilhuys emailed Ms. Olarra suggesting she contact the case manager for each of the Plaintiffs. A true and correct copy of the email correspondence are attached as **Exhibit K**.

14. On June 22, 2002, Ms. Olarra emailed the JAMS case managers in the Barajas, Chong, Hulsey, Hilliard, Piini, Runyon and Thompson matters to confirm payment and due dates of the parties' initiation fees. True and correct copies of the email correspondence are attached hereto as **Exhibits L – R**.

15. That same day, JAMS case managers in the Hulsey, Hilliard, Piini, Runyon and Thompson matters provided confirmation of initiation fees.

16. On June 24, 2020, I emailed each JAMS case manager to notify each case manager that, in light of Defendants' failure to timely pay fees, Plaintiffs would withdraw their claims the reasons underlying this Motion. True and correct copies of the email correspondence are attached hereto as **Exhibits S – W**.

17. Plaintiffs' fees and costs associated with opposing Defendants' motion to compel arbitration, initiating arbitration, and in filing this Motion are $52,870.00.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 24, 2020, at Oakland, California.

*/s/ Corey B. Bennett*
Corey B. Bennett