1   CHET A. KRONENBERG (SBN: 222335)
    ckronenberg@stblaw.com
2   SIMPSON THACHER & BARTLETT LLP
    1999 Avenue of the Stars, 29th Floor
3   Los Angeles, California  90067
    Telephone:     (310) 407-7500
4   Facsimile:     (310) 407-7502

5   WYATT A. HONSE (SBN: 316802)
    wyatt.honse@stblaw.com
6   SIMPSON THACHER & BARTLETT LLP
    2475 Hanover Street
7   Palo Alto, California 94304
    Telephone:     (650) 251-5000
8   Facsimile:     (650) 251-5002

9   *Attorneys for Vivint Solar, Inc., Vivint Solar*
    *Holdings, Inc., Vivint Solar Developer, LLC,*
10  *and Vivint Solar Provider, LLC*

11

12                    UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15

16  GERRIE DEKKER, KAREN BARAJAS as executor       Case No. 3:19-cv-07918-WHA
    of the Estate of Thompson Bryson, MARLENE
17  ROGERS, DANIEL THOMPSON, JAE CHONG,            **DEFENDANTS' OPPOSITION TO**
    MARCI HULSEY, CINDY PIINI, PHYLLIS             **PLAINTIFFS' MOTION TO VACATE**
18  RUNYON, GENNIE HILLIARD, and JUAN              **ORDER COMPELLING**
    BAUTISTA, individually and on behalf of all others  **ARBITRATION; MEMORANDUM**
19  similarly-situated,                            **OF POINTS AND AUTHORITIES**

20                     Plaintiffs,                 Date:  July 30, 2020
                                                   Time:  8:00 a.m.
21                        v.                        Courtroom:  12
                                                   Judge:  William Alsup
22  VIVINT SOLAR, INC., VIVINT SOLAR
    HOLDINGS, INC., VIVINT SOLAR                   [Filed concurrently herewith:  Declaration
23  DEVELOPER, LLC, and VIVINT SOLAR               of Jeffrey R. Makin; Declaration of Chet A.
    PROVIDER, LLC, DOES 1 through 50, inclusive,   Kronenberg]
24
                       Defendants.
25

26

27

28

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

INTRODUCTION ................................................................................................................... 1

FACTS ................................................................................................................................... 2

ARGUMENT .......................................................................................................................... 4

      I.      Plaintiffs' Reliance Upon Cal. Civ. Proc. Code § 1281.97 Is Misplaced
             Because That Statute Has No Applicability In This Federal Court Action ............ 4

      II.     Even If Cal. Civ. Proc. Code § 1281.97 Were Applicable, Defendants Paid
             Their Arbitration Initiation Fees Within 30 days Of The Due Dates ..................... 4

      III.    Defendants Did Not Materially Breach The Arbitration Agreements
             Because They At All Times Stated That They Would Pay The Initiation
             Fees And Then Did So In A Timely Fashion In The Midst Of A Global
             Pandemic ................................................................................................................ 5

      IV.    Plaintiffs' Request For Sanctions Is Baseless ....................................................... 6

CONCLUSION ...................................................................................................................... 7

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

### **CASES**

4

*Allemeier v. Zyppah, Inc.*,
No. CV 18-7437 PA (AGRX), 2018 WL 6038340 (C.D. Cal. Sept. 21, 2018) ........................ 5

5

*Estate of Lopez v. City of San Diego*,
6   Civ. No. 13-cv-2240-GPC (MDD), 2014 WL 12675268 (S.D. Cal. Aug. 25,
2014) ................................................................................................................................. 4

7

*McLellan v. Fitbit, Inc.*,
8   Case No. 3:16-cv-000036-JD, 2018 WL 3549042 (N.D. Cal. July 24, 2018) ......................... 6

9

*Rapaport v. Soffer*,
No. 2:10-cv-00935-KJD-RJJ, 2011 WL 1827147 (D. Nev. May 12, 2011) ............................ 5

10

*Riese v. County of Del Norte*,
11   Case No. 12-cv-03723-WHO, 2014 WL 984993 (N.D. Cal. Mar. 7, 2014) ............................ 4

12

*Sink v. Aden Enters., Inc.*,
352 F.3d 1197 (9th Cir. 2003) ............................................................................................ 5

13

### **STATUTES**

14

Cal. Civ. Proc. Code § 1281.2 .............................................................................................. 4

15

Cal. Civ. Proc. Code § 1281.97 ............................................................................................ 4

16

Cal. Civ. Proc. Code § 1281.97(a) ....................................................................................... 4

17

18

19

20

21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2          Defendants Vivint Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer,

3   LLC, and Vivint Solar Provider, LLC (collectively, "Defendants") oppose the motion filed by

4   Plaintiffs Karen Barajas as Executor of Thompson Bryson, Marlene Rogers, Marci Hulsey, Cindy

5   Piini and Gennie Hilliard ("Plaintiffs") to vacate this Court's March 24, 2020 order compelling

6   them to arbitrate their claims.

7

**INTRODUCTION**

8          On March 24, 2020, the Court granted Defendants' motion to compel Plaintiffs to

9   arbitrate their claims.  On April 23, 2020, Plaintiffs filed arbitration demands with JAMS.  On

10  May 13, 2020, Defendants filed answers to the arbitration demands.  Commencing on May 14,

11  2020, JAMS first began issuing invoices to the parties.  In light of Defendants' staff working from

12  home stemming from the COVID-19 pandemic, Defendants provided regular updates to JAMS

13  and Plaintiffs' counsel as to when they would pay their filing fees and neither JAMS nor

14  Plaintiffs' counsel raised any objections.  Moreover, on the morning of June 24, 2020, Defendants

15  advised JAMS and Plaintiffs' counsel by email that payment would be made the next day on June

16  25, 2020.  Nevertheless, Plaintiffs filed the instant motion on June 24, 2020 at 11:54 p.m. stating

17  that to date Defendants had not paid their filing fees to JAMS.

18          Plaintiffs' argument that the Court's March 24, 2020 order vis-à-vis Plaintiffs

19  should be vacated based on California Code of Civil Procedure § 1281.97, which states that if

20  payment of arbitration fees is not made within 30 days of the due date a drafting party waives its

21  right to compel arbitration under § 1281.2, is without merit for three reasons:

22          *First*, § 1281.97 has no applicability here.  The California Code of Civil Procedure

23  governs procedure in state court and is not applicable in this action in federal court.  In addition,

24  Defendants did not move to compel arbitration under California Civ. Proc. Code § 1281.2.

25  Rather, Defendants moved to compel arbitration and the Court granted Defendants' motion to

26  compel arbitration under the Federal Arbitration Act (the "FAA").

27

28

1

1    ***Second***, even if § 1281.97 were applicable, Defendants paid their portions of the

2    arbitration fees within 30 days of the due dates.  In calculating the 30-day time period, Plaintiffs

3    misleadingly rely upon the invoice dates rather than when JAMS stated in writing payments were

4    due.

5    ***Finally***, any slight delay in paying arbitration fees in the midst of a global

6    pandemic does not come close to fact patterns where courts within the Ninth Circuit have vacated

7    arbitration orders under the FAA.

8    **FACTS**

9    On April 23, 2020, Plaintiffs filed demands for arbitration with JAMS.  Bennett

10    Decl. ¶ 3.  On May 13, 2020, consistent with their intent to arbitrate Plaintiffs' claims, Defendants

11    filed answers to Plaintiffs' arbitration demands.  *Id.* ¶ 4.

12    In terms of when JAMS requested payment from Defendants, Plaintiffs are

13    mistaken on the facts.  Specifically, Plaintiffs erroneously rely on the invoice dates rather than

14    when JAMS stated in writing payments were due:

15    - Plaintiff Barajas:  JAMS issued an invoice to Defendants for initiation fees on May

16      14, 2020.  But in its "Notice Of Intent To Initiate Arbitration" letter dated May 14,

17      2020, which was sent to all counsel, JAMS stated that the filing fee was not due

18      until May 28, 2020.  Declaration of Chet A. Kronenberg ("Kronenberg Decl.") ¶ 2,

19      Ex. A.

20    - Plaintiff Hulsey:  JAMS issued an invoice to Defendants for initiation fees on May

21      21, 2020.  But in its "Notice Of Intent To Initiate Arbitration" letter dated May 20,

22      2020, which was sent to all counsel, JAMS stated that the filing fee was not due

23      until June 3, 2020.  Kronenberg Decl. ¶ 3, Ex. B.

24    - Plaintiff Hilliard:  JAMS issued an invoice to Defendants for initiation fees on May

25      20, 2020.  But in its "Notice Of Intent To Initiate Arbitration" letter dated May 20,

26      2020, which was sent to all counsel, JAMS stated that the filing fee was not due

27      until June 5, 2020.  Kronenberg Decl. ¶ 4, Ex. C.

28

2

DEFS' OPPOSITION TO MOTION TO VACATE                    CASE NO. 3:19-CV-07918-WHA
ORDER COMPELLING ARBITRATION

1      •    <u>Plaintiff Piini</u>:  JAMS issued an invoice to Defendants for initiation fees on May

2                15, 2020.  But in its "Notice Of Intent To Initiate Arbitration" letter dated June 11,

3                2020, which was sent to all counsel, JAMS stated that the filing fee was not due

4                until June 17, 2020.  Kronenberg Decl. ¶ 5, Ex. D.

5      •    <u>Plaintiff Rogers</u>:  JAMS issued an invoice to Defendants for initiation fees on May

6                21, 2020.  But it is unclear when payment is due because JAMS never sent

7                Defendants a "Notice of Intent to Initiate Arbitration" letter like JAMS did in the

8                other cases.  Kronenberg Decl. ¶ 6.

9            Because of the global pandemic, Defendants' corporate employees have been

10    working from home, which (together with layoffs and furloughs) slightly delayed Defendants'

11    ability to pay not just JAMS' invoices but invoices generally.  Declaration of Jeffrey R. Makin ¶ 2.

12    On June 4, 2020, Defendants advised JAMS and Plaintiffs that the payment of the initial filing

13    fees was "currently being processed by Vivint Solar."  Kronenberg Decl. ¶ 7, Ex. E.  Then, on

14    June 10, 2020, Defendants advised JAMS and Plaintiffs that payment was "taking a little longer

15    than usual with nobody in the office," but that JAMS would receive payment "in a week or two."

16    Kronenberg Decl. ¶ 8, Ex. F.  Neither JAMS nor Plaintiffs raised any objection to the timing of

17    such payments.  *Id.*

18          On June 24, 2020 at 11:54 a.m., Defendants advised JAMS and Plaintiffs that their

19    checks would be mailed on Thursday, June 25, 2020.  Kronenberg Decl. ¶ 9, Ex. G.  However,

20    without any notice, (i) on June 24, 2020 at 10:52 p.m., Plaintiffs wrote to JAMS in each of

21    Plaintiffs' arbitrations purporting to withdraw their claims from arbitration pursuant to California

22    Code of Civil Procedure § 1281.97; and (ii) on June 24, 2020 at 11:54 p.m., Plaintiffs filed the

23    instant motion.

24          As promised before Plaintiffs filed their motion, Defendants made their payment of

25    the initiation fees on June 25, 2020, which JAMS received on June 26, 2020.  Kronenberg Decl.

26    ¶ 10, Ex. H.

27

28

3

DEFS' OPPOSITION TO MOTION TO VACATE                                    CASE NO. 3:19-CV-07918-WHA
ORDER COMPELLING ARBITRATION

1

## **ARGUMENT**

2

**I.     Plaintiffs' Reliance Upon Cal. Civ. Proc. Code § 1281.97 Is Misplaced Because That Statute Has No Applicability In This Federal Court Action**

3

4

Plaintiffs do not cite a single case in support of their motion and rely only on the

5

California Arbitration Act.  Specifically, Plaintiffs rely exclusively upon Cal. Civ. Proc. Code

6

§ 1281.97, which states that "if the fees or costs to initiate an arbitration proceeding are not paid

7

within 30 days after the due date, the drafting party is in material breach of the arbitration

8

agreement, is in default of the arbitration, and ***waives its right to compel arbitration under***

9

***Section 1281.2***."  Cal. Civ. Proc. Code § 1281.97(a) (emphasis added).  But Cal. Civ. Proc. Code

10

§ 1281.97 has no applicability in this case for two reasons.  ***First***, "[t]he California Code of Civil

11

Procedure governs procedure in state court and is not applicable to this action in federal court."

12

*Riese v. County of Del Norte*, Case No. 12-cv-03723-WHO, 2014 WL 984993, at \*2 (N.D. Cal.

13

Mar. 7, 2014); *see also Estate of Lopez v. City of San Diego*, Civ. No. 13-cv-2240-GPC (MDD),

14

2014 WL 12675268, at \*2 (S.D. Cal. Aug. 25, 2014) (same).  ***Second***, Defendants did not move to

15

compel arbitration under Cal. Civ. Proc. Code § 1281.2, so they cannot now waive anything under

16

that section.  Rather, Defendants moved to compel arbitration and the Court granted Defendants'

17

motion to compel arbitration ***under the FAA***.  Dkt. 21 & 47.  For these reasons, § 1281.97 has no

18

applicability in this case whatsoever.

**II.    Even If Cal. Civ. Proc. Code § 1281.97 Were Applicable, Defendants Paid Their Arbitration Initiation Fees Within 30 days Of The Due Dates**

19

20

Assuming *arguendo* that Civil Code § 1281.97 were applicable (it is not),

21

Defendants paid their portion of the arbitration fees within 30 days of the due dates.  *See supra* at

22

2-3.  In their motion, Plaintiffs misleading rely on the dates of the invoices rather than when

23

JAMS stated in writing payments were due.

24

For example, with respect to Plaintiff Barajas, the invoice is dated May 14, 2020,

25

but JAMS stated in its Notice Of Intent To Initiate Arbitration letter that the filing fee was not due

26

until May 28, 2020.  Kronenberg Decl. ¶ 2, Ex. A.  Because JAMS received payment on June 26,

27

2020, Defendants paid within 30 days of the due date.  In fact, in a June 29, 2020 letter from

28

4

1   JAMS to all counsel in the *Barajas* arbitration, JAMS stated, among other things, that "[f]ees were

2   originally due on May 28, 2020" and that "JAMS received Respondent's payment on June 26,

3   2020."  Kronenberg Decl. ¶ 11, Ex. I.

4              Similarly, with respect to Plaintiff Hulsey, the invoice is dated May 21, 2020, but

5   JAMS stated in its Notice of Intent to Initiate Arbitration letter that the filing fee was not due until

6   June 3, 2020.  Kronenberg Decl. ¶ 3, Ex. B.  Again, because JAMS received payment on June 26,

7   2020, Defendants paid within 30 days of the due date.  Indeed, in a June 29, 2020 letter from

8   JAMS to all counsel in the *Hulsey* arbitration, JAMS stated, among other things, that "[f]ees were

9   originally due on June 3, 2020" and that "JAMS received Respondent's payment on June 26,

10  2020."  Kronenberg Decl. ¶ 12, Ex. J.

11  **III.   Defendants Did Not Materially Breach The Arbitration Agreements Because They At
    All Times Stated That They Would Pay The Initiation Fees And Then Did So In A**

12  **Timely Fashion In The Midst Of A Global Pandemic**

13             The fact pattern here does not come close to those where courts have found that a

14  defendant breached an arbitration agreement under the FAA by failing to pay initiation fees.  *See*

15  *Sink v. Aden Enters., Inc.*, 352 F.3d 1197 (9th Cir. 2003) (defendant failed to pay fees after

16  multiple notices and the arbitrator entered a default); *Rapaport v. Soffer*, No. 2:10-cv-00935-KJD-

17  RJJ, 2011 WL 1827147, at *1-2 (D. Nev. May 12, 2011) (finding the defendant was in default

18  under 9 U.S.C. § 3 because the AAA "closed" or "terminated" the case because of his failure to

19  pay fees); *Allemeier v. Zyppah, Inc.*, No. CV 18-7437 PA (AGRx), 2018 WL 6038340, at *4 (C.D.

20  Cal. Sept. 21, 2018) ("[B]y repeatedly refusing to pay its portion of the filing fee [for eight

21  months] as determined by the AAA, attempting to compel Petitioner to arbitrate in Nevada, and

22  continuing to oppose arbitration here, Zyppah has failed or refused to arbitrate.").

23             Here, there was no default or termination of the arbitration proceedings by JAMS

24  and, consistent with their motion to compel arbitration, Defendants at all times indicated they

25  intended to arbitrate.  Indeed, *before* Plaintiffs filed their instant motion on June 24, 2020 at 11:54

26  p.m., Defendants did the following:

27

28

5

DEFS' OPPOSITION TO MOTION TO VACATE          CASE NO. 3:19-CV-07918-WHA
ORDER COMPELLING ARBITRATION

1

- On May 13, 2020, Defendants filed answers to Plaintiffs' demands for arbitration,

2

thereby showing that they intended to arbitrate;

3

- On June 4, 2020, Defendants advised JAMS and Plaintiffs that the payment of the

4

initial filing fees was "currently being processed by Vivint Solar";

5

- On June 10, 2020,  Defendants advised JAMS and Plaintiffs that payment is

6

"taking a little longer than usual with nobody in the office," but that JAMS would

7

receive payment "in a week or two."  Neither JAMS nor Plaintiffs raised any

8

objection to the timing of such payments.

9

- In the morning of June 24, 2020, Defendants advised JAMS and Plaintiffs that their

10

checks would be mailed on Thursday, June 25, 2020—which Defendants followed

11

through on such that payment was received by JAMS on June 26, 2020.

12

Courts have rejected motions to vacate arbitration orders even when defendants

13

delayed paying the initiation fees for strategic reasons, unlike here.  For example, in *McLellan v.*

14

*Fitbit, Inc.*, Case No. 3:16-cv-00036-JD, 2018 WL 3549042 (N.D. Cal. July 24, 2018), the court

15

granted the defendant's motion to compel arbitration.  On April 3, 2018, the plaintiff filed a

16

demand for arbitration and paid her share of the fees.  However, the defendant failed to pay its

17

share of the fees by the May 9, 2018 due date and told the plaintiff that it had no intention of

18

arbitrating her claims or the arbitrability issues because it wished to pay what it believed the

19

plaintiff's claim was worth rather than arbitrate.  At a May 31, 2018 hearing on another issue in

20

the case, the plaintiff raised this matter with the court and the court expressed strong concern

21

about the defendant's conduct.  On June 1, 2018, the defendant paid the outstanding arbitration

22

fees in full.  *McLellan*, 2018 WL 3549042, at *1-4.  On these facts, the court did not vacate its

23

prior arbitration order, holding that the plaintiff "ha[d] not shown that a slow payment of filing

24

fees, as opposed to no payment all, is sufficient grounds to foreclose arbitration."  *Id.* at *5.

25

**IV.    Plaintiffs' Request For Sanctions Is Baseless**

26

Plaintiffs' demand for sanctions is outrageous considering that Plaintiffs: (i) did not

27

object when Defendants informed them of the timing of their payments in the midst of a global

28

6

1    pandemic; and (ii) filed their motion only after Defendants informed them earlier in the day that

2    they would be paying the initiation fees the next day (which Defendants did).  This motion is an

3    attempt at "gotcha" that should be summarily rejected.  Moreover, Plaintiffs improperly (i) rely on

4    a California Code of Civil Procedure provision that has no applicability in this federal court

5    action; and (ii) misrepresent when JAMS stated in writing payments were due.

6                                          **<u>CONCLUSION</u>**

7                For the foregoing reasons, Defendants oppose Plaintiffs' motion to vacate the

8    Court's order compelling them to arbitrate their claims.

9

10   Dated:  July 8, 2020

11                                                        SIMPSON THACHER & BARTLETT LLP

12

13                                                        By   /s/ *Chet A. Kronenberg*
                                                                 CHET A. KRONENBERG (SBN: 222335)
14                                                               ckronenberg@stblaw.com
                                                                 1999 Avenue of the Stars, 29th Floor
15                                                               Los Angeles, California  90067
                                                                 Telephone:  (310) 407-7500
16                                                               Facsimile:   (310) 407-7502

17                                                               WYATT A. HONSE (SBN: 316802)
                                                                 wyatt.honse@stblaw.com
18                                                               2475 Hanover Street
                                                                 Palo Alto, California 94304
19                                                               Telephone:  (650) 251-5000
                                                                 Facsimile:   (650) 251-5002
20
                                                               *Attorneys for Defendants Vivint Solar, Inc.,*
21                                                             *Vivint Solar Holdings, Inc., Vivint Solar*
                                                               *Developer, LLC, and Vivint Solar Provider, LLC*
22

23

24

25

26

27

28
                                                        7

DEFS' OPPOSITION TO MOTION TO VACATE                          CASE NO. 3:19-CV-07918-WHA
ORDER COMPELLING ARBITRATION