**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
JOSHUA D. BOXER (SBN 226712)
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile:  (310) 531-1901

**MATERN LAW GROUP, PC**
COREY B. BENNETT (SBN 267816)
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (310) 531-1900
Facsimile:  (310) 531-1901

*Attorneys for Plaintiffs, individually, and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRIE DEKKER, KAREN BARAJAS as executor of the Estate of Thompson Bryson, MARLENE ROGERS, DANIEL THOMPSON, JAE CHONG, MARCI HULSEY, CINDY PIINI, PHYLLIS RUNYON, GENNIE HILLIARD, and JUAN BAUTISTA, individually and on behalf of all others similarly-situated, <br><br> Plaintiffs, <br><br> v. <br><br> VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 4:19-cv-07918-WHA <br><br> [Assigned to Hon. William Alsup, Courtroom 12] <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO VACATE ORDER COMPELLING ARBITRATION** <br><br> Date: July 30, 2020 <br> Time: 8:00 a.m. <br> Courtroom: 12 <br><br> Action Filed: December 03, 2019 <br> Trial Date: February 16, 2021 |

**MEMORANDUM OF POINTS AND AUTORITIES**

I.   ARGUMENT

This case presents yet another example of a corporation forcing arbitration upon consumers when they perceive an advantage, while disregarding the rules when they prove inconvenient. This gamesmanship is precisely why the California legislature enacted SB 707, to prevent companies from delaying payment of initiating fees as a litigation strategy, one which not only "hinders the efficient resolution of disputes and contravenes public policy," but "severely prejudices the ability of employees or consumers to vindicate their rights." Senate Bill No. 707, Chapter 870, § 1(b-c) (2019).

Defendants advance two primary arguments in opposition, each of which falls short.

**A.   Section 1281.97 Applies in Federal Actions and Does Not Conflict with the Federal Arbitration Act**

First, Defendants contend that no provision of the California Code of Civil Procedure can have any effect in an action in federal court and, thus, Section 1281.97 is only applicable in state court. They also argue that Section 1281.97 is nonetheless irrelevant because they moved to compel arbitration under the Federal Arbitration Act, not Section 1281.2.

"The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt Info. Sciences v. Leland Stanford Jr. U.*, 489 U.S. 468, 477, 109 S.Ct. 1248. Additionally, "[t]here is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Id.* at p. 476, 109 S.Ct. 1248. "[I]f a contract involves interstate commerce, the FAA's substantive provision ... applies to the arbitration. But the FAA's procedural provisions ... do not apply unless the contract contains a choice-of-law clause expressly incorporating them." *Valencia v. Smyth* (2010) 185 Cal.App.4th 153, 173-174; *see Mave Enterprises, Inc. v. Travelers Indemnity Co.* (2013) 219 Cal.App.4th 1408, 1429 ("the procedural provisions of the CAA" apply in California courts "absent a choice-of-law provision expressly mandating the application of the procedural law of another jurisdiction.")

Here, there is no indication that the parties intended to exclusively apply the procedural provisions of the FAA to the exclusion of those of the CAA.  On the contrary, the agreements provide

that the consumer may be compelled to arbitration under the FAA ". . . AND OTHER APPLICABLE LAW." (See, e.g. Dkt. 22-7, p. 13). The agreement further notes that the arbitration will be decided by ". . . BINDING NEUTRAL ARBITRATION AS PROVIDED BY THE FAA AND OTHER APPLICABLE LAW." (*Id.*) And because this "other applicable law," Section 1281.97, does not conflict with the FAA, it is not preempted. *Preston v. Ferrer* (2008) 552 U.S. 346, 353.

Defendants' argument that Section 1281.97 can have no effect in federal court is undermined by the very cases they cite. For example, in *Riese v. Cty. of Del Norte*, No. 12-CV-03723-WHO, 2014 WL 984993, at *2 (N.D. Cal. Mar. 7, 2014), the Court noted the underlying motion for relief was governed by Federal Rule of Civil Procedure 60, not Cal. Code Civ. Pro. 473, but went on to find that "the award of attorneys' fees to the prevailing defendant who filed an anti-SLAPP motion is mandatory" under Cal. Code Civ. Pro. § 425.16." This is not unlike the instant motion, for which Rule 60 provides authority for relief from an order and Section 1281.97 supplies a remedy. Similarly, in *Estate of Lopez v. City of San Diego*, No. 13CV2240-GPC(MDD), 2014 WL 12675268, at *2 (S.D. Cal. Aug. 25, 2014), the Court found no authority to grant a motion for appointment of a successor-in-interest—noting Federal Rule of Civil Procedure 25 governs motions for substitution of parties—but applied the California Code of Civil Procedure to determine an individual's capacity to sue.

Defendants' suggestion that Section 1281.97 is inapplicable in California's federal courts ignores the Legislature's clear intent in enacting SB 707 "to affirm the decisions in *Armendariz v. Foundation Health Psychcare Services, Inc., Brown v. Dillard's, Inc.,* and *Sink v. Aden Enterprises, Inc*. that a company's failure to pay arbitration fees pursuant to a mandatory arbitration provision constitutes a breach of the arbitration agreement and allows the non-breaching party to bring a claim in court." Senate Bill No. 707, Chapter 870, § 1(f) (2019).

In *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal. 4th 83, the California Supreme Court held that "when an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court."

Even if Defendant was correct that this Court should evaluate its non-payment or delayed payment of arbitration fees under federal law, this Court should still grant the relief requested. In *Brown v. Dillard's, Inc*. (2005) 430 F.3d 1004, the Ninth Circuit held that, under federal law, an employer's refusal to participate in arbitration pursuant to a mandatory arbitration provision constituted a breach of the arbitration agreement. In *Sink v. Aden Enterprises, Inc.* (2003) 352 F.3d 1197, the Ninth Circuit held that, under federal law, an employer's failure to pay arbitration fees as required by an arbitration agreement constitutes a material breach of that agreement and results in a default in the arbitration.

While there is little case law on this new statute, the Legislature's nod to two Ninth Circuit decisions evidences its intended application in federal court. Moreover, of the two federal courts that have addressed Section 1281.97, neither even so much as hinted at its inapplicability. *See Abernathy v. DoorDash, Inc.,* 2020 WL 619785 (N.D. Cal. Feb. 10, 2010)(J. Alsup);  *Postmates Inc. v. 10,356 Individuals,* 2020 WL 1908302 (C.D. Cal. Apr. 15, 2020).

### B.  Defendants Failed to Timely Pay Fees

Next, Defendants maintain that they timely paid arbitration fees. This argument is wrong and disingenuous. It also illustrates the very gamesmanship that prompted the Legislature to enact Section 1281.97 in the first place. Here, Defendants urge the Court to consider only the "due date" JAMS specified in certain correspondence, while completely ignoring the fact that JAMS deems all payments <u>due upon invoice</u>. (see, e.g., Dkt. 68-4; 68-6 at p. 4)  It is not difficult to see why JAMS may choose to move the goalposts for respondents, ensuring the dispute will stay in the arbitral forum.  However, the arbitration agreements Defendants drafted provide that "the payment of all costs, filing fees, and administration and arbitrator fees will be governed by the JAMS Rules," as opposed to the date when JAMS administrative staffers choose to send out reminders.  (Dkt. No. 2-7, p. 13).  Defendants must live by this choice as well, and that includes following the JAMS policy is that all payments are due upon invoice.  That is the firm line in the sand the California legislature drew in Section 1281.97. Neither JAMS nor Defendants may change the rules at a later date, claiming that the "due date" can be extended when convenient.  Here, invoices for initiating fees for each of the moving Plaintiffs were issues more than 30 days prior to this motion.  Defendants failed to pay.

Nor is this failure to pay inconsequential, as JAMS does not send out lists of potential panelists until payment is made. This delay is exactly why the California legislature enacted Section 1281.97. Defendants feign diligence "in the midst of a global pandemic," but their opposition concedes that they had no trouble filing answers to the demands—just not tendering payment to get the arbitration off the ground. It was not until after Plaintiff notified JAMS that they were withdrawing their claims and filing this motion that Defendants figured out how to overnight checks.

Defendants' claims of diligence are not only irrelevant to the application of Section 1281.97's bright-line rule, they are inconsistent with the facts:

- On March 12, 2020, the Court heard oral argument on Defendants' motions to compel arbitration and dismiss, and specifically asked whether Vivint Solar was prepared to pay arbitration fees. "Subject to the terms of the agreements, yes." replied Defendants. (Dkt. No. 57-3, p. 11)
- On March 24, the Court issued its ruling compelling eight Plaintiffs to arbitration. (Dkt. 47)
- On March 31, Defendants filed a notice of appeal, which carries with it a ***$505 filing fee***.
- On April 2, Defendants filed a motion to stay in the Northern District.
- On May 13, Defendants filed answers to Plaintiffs' arbitration demands.
- On May 18, Defendants filed a motion to partially stay proceedings in the Ninth Circuit.

Defendants were able to do all of this—paying the associated legal fees and costs (and even apparently negotiating a $3.2 billion acquisition with Sunrun in the process[1])—"in the midst of this global pandemic," but could not manage to timely send five checks to JAMS. Meanwhile, Plaintiffs—whose law firm was operating almost entirely remotely—were able to procure checks to be sent with the arbitration demands on April 29.

## II.  CONCLUSION

Defendants drafted the arbitration agreements and foisted them on unsuspecting consumers.

---

[1] Emma Foehringer Merchant and Karl-Eric Stromsta, *Sunrun to Acquire Vivint Solar, Creating Home Solar Giant*, GREENTECH MEDIA, July 7, 2020, https://www.greentechmedia.com/articles/read/sunrun-announces-acquisition-of-vivint-solar (last visited July 14, 2020)

Those agreements provided that both parties would have to pay fees pursuant to the JAMS rules. While Defendants insisted that this Court enforce the terms of these agreements, they chose not to hold up their end of the bargain, even after representing to the Court that they were prepared to pay the arbitral fees.  Section 1281.97 was designed to address this very situation. For the foregoing reasons, Plaintiffs respectfully request that the Court grant all available remedies and sanctions available under Section 1281.97.

Dated: July 9, 2020                                   **MATERN LAW GROUP, PC**

By: /s/ Corey B. Bennett
Matthew J. Matern
Joshua D. Boxer
Corey B. Bennett
Attorneys for Plaintiffs GERRIE DEKKER, KAREN BARAJAS as executor of the Estate of Thompson Bryson, MARLENE ROGERS, DANIEL THOMPSON, JAE CHONG, MARCI HULSEY, CINDY PINI, PHYLLIS RUNYON, GENNE HILLARD, and JUAN BAUTISTA, individually, and on behalf of all others similarly situated