**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Joshua D. Boxer (SBN 280126)
Email: jboxer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone:  (310) 531-1900
Facsimile:  (310) 531-1901

**MATERN LAW GROUP, PC**
Corey B. Bennett (SBN 267816)
Email: cbennett@maternlawgroup.com
One Market Plaza, Spear Tower, Suite 3676
San Francisco, California 94105
Telephone:  (415) 990-8390
Facsimile:  (310) 531-1901

Attorneys for Plaintiffs GERRIE DEKKER, KAREN BARAJAS as executor of the Estate of Thompson Bryson, MARLENE ROGERS, DANIEL THOMPSON, JAE CHONG, MARCI HULSEY, CINDY PIINI, PHYLLIS RUNYON, GENNIE HILLIARD, and JUAN BAUTISTA, individually and on behalf of all others similarly-situated,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRIE DEKKER, KAREN BARAJAS as executor of the Estate of Thompson Bryson, MARLENE ROGERS, DANIEL THOMPSON, JAE CHONG, MARCI HULSEY, CINDY PIINI, PHYLLIS RUNYON, GENNIE HILLIARD, and JUAN BAUTISTA, individually and on behalf of all others similarly-situated,<br>Plaintiffs,<br>vs.<br>VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive,<br>Defendants. | Case No.: 3:19-cv-07918<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY LITIGATION WITH RESPECT TO PLAINTIFFS BARAJAS, HILLIARD, HULSEY, PIINI, AND ROGERS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Complaint Filed: December 3, 2019<br>Trial Date: February 16, 2021 |

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | - 2 - |
| II. | PROCEDURAL BACKGROUND | - 2 - |
| III. | ARGUMENT | - 4 - |
| | A. Irreparable Harm and Balance of Hardships Favors Plaintiff | - 4 - |
| | B. A Stay Does Not Serve the Public Interest | - 6 - |
| IV. | CONCLUSION | - 8 - |

# TABLE OF AUTHORITIES

PAGE(S)

**Federal Cases**

*Blair v. Rent-A-Ctr., Inc.*,
    2018 WL 2234049 (N.D. Cal. May 16, 2018)……………………………………………...- 4 -, - 6 -

*Britton v. Co.-op Banking Grp.*,
    916 F.2d 1405 (9th Cir. 1990)……………………………………………………………………- 3 -

*Leiva-Perez v. Holder*,
    640 F.3d 962 (9th Cir. 2011)……………………………………………………………………...- 4 -

*Nken v. Holder*,
    556 U.S. 418 (2009)………………………………………………………………………………- 4 -

*Sampson v. Murray*,
    415 U.S. 61 (1974)……………………………………………………………………….- 4 -, - 5 -

*Sink v. Aden Enterprises*
    352 F.3d 1197 (2003)……………………………………………………………………….. - 7 -

*Stiner v. Brookdale Senior Living, Inc.*,
    383 F. Supp. 3d 949 (N.D. Cal. 2019)……………………………………………………- 4 -, - 6 -

**State Statutes**

California Code of Civil Procedure section 1281.97………………………………………- 3 -, - 4 -, - 7 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendants Vivint Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer, LLC, and Vivint Solar Provider, LLC ("Defendants") fail to provide any legitimate justification for their requested stay pending appeal of this Court's August 14, 2020 Order Re Motion to Vacate ("Order") to the Ninth Circuit.

While Defendants raise serious questions going to the merits, they once again fail to demonstrate irreparable harm. They portend devastation, but the individual and class discovery they fear is a red herring because their appeal does not affect Plaintiffs Dekker or Bautista. Discovery has already commenced and will be useful in any future arbitration if Defendants prevail. Mere time, money, and energy is not the type of "harm" courts deem irreparable—especially where Defendants attempt to take advantage of arbitration agreements to which they are not parties.

On the other hand, Plaintiffs face significant hardship if their claims are stayed. Plaintiffs Barajas and Hilliard have already been forced to make extortionate buyout payments in order to effectuate real property sales. Meanwhile, Plaintiffs Hulsey, Piini, and Rogers are stuck with solar panel systems that do not deliver as promised, that encumber their homes, and that require tens of thousands of dollars to escape. Equity favors these individuals, who heeded the Court's order, initiated arbitration and paid their fees, and then availed themselves of the protections provided by Section 1281.97.

For these reasons, the present motion should be denied.

**II.   PROCEDURAL BACKGROUND**

On December 3, 2019, ten Plaintiffs filed this lawsuit against Defendants. (Dkt. No. 1) On January 17, 2020, Defendants filed a motion to dismiss Plaintiff Dekker's claims and a motion to compel arbitration or dismiss as to the remaining nine Plaintiffs. (Dkt. No. 21, 24) On March 24, 2020, the Court issued its Order denying Defendants' motion to dismiss Plaintiff Dekker, denying the motion to compel arbitration as to Plaintiff Bautista, and delegating to arbitration the question of whether the agreements purport to waive the remaining Plaintiffs' rights to seek public injunctive relief. (Dkt. No. 47)

Defendants' file a Motion to Stay Pending Appeal, which was denied on May 11, 2020. (Dkt. No. 62) The Court explained that Defendants had not met its burden of demonstrating that a stay "is a proper subject for the exercise of discretion by the district court." *Britton v. Co.-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). The Court specified that Defendants failed to show that they would face irreparable injury if the Court of Appeals compelled arbitration. (Dkt. No. 62) Defendants claimed that they will have wasted "substantial time and resources" on "litigating this dispute during the appeal that can never be recovered." (*Id.*) The Court determined that "this does not persuade" because "any discovery that occurs in these proceedings could just as easily be used in arbitration, if the court of appeals remits plaintiff Bautista to arbitration." (*Id.*)

Furthermore, the Court found that the balance of hardships "easily tips in favor of Mr. Bautista, not Vivant (sic)," because of the worsening financial hardships that Plaintiff suffers as this litigation continues; and that Defendants had not convincingly shown that the public interest would be served by a stay due to the "strong federal policy favoring arbitration." The Court noted that Defendants "presume the validity and enforceability of the arbitration provision in Mr. Bautista's contract, but the March 24 order already held that provision as defective as against Mr. Bautista (Dkt. No. 47 at 9-10). There is also the countervailing public policy of access to our federal courts and speedy, efficient, and just relief." (Dkt. No. 62)

On April 23, 2020, Plaintiffs filed arbitration demands with JAMS and each Plaintiff submitted a $250 check for their portion of the initiating fees. On May 13, 2020, Vivint Solar filed answers to the arbitration demands. JAMS issued invoices to Defendants for initiating fees, which read "**Payment is due upon receipt.**" By June 24, 2020—more than 30 days for five of the eight arbitrations—Defendants had failed to pay its initiating fees. Plaintiffs promptly withdrew their claims and filed a Motion to Vacate.

On August 14, 2020 the Court granted Plaintiffs' Motion to Vacate, finding that Defendants did not pay their arbitration fees within 30 days of the due date pursuant to California Code of Civil Procedure section 1281.97. (Dkt. No. 84)

On August 17, 2020, Defendants filed a Notice of Appeal of the Denial of Arbitration Order. (Dkt. No. 86)

On August 18, 2020, Defendants filed an additional Notice of Motion to Stay Pending Appeal. (Dkt. No. 87)

### III. ARGUMENT

Whether to stay an action is within the district court's discretion. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). This requires the court to weigh four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434.

In the Ninth Circuit, courts apply a sliding scale approach, under which "a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (citation omitted). "A movant must raise at least serious questions going to the merits, and can satisfy the other factors by showing that the balance of hardships tips sharply in its favor, that the movant will suffer irreparable harm in the absence of a stay, and that the public interest favors a stay." *Blair v. Rent-A-Ctr., Inc.*, 2018 WL 2234049, at *2 (N.D. Cal. May 16, 2018), citing *Leiva-Perez*, 640 F.3d at 968.

Plaintiffs concede that Defendants' appeal raises serious legal questions under the Northern District's standards. See, e.g., *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 953–54 (N.D. Cal. 2019). The applicability of recently enacted section 1281.97 in a federal court action where the Federal Arbitration Act (FAA) governs appears to be one of first impression in the Ninth Circuit. However, as the Court held in its prior decision denying Defendants' Motion to Stay, the problem is demonstrating irreparable harm. (Dkt. No. 62)

### A. Irreparable Harm and Balance of Hardships Favors Plaintiff

Defendants' "burden with regard to irreparable harm is higher than it is on the likelihood of success prong, as [they] must show that an irreparable injury is the more probable or likely outcome." *Leiva-Perez*, 640 F.3d at 968. As the Supreme Court has explained, the "key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray,* 415 U.S. 61, 90

-- 4 --

(1974). Here, Defendants exclaim, "But if this Court denies a stay, and the Ninth Circuit subsequently reverses the Denial of Arbitration Order and compels arbitration, the substantial time and resources that Defendants will have devoted to litigating this dispute during the appeal can never be recovered." (Mtn. p. 6) "The entire purpose of arbitration is to provide an 'inexpensive and expeditious means of resolving . . . dispute[s].'" (Mtn. p. 7)

The irony, of course, is that Defendants failed to timely pay JAMS initiating fees. Indeed, four months have passed since Plaintiffs initiated arbitration, and Defendants' appeal of the Court's Order will likely require fees and costs that dwarf the potential damages of each individual's claims in arbitration. Defendants ask the Court to find irreparable harm flowing from buyout agreements that Plaintiffs Barajas and Hilliard allegedly signed, which released claims, but failed to raise these issues in their initial Motion to Compel Arbitration or, Alternatively, Dismiss. Even so, the validity of such buyout agreements would be in question, given the central issue of this case—i.e. unlawful liquidated damages provisions, which formed the basis for the buyout agreements.

Defendants contend that they will further be irreparably harmed because Plaintiffs Hulsey's and Rogers' claims are barred by a one-year contractual limitations period—an argument the Court summarily rejected in its order denying the Motion to Dismiss Plaintiff Dekker's claims on the same basis. (Dkt. No. 47)

> Vivint also contends Ms. Dekker's claims are barred by a one-year limitations period included in the power-purchase agreement, which reads "both parties agree that no lawsuit or any other legal proceeding connected with this agreement shall be brought or filed more than one (1) year after the incident giving rise to the claim occurred" (Dkt. No. 25-1 at 3).
>
> Vivint essentially asserts Ms. Dekker should have filed suit within one year of discovering the incorrect billing, meaning the discovery of the incorrect billing *itself* was "the incident giving rise to the claim." But no reasonable person discovers an improper bill and immediately sues. Instead, they investigate. […] It is not clear whether Vivint immediately rebuffed Ms. Dekker and demanded $40,000, whether a period of negotiation continued into the one-year limitations period, or whether Vivint's own delayed response tolled the limitations period. Absent these facts, and regardless of the propriety of the shortened contractual limitations period, Ms. Dekker's complaint is not facially untimely

(*Id.*)

1    Defendants' alarmism is unwarranted. As this Court found in *Blair v. Rent-A-Ctr., Inc.*, 2018 WL 2234049 (N.D. Cal. May 16, 2018), these arguments fail to convince because "discovery obtained here will be useful in any future arbitration" and because Defendants' "appeal concerns only a portion of the claims at issue in this case." *Id*. at *2; *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 955 (N.D. Cal. 2019)("Because Plaintiffs will continue with discovery and class certification briefing, the cost of litigating this case is not likely to be meaningfully reduced if only two Plaintiffs are compelled to arbitrate.").

Here, Plaintiffs Dekker and Bautista have already begun discovery on the very issues and claims the five other Plaintiffs would investigate. Indeed, Defendants have already responded to Plaintiffs' first set of discovery requests, which seeks evidence as to the *class*, including total cancellation requests, buyout payments, debt collection procedures, customer defaults and the critical issue of how buyout payments are calculated. (Declaration of Corey B. Bennett ("Bennett Decl."), ¶ 3) In the unlikely event the Ninth Circuit reverses the Court's order granting Plaintiffs' Motion to Vacate, Plaintiffs would return to JAMS with the first order of business being determining whether the arbitration agreement prevents them from seeking public injunctive relief. As this Court has already observed, it appears that it does. While Defendants are entitled to pursue their appeal, it is clear they are not particularly concerned with saving time, money, and energy (which, regardless, the Supreme Court expressly held in *Sampson* is insufficient).

If a stay is granted, however, Plaintiffs would suffer hardship. As Defendants note, Plaintiffs Barajas and Hilliard have already made buyout payments, which they will not be able to recover in the interim—insignificant sums to a large corporation, but several months of mortgage payments, a year of tuition, or critical rainy-day funds to a family during a pandemic. With the average, non-expedited Ninth Circuit appeal lasting 18-24 months from Notice of Appeal to oral argument—and then months, even years, awaiting a ruling—such a lengthy stay would be devastating, particularly in light of Defendants' billing irregularities and employee turnover, not to mention changes resulting from Sunrun's recent acquisition of Vivint Solar.

**B.    A Stay Does Not Serve the Public Interest**

Finally, Defendants argue that it is in the public interest for Plaintiff Bautista and similarly situated consumers facing financial ruin to remain in limbo and to have their credit suffer while an appeal drags along for years. That is, they contend, the price they must pay for "the promotion of judicial efficiency and the strong federal policy favoring arbitration," even though they are in material breach of their agreements. The legislative intent of both the FAA and Section 1281.97 dictates otherwise. "[O]ur court of appeals has found the principle embodied in § 1281.97 is consistent with the FAA. In *Sink v. Aden Enterprises*, an employer failed to timely pay its arbitration filing fees after repeated notices of the payment's due date, plus a warning (after the due date had passed) that the arbitrator would enter a default against the company if it did not promptly pay up. 352 F.3d 1197, 1198–99 (2003)." (Dkt. No. 84) Accepting Defendants' argument would "allow a party refusing to cooperate with arbitration to indefinitely postpone litigation"—a result that would run contrary to "[o]ne purpose of the FAA's liberal approach to arbitration," namely, "the efficient and *expeditious* resolution of claims." *Id.* at 1200–02 (citations omitted) (emphasis added).

> Finally, *Sink* is of particular relevance here because in enacting § 1281.97, the legislature explicitly declared "[i]t is the intent of the Legislature . . . to affirm the decision[] in . . . *Sink v. Aden Enterprises, Inc.* that a company's failure to pay arbitration fees . . . constitutes a breach of the arbitration agreement and allows the non-breaching party to bring a claim in court."4 SB 707 § 1(f).

(Dkt. No. 84)

Both the FAA and Section 1281.97 find it in the public interest to "hold companies imposing mandatory arbitration agreements on employees and consumers to their word." (*Id.*) This further supports the strong public policy of access to courts and "speedy, efficient, and just relief." (Dkt. No. 62)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-- 7 --
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY

## IV. CONCLUSION

For the foregoing reasons, the motion to stay pending appeal should be denied.

DATED: September 1, 2020

Respectfully Submitted,

MATERN LAW GROUP, PC

By: */s/ Corey B. Bennett*
MATTHEW J. MATERN
JOSHUA D. BOXER
COREY B. BENNETT
Attorneys for Plaintiffs GERRIE DEKKER, KAREN BARAJAS as executor of the Estate of Thompson Bryson, MARLENE ROGERS, DANIEL THOMPSON, JAE CHONG, MARCI HULSEY, CINDY PIINI, PHYLLIS RUNYON, GENNIE HILLIARD, and JUAN BAUTISTA, individually and on behalf of all others similarly-situated