UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERRIE DEKKER, et al.,

    Plaintiffs,

v.

VIVINT SOLAR, INC., et al.,

    Defendants.

No. C 19-07918 WHA

**ORDER DENYING STAY AND AMENDING CASE MANAGEMENT SCHEDULING ORDER**

Defendants move to further delay the portion of this case which has only come back before the undersigned due to defendants' own delay. The motion to stay is **DENIED**.

A prior order stated the facts herein (Dkt. No. 47). In brief, plaintiffs sued Vivint for unfair business practices relating to Vivint's installation of solar panel systems on consumers' homes. A March 24 order granted Vivint's motion to compel most plaintiffs to arbitrate, denied the motion to compel plaintiff Bautista to arbitrate because the language barrier prevented formation, and denied Vivint's separate motion to dismiss plaintiff Dekker's complaint. After the relevant plaintiffs filed arbitration complaints, Vivint failed to timely pay its share of the filing fees. So an August 14 order held Vivint in default and brought plaintiffs Barajas, Rogers, Hulsey, Piini, and Hilliard back into this Court. Vivint appealed that order, and now moves to stay the proceedings against those plaintiffs.

A stay issues at the Court's discretion and not by right, even where irreparable injury looms. We consider: (1) whether the stay applicant is likely to succeed on the merits or has at least raised substantial questions; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the opposing parties; and (4) where the public interest lies. Our court of appeals employs a sliding scale; a stronger showing

on one element may offset a weaker showing on another. *Nken v. Holder*, 556 U.S. 418, 426 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 964, 967–68 (9th Cir. 2011).

The first and fourth factors balance. Plaintiffs concede that Vivint's appeal of the order holding it in default of arbitration raises serious legal questions. Nevertheless, the public interest does not favor a stay here. Though the federal policy in favor of judicial efficiency favors arbitration, public policy also favors parties performing their contractual obligations, or more specifically, it favors arbitration clause drafters timely paying their arbitration filing fees. *See, e.g.*, Cal. Code of Civ. Proc. § 1281.97.

So the propriety of a stay turns on the balance of the equities. Vivint argues that if this case proceeds to trial in February 2021 as scheduled, and then it wins on appeal, the time and resources spent litigating here will have been wasted. Plaintiffs argue that the financial penalties Vivint hangs over their heads threaten their homes and livelihoods. COVID-19 displaces both of these arguments. This case cannot proceed to trial for the foreseeable future. There will be no use in hurrying toward expert reports and dispositive motions, only to sit back and wait for a trial date. Thus the harm Vivint fears will not come to pass, however plaintiffs, for better or worse, must wait for relief.

In the interim, however, this case will not simply pause. Though the scope of discovery in this forum may exceed that in arbitration, any discovery taken here can easily be used in arbitration. This order commits the pace of this discovery to the parties' good faith negotiation.

Vivint's motion to stay is **DENIED**. For now, however, all remaining deadlines (including the September 24 hearing) are **VACATED**. A further case management conference is **SET FOR APRIL 22, 2021 AT 11:00 A.M.** Vivint may renew its motion to stay then.

**IT IS SO ORDERED.**

Dated: September 15, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2