**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
JOSHUA D. BOXER (SBN 226712)
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile:  (310) 531-1901

**MATERN LAW GROUP, PC**
COREY B. BENNETT (SBN 267816)
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (310) 531-1900
Facsimile:  (310) 531-1901

*Attorneys for Plaintiffs, individually, and*
*on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRIE DEKKER, KAREN BARAJAS as executor of the Estate of Thompson Bryson, MARLENE ROGERS, DANIEL THOMPSON, JAE CHONG, MARCI HULSEY, CINDY PIINI, PHYLLIS RUNYON, GENNIE HILLIARD, and JUAN BAUTISTA, individually and on behalf of all others similarly-situated,<br><br>             Plaintiffs,<br><br>             v.<br><br>VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No. 4:19-cv-07918-WHA<br><br>[Assigned to Hon. William Alsup, Courtroom 12]<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND COMPLAINT; MEMORANDUM OF POINTS OF AUTHORITIES**<br><br>Action Filed:     December 03, 2019<br>Trial Date:       February 16, 2021 |

1

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

2

PLEASE TAKE NOTICE that, on February 25, 2021, at 8:00 a.m., or as soon

3

thereafter as this matter may be heard, in Courtroom 12 of the above-entitled Court,

4

located at located at 450 Golden Gate Avenue, San Francisco, California, 94102,

5

Plaintiffs Gerrie Dekker, Karen Barajas as executor of the Estate of Thompson Bryson,

6

Marlene Rogers, Marci Hulsey, Cindy Piini, Gennie Hilliard, and Juan Bautista,

7

Individually and on behalf of all others similarly-situated ("Plaintiffs") will and hereby

8

do move the Court of an order granting leave to file a Second Amended Complaint so as

9

to conform with the recent order issued by the Ninth Circuit Court of Appeals, relevant

10

to the claims at issue, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

11

This Motion is made pursuant to the Ninth Circuit Court of Appeals' January 25,

12

2021's Order, and Federal Rule of Civil Procedure Rules 7-3 and 15(a), on the grounds

13

that the proposed First Amended Complaint is in the furtherance of justice, that

14

Plaintiffs, the putative class members, and the aggrieved employees would suffer great

15

prejudice if the Motion is denied, and that Defendants Vivint Solar, Inc., Vivint Solar

16

Holdings, Inc., Vivint Solar Developer, LLC., and Vivint Solar Provider, LLC.

17

("Defendants") would suffer no substantial prejudice if the Motion is granted.

18

Moreover, Plaintiffs notified Defendants of their intention to file a SAC and asked

19

Defendants to stipulate to an amendment on February 25, 2021. Defendants indicated

20

that they will be opposing said motion. Declaration of Corey B. Bennett ("Bennett

21

Decl.") ¶ 9.

22

Accordingly, we have exhausted the meet and confer requirement under Local

23

Rule 7-3. Moreover, on January 25, 2021 the Ninth Circuit Court of Appeals issued an

24

order which ordered Plaintiffs to file this motion; thus, Plaintiffs are filing to comply

25

with the Court's order.

26

\\

27

\\

28

\\

1
2
3
4
5

      This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Corey B. Bennett filed herewith, the exhibits attached thereto, the complete pleadings and records on file in this matter, and such further argument and evidence as may be presented at the time of the hearing on this motion.

6
7    Dated:  February 5, 2021                          **MATERN LAW GROUP, PC**

8
9                                      By:        s/ Corey B. Bennett

10                                               MATTHEW J. MATERN
11                                               JOSH D. BOXER
                                                 COREY B. BENNETT
12                                               Attorneys for Plaintiffs GERRIE
                                                 DEKKER, KAREN BARAJAS as executor
13                                               of the Estate of Thompson Bryson,
                                                 MARLENE ROGERS, MARCI HULSEY,
14                                               CINDY PIINI, GENNIE HILLIARD, and
15                                               JUAN BAUTISTA, individually, and on
                                                 behalf of all others similarly situated
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Gerrie Dekker, Karen Barajas as Executor of the Estate of Thompson Bryson, Marlene Rogers, Marci Hulsey, Cindy Piini, Gennie Hilliard, and Juan Bautista ("Plaintiffs"), seek leave to file a Second Amended Complaint ("SAC"), in order to conform with the recent memorandum decision issued by the Ninth Circuit Court of Appeals, relevant to the claims at issue.  On March 24, 2020, this Court issued an order granting in part and denying in part the Defendants' motions. Plaintiffs Barajas, Bryson, Rogers, Thompson, Chong, Hulsey, Piini, Runyon, and Hilliard were compelled to arbitrate their claims, but the Court retained jurisdiction over their claims in the event an arbitrator decides any of their claims are not arbitrable. Declaration of Corey B. Bennett ("Bennett Decl.") ¶ 4.  Defendants' motion to dismiss Plaintiff Dekker's claims was denied. Defendants' motion to dismiss Plaintiff Bautista was granted with leave to amend as to his first four claims and denied as to his claim under the California Translation Act. (Bennett Decl. ¶ 5). Defendants filed a timely appeal on March 31, 2020.  (Bennett Decl. ¶ 6).  On January 25, 2021, the Court of Appeal dismissed the Defendants' appeal for lack of jurisdiction and remanded this case to the district court to determine if Plaintiffs should be granted leave to amend their complaint. (Bennett Decl. ¶ 8).  In light of the Ninth Circuit's decision, Plaintiffs respectfully seek leave to file a second amended complaint.

Under Federal Rule of Civil Procedure Rule 15(a), leave to amend should be liberally granted.  Defendants will not be prejudiced by the requested amendment, as this Motion is brought in a case not yet subject to a scheduling order and before discovery has commenced. Plaintiffs merely seek leave to file the Second Amended Complaint ("SAC") (Bennett Decl. ¶ 2, **Exhibit A**), pleading Class Action Fairness Act's ("CAFA") jurisdictional minimum based on Plaintiffs' claims for injunctive relief; declaratory relief; and attorney's fees. Further, there is no undue delay or bad faith in seeking this second amendment in light of the recent Ninth Circuit ruling.

1    Finally, amendment would not be futile, as it would protect the interest of absent

2    putative class members, by ensuring an exhaustive pleading.

3         Accordingly, Plaintiffs respectfully request that the Court issue an order granting

4    leave to file the SAC to conform with the memorandum decision of the Ninth Circuit

5    Court of Appeals, relevant to the claims at issue.

6    **II.    FACTUAL AND PROCEDURAL BACKGROUND**

7         On December 3, 2019, Plaintiffs Gerrie Dekker and Juan Bautista, along with

8    eight other consumers, filed a class action complaint against Vivint Solar in the

9    Northern District of California, seeking public injunctive relief for violations of the

10   Unfair Competition Law, the Consumer Legal Remedies Act, and the California

11   Translation Act.

12        On January 17, 2020, Defendants filed a Motion to Dismiss Plaintiff Dekker's

13   Claims and Motion to Compel Arbitration, or Alternatively, Dismiss Based on Failure

14   to State a Claim as to the remaining Plaintiffs. The motions were fully briefed and oral

15   argument was held on March 12, 2020.

16        On March 24, 2020, following the submission of a revised declaration from

17   Plaintiff Bautista, the Court issued its Order granting in part and denying in part the

18   motions. Plaintiffs Barajas, Bryson, Rogers, Thompson, Chong, Hulsey, Piini, Runyon,

19   and Hilliard were compelled to arbitrate their claims, but the Court retained jurisdiction

20   over their claims in the event an arbitrator decides any of their claims are not arbitrable.

21   Defendants' motion to dismiss Plaintiff Dekker's claims was denied.    Defendants'

22   motion to dismiss Plaintiff Bautista was granted with leave to amend as to his first four

23   claims and denied as to his claim under the California Translation Act.

24        On March 31, 2020, Defendants filed a timely appeal.

25        On May 29, 2020, Plaintiffs' filed their First Amended Complaint. Defendants

26   filed an answer to the First Amended Complaint on June 12, 2020.

27        On May 18, 2020, Defendants filed a Motion to Stay the District Court

28   Proceedings Pending Appeal. The Ninth Circuit Court of Appeals issued an order

1    denying the motion and remaining in effect the previously established briefing schedule

2    on June 21, 2020.

3         On June 24, 2020, Plaintiffs' filed a Motion to Vacate Order Compelling

4    Arbitration. The motion was fully briefed and oral argument was held on August 4,

5    2020.

6         On August 14, 2020, the Court issued an order granting Plaintiffs' motion to

7    vacate order compelling arbitration. Moreover, Defendants were ordered to pay

8    Plaintiffs' reasonable attorney's fees and costs incurred in bringing this motion. A

9    further case management conference was set to be held on August 20, 2020.

10        On August 17, 2020, Defendants filed a second timely appeal currently pending

11   before the Ninth Circuit Court of Appeals.

12        On January 25, 2021, the Court of Appeal for the Ninth Circuit dismissed the

13   Defendants' appeal for lack of jurisdiction and remanded this case to the district court to

14   determine if Plaintiffs should be granted leave to amend their complaint.

## III.    LEGAL STANDARD

16        Federal Rule of Civil Procedure 15(a) governs motions for leave to amend

17   pleadings before trial. In circumstances where the opposing party does not provide

18   written consent to the amendment, the rule provides that "[t]he court should freely give

19   leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

20        In the Ninth Circuit, it is well-settled that Rule 15(a)'s underlying policy – that

21   leave to amend be freely granted – must "be applied with extreme liberality." *Eminence*

22   *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations and

23   quotations omitted); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609

24   (9th Cir. 1992) (describing Rule 15(a)'s "liberal amendment policy"). In determining

25   whether to grant leave to amend under Rule 15(a), the court considers whether it will

26   cause undue prejudice to the non-moving party, whether there was undue delay or bad

27   faith in bringing the amendment, whether the amendment would be futile, and whether

28   the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067,

1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003));
*Foman v. Davis*, 371 U.S. 178, 182 (1962).  In this analysis, the "single most important
factor is whether prejudice will result to the nonmovant." *Genentech, Inc. v. Abbot
Labs.*, 127 F.R.D. 529, 530 (N.D. Cal. 1989) (citations and quotations omitted); *see also
Eminence Capital*, 316 F.3d at 1051 ("As this circuit and others have held, it is the
consideration of prejudice to the opposing party that carries the greatest weight.") As
the non-moving party, Defendants bear the burden of establishing prejudice such that
the Court should deny leave to amend. *See, e.g.*, *In re Circuit Breaker Litig.*, 175 F.R.D.
547, 551 (C.D. Cal. 1997. In considering Plaintiffs' Motion, the Court must apply "all
inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d
877, 880 (9th Cir. 1999).

## IV.   ARGUMENT

### A.   Allowing the amendment will not prejudice Defendants.

Although Defendants bear the burden of establishing prejudice, the amendment
should be allowed and in fact was invited by the Court. Even though discovery has
begun, amendment will not result in additional discovery, increase litigation costs, or
otherwise unnecessarily delay the proceedings. Importantly, this case is not yet subject
to a Scheduling Order with finite deadlines for discovery, amendment, filing the motion
for class certification, or trial. (Bennett Decl. ¶9.)

In any event, even if additional discovery were required, it would be insufficient
to demonstrate prejudice. *Gonzales v. Comcast Corp.*, 2011 WL 1833118, at *7 (E.D.
Cal. May 13, 2011); *see also In re Circuit Breaker Litig.*, 175 F.R.D. at 551 ("The need
for additional discovery is insufficient by itself to deny a proposed amended pleading.").

### B.   There was no "undue delay" in seeking the amendment.

Undue delay alone is insufficient to justify denial of a motion to amend. *Bowles v.
Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *Puricle, Inc. v. Church & Dwight Co.*, No.,
2008 WL 11343396, at * 2 (C.D. Cal. Oct. 1, 2008) (citing *DCD Programs, Ltd. v.
Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). In any case, when evaluating undue delay

courts consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Whitfield v. Hernandez*, No. 1:13-cv-00724, 2014 WL 1255914, at *2 (E.D. Cal. Mar. 25, 2014) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal quotations omitted)). Here, the Court of Appeal's Order remanded the case to the district court to determine if Plaintiffs should be granted leave to amend the complaint. As discussed, currently there is no scheduling order in this matter and no discovery or class certification deadlines to meet. Accordingly, the amendment will not disrupt case management and the Court and the Parties can fashion timelines that allow for new discovery related to the amendment.

### C.     There is no bad faith and the amendment would not be futile.

Courts also consider whether the moving party acted in "bad faith." *Foman*, 371 U.S. at 182. Bad faith exists where the proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). Bad faith can also be shown when the moving party has a "history of dilatory tactics." *Thornton v. McClatchy Newspapers, Inc*., 261 F.3d 789, 799 (9th Cir. 2001), *superseded by statute on other grounds as stated in Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014).

Here, Plaintiffs' proposed amended complaint is being sought to conform with rulings issued by the Ninth Circuit Court of Appeals, and to adequately plead the Class Action Fairness Act's ("CAFA") jurisdictional minimum based on their claims for injunctive relief, declaratory relief; and attorney's fees. Because the value of injunctive relief, declaratory relief and attorneys' fees are properly considered in assessing CAFA jurisdiction, and satisfied CAFA requirements, the Court should find that the proposed amendment would not be futile. *Chavez v. JP Morgan & Chase Co.*, 888 F.3d 413, 418 (9th Cir. 2018) ("amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.").  In *Fritsch v. Swift Transportation Company*, the Ninth Circuit extended *Chavez*'s reasoning to hold that

post-removal attorney's fees count toward CAFA's $5 million threshold, noting that "'the mere futurity of *certain classes of damages*' does not preclude them from being part of the amount in controversy." *Fritsch v. Swift Transp. Co. of Arizona LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (quoting *Chavez*, 888 F.3d, at 417). Further, the court found that the amount in controversy includes "damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorney's fees awarded under fee-shifting statutes or contract." *Id.* at 793.

In determining whether a party has met the CAFA jurisdictional threshold, the court may also consider the value of injunctive relief. *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 817, 925 (11th Cir. 2019). As the court explained in *Anderson*, "for amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." *Id.* (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000). For the purposes of CAFA, the court "aggregate[s] the claims of individual class members and consider the monetary value that would flow to the entire class if [injunctive or] declaratory relief were granted." *Id.* (quoting *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014)) (second alteration in original). While absolute certainty is not required, "the value of declaratory or injunctive relief must be sufficiently measurable and certain to satisfy the amount-in-controversy requirement." *Id.*

The Ninth Circuit has held that for purposes of determining whether a federal court has subject matter jurisdiction under CAFA, the amount in controversy in actions where injunctive relief is sought may be determined by the cost of compliance by the defendant. *Anderson v. Seaworld Parks and Entertainment, Inc.*, 132 F. Supp. 3d 1156, 1161 (9th Cir. 2015) (citing *Int'l Padi, Inc. v. Diverlink*, No. 03-56478, 2005 WL 1635347, at *1 (9th Cir. July 13, 2005) ("[I]n determining the amount in controversy, we may also include the value of the requested injunctive relief to either party.").

Furthermore, "according to the Report of the Senate Committee on the Judiciary on CAFA, the requirement under CAFA that the amount in controversy exceed

1   $5,000,000 in the aggregate may be established 'either from the viewpoint of the

2   plaintiff or the viewpoint of the defendant, *and regardless of the type of relief* sought

3   (e.g., damages, injunctive relief, or declaratory relief).'" *Rippee v. Bos. Mkt. Corp.*, 408

4   F. Supp. 2d 982, 984 (S.D. Cal. 2005) (quoting S. Comm. On the Judiciary, Class

5   Action Fairness Act of 2005, S. Rep. No. 109-14, at 42 (Feb. 28, 2005)).

6      **D.      This motion is the first time Plaintiffs have sought leave to amend since**

7            **the order of the Ninth Circuit Court of Appeals**

8            Plaintiffs filed their original complaint on December 3, 2019. (Bennett Decl. ¶ 2).

9   Shortly thereafter, on May 29, 2020, Plaintiffs filed the operative First Amended

10  Complaint curing the deficiencies identified by Defendants and the Court, and revising

11  Plaintiff Bautista's allegations that he lacked an agreement with Defendants. (Bennett

12  Decl. ¶ 7). Plaintiffs have not been granted leave to amend the complaint since the order

13  of the Ninth Circuit Court of Appeals. (Bennett Decl. ¶ 10). Accordingly, this factor

14  weighs in favor of granting leave to amend the complaint.

15  **V.    CONCLUSION**

16         For the foregoing reasons, Plaintiffs respectfully request that the Court grant

17  Plaintiffs leave to file the proposed Second Amended Complaint, which is attached as

18  **Exhibit B** to the Declaration of Corey B. Bennett.

19  Dated:  February 5, 2021              **MATERN LAW GROUP, PC**

20

21                          By:        s/ Corey B. Bennett

22                                      MATTHEW J. MATERN
                                        JOSH D. BOXER
23                                      COREY B. BENNETT
                                        Attorneys for Plaintiffs GERRIE
24                                      DEKKER, KAREN BARAJAS as executor
                                        of the Estate of Thompson Bryson,
25                                      MARLENE ROGERS, MARCI HULSEY,
                                        CINDY PIINI, GENNIE HILLIARD, and
26                                      JUAN BAUTISTA, individually, and on
27                                      behalf of all others similarly situated

28

                                        10