UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERRIE DEKKER, et al.,

    Plaintiffs,

v.

VIVINT SOLAR, INC., et al.,

    Defendants.

No. C 19-07918 WHA

**ORDER RE MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

In this action for unfair business practices, plaintiffs move for leave to file their third amended complaint. Because the standard for granting leave to amend is liberal, to the extent stated, plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**.

Prior orders detail our facts (Dkt. Nos. 121, 140). In short, defendant Vivint Solar, Inc., in its various corporate forms, installs solar panels on customers' roofs and, at least as advertised, sells those customers the low cost, clean energy produced over a twenty-year term pursuant to their "power purchase agreement" ("PPA") (Second Amd. Compl. ¶¶ 1–11). Plaintiffs allege, however, that Vivint's contract contains unlawful liquidated-damages clauses, provisions which impose harsh and unlawful penalties onto dissatisfied customers.

A recent order dated June 8, 2021, granted Vivint's motion for judgment on the pleadings as to an aspect of plaintiffs' Section 17200 claim. Vivint's timely appeal of that order is now

pending before our court of appeals (Dkt. No. 141). In the meantime, plaintiffs now move to amend their complaint in an attempt to rectify the deficiencies in their Section 17200 claim and to add non-injunctive relief under Section 17200 and the CLRA. This order follows full briefing and oral argument.

The lenient Rule 15 standard, and not the elevated standard of Rule 16, governs here (Dkt. No. 131). Rule 15 dictates that leave to amend shall be freely given when justice so requires, and so a district court considers: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A motion to make an amendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). As in a motion to dismiss, a complaint properly states a claim when the factual allegations permit a reasonable inference, not just speculation, that defendants are liable for the misconduct alleged. All factual allegations rate as true, but legal conclusions merely couched as fact may be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*First*, Vivint argues that plaintiffs' proposed amendments to their Section 17200 claim do not address the deficiencies called out by the June 2021 order. California appellate courts have recently articulated several revised standards for "unfair" within the meaning of Section 17200 in the wake of the Supreme Court of California's decision in *Cal-Tech Comms., Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 543 (Cal. 1999). Our court of appeals has consolidated the various standards a court should consider for a Section 17200 unfairness-prong claim: (1) whether the underlying public policy violated by the challenged conduct is tethered to a specific constitutional, statutory or regulatory provision; (2) whether the challenged conduct significantly threatens or harms competition, including by threatening an incipient violation of an antitrust law or the policy or spirit of an antitrust law; (3) whether the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to

consumers; or (4) whether the practice's impact on the victim outweighs the reasons, justifications and motives of the alleged wrongdoer. *See Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214–15 (9th Cir. 2020).

Plaintiffs have not meaningfully addressed their Section 17200 claim alleging unfairness based on the contract-translation issue allegedly experienced by Mr. Bautista. Rather, the proposed third amended complaint only revises those allegations to describe the practice as "unconscionable" (Proposed Third Amd. Compl. ¶ 104). This does not suffice — plaintiffs have provided no explanation of how merely inserting the word "unconscionable" fulfills any of the standards articulated in *CVS*. This aspect of plaintiffs' unfairness-prong claim remains deficiently tethered to the dismissed Translation Act claim. *See Bothwell v. Abbott Laboratories, Inc.* (*In re Vaccine Cases*), 134 Cal. App. 4th 438, 457–58 (Cal. Ct. App. 2005).

At the hearing, plaintiffs' counsel argued that the insertion of "unconscionable" connects the contract-translation unfairness claim with the subsequent, newly added paragraphs regarding Vivint's practice of imposing, or seeking to impose, various unfair provisions of the PPA. Specifically, plaintiffs cite: the PPA's unfair imposition of cumulative remedies; the PPA's unfair transfer provisions; and the PPA's unfair requirement for customers to pay for all electricity generated by the system (rather than just the electricity used by the consumer) (Proposed Third Amd. Compl. ¶¶ 105–07). These allegations, while otherwise legitimate, have no direct connection to the translation issues experienced by Mr. Bautista, where Vivint's salesperson allegedly conducted negotiations in Spanish and failed to provide a corresponding translation of the English contract to a potential customer with essentially no English proficiency. Instead, the newly added paragraphs solely concern the PPA itself, separate from any antecedent translation issue. While paragraphs 105 through 107 do not salvage the unfairness-prong claim as to the translation issue, they otherwise sufficiently allege Vivint imposed, or threatened to impose, oppressive and unethical provisions in the PPA.

Accordingly, plaintiffs' motion to amend to rectify the deficiencies of their Section 17200 claim alleging unfairness based on the contract-translation issue experienced by Mr. Bautista is **DENIED**. However, leave to amend plaintiffs' unfairness-prong claim regarding the

3

PPA's cumulative remedies, transfer provisions, and inequitable payments for generated electricity is **GRANTED**.

*Second*, Vivint challenges the new claims for damages and restitution under the CLRA as well as the claim for restitution under Section 17200. The proposed third amended complaint expressly limits those newly added requests to members of the "Translation Class, and those consumers like Plaintiff Dekker, who do not have arbitration agreements" with Vivint (*id.* at ¶¶ 110, 117). Vivint argues these revisions do not rectify deficiencies in the second amended complaint, that the revisions fail to meet the pleading standards of Rule 8, and that, for restitution specifically, the revisions fail to allege there is no adequate remedy at law (Opp. 6–8). Initially, while the June 2021 order certainly mandated that "the proposed amended complaint correct[] the deficiencies identified in [the] order," it by no means proscribed plaintiffs from amending in due course per Rule 15. Plaintiffs here, in fact, met the scheduling order's July 29 deadline to amend their pleadings (Dkt. No. 131). Vivint's next argument that the damages claim under the CLRA does not meet the pleading standards of Rule 8 also fails. In the proposed third amended complaint, plaintiffs allege, for example, that Vivint imposed or sought to impose, unenforceable termination fees (Proposed Third Amd. Compl. ¶ 113–15). These and other allegations satisfy the Rule 8 standard for the purposes of this motion.

Regarding restitution, our court of appeals recently held that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Sonner v. Premier Nutrition Co.*, 971 F.3d 834, 844 (9th Cir. 2020). "The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 947 (Cal. 2003). Plaintiffs do not state or otherwise explain how damages are an inadequate legal remedy in their proposed third amended complaint. Plaintiffs also fail to differentiate their request for restitution from their request for damages. Because plaintiffs "fail[] to establish that [they] lack an adequate remedy at law," inclusion of a restitution claim is futile. *See Sonner*, 971 F.3d at 844.

Accordingly, plaintiffs' motion to amend to include a damages claim under the CLRA is **GRANTED**; plaintiffs' motion to amend to include a restitution claim under the CLRA and Section 17200 is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 11, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE