**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
Email: mmatern@maternlawgroup.com
JOSHUA D. BOXER (SBN 226712)
Email: jboxer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile:  (310) 531-1901

**MATERN LAW GROUP, PC**
COREY B. BENNETT (SBN 267816)
Email: cbennett@maternlawgroup.com
Kiran Prasad (SBN 255348)
Email: kprasad@maternlawgroup.com
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (310) 531-1900
Facsimile:  (310) 531-1901

*Attorneys for Plaintiff Gerrie Dekker, individually, and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRIE DEKKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 4:19-cv-07918-WHA<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:       January 27, 2022<br>Time:       8:00 a.m.<br>Courtroom: 12, 19th Floor<br>Judge:      The Honorable William H. Alsup<br><br>**[REDACTED VERSION OF DOCUMENT TO BE SEALED]** |

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 6

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................................... 7

III. LEGAL STANDARD ........................................................................................................... 9

IV. ARGUMENT ........................................................................................................................ 9

    A. *Hodges* Has No Precedential Value ........................................................................ 9

    B. Under *Blair*, Plaintiff's Claim for Public Injunctive Relief Must Proceed ........................ 10

    C. Under Rule 56(d), Defendants' Motion Is Premature ........................................................ 12

    D. The Motion Is Also Premature Because the Full Scope of Defendants' Liability Has Not Been Determined and Plaintiff Has Not Yet Moved for an Injunction .............. 14

    E. Plaintiff Has No Adequate Remedy at Law, and May Therefore Seek Injunctive Relief .......................................................................................................................... 14

    F. An Order Enjoining Unfair and Unlawful Business Practices Is Not Moot .................... 17

V. CONCLUSION ................................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Cole Haan, LLC*,
    2020 WL 5648605 (C.D. Cal. Sept. 3, 2020)...................................................................15

*Blair v. Rent-A-Center, Inc.*,
    928 F.3d 819 (9th Cir. 2019)..........................................................................................10, 11

*Capriole v. Uber Techs., Inc.*,
    7 F.4th 854 (9th Cir. 2021)............................................................................................10, 11

*Carver v. Lehman*,
    558 F.3d 869 (9th Cir. 2009)...............................................................................................9

*Celotex v. Catrett*,
    477 U.S. 317 (1986)............................................................................................................9

*Cepelak v. HP Inc.*,
    No. 20-CV-02450-VC, 2021 WL 5298022 (N.D. Cal. Nov. 15, 2021)..............................15

*DeFunis v. Odegaard*,
    416 U.S. 312 (1974)..........................................................................................................17

*E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co.*,
    590 F. Supp. 2d 1244 (N.D. Cal. 2008) ..............................................................................9

*EEOC v. Creative Networks, LLC*,
    912 F. Supp. 2d 828 (D. Ariz. 2012)..................................................................................14

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,
    525 F.3d 822 (9th Cir. 2008)..............................................................................................12

*Gibson v. Jaguar Land Rover N. Am., LLC*,
    2020 WL 5492990 (C.D. Cal. Sept. 9, 2020)....................................................................15

*Glassburg v. Ford Motor Co.*,
    No. 221CV01333ODWMAAX, 2021 WL 5086358 (C.D. Cal. Nov. 2, 2021)..................16

*Haas v. Travelex Ins. Servs. Inc.*
    2021 WL 3682309 (C.D. Cal. Aug. 19, 2021)...................................................................16

*Hodges v. Comcast Cable Commc'ns, LLC*,
    12 F.4th 1108 (N.D. Cal. Jul. 18, 2019).........................................................................9, 10

*Housing Works v. Cty. of L.A.*,
    2016 WL 11730243 (C.D. Cal. 2016)................................................................................14

*In re MacBook Keyboard Litig.*,
   2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ................................................................... 15

*In Re: Stubhub Refund Litig.*,
   20-MD-02951-HSG, 2021 WL 5447006 (N.D. Cal. Nov. 22, 2021) ................................. 16

*Lucido v. Superior Court*,
   795 P.2d 1223 (Cal. 1990) ............................................................................................... 12

*Maldonado v. Fast Auto Loans, Inc.*,
   60 Cal. App. 5th 710 (2021) ............................................................................................. 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 5746 (1986) ......................................................................................................... 9

*McGill v. Citibank, N.A.*,
   393 P.3d 85 (Cal. 2017) .................................................................................................... 10

*Mejia v. DACM Inc.*,
   54 Cal. App. 5th 691 (2020) ............................................................................................. 10

*Newport Elecs., Inc. v. Newport Corp.*,
   157 F. Supp. 2d 202 (D. Conn. 2001) ............................................................................... 14

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) .......................................................................................................... 15

*Schertz v. Ford Motor Co.*,
   2020 WL 5919731 (C.D. Cal. July 27, 2020) ................................................................... 15

*Serena v. Mock*,
   547 F.3d 1051 (9th Cir. 2008) .......................................................................................... 17

*Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.*,
   565 F.3d 545 (9th Cir. 2009) ............................................................................................ 17

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ....................................................................................... 15, 16

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) ............................................................................................ 12

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
   809 F.2d 6261 (9th Cir. 1987) ............................................................................................ 9

*United States v. W.T. Grant Co.*,
   345 U.S. 629 (1953) .......................................................................................................... 17

*United States v. W.T. Grant Co.*,
   345 U.S. 629, 632 (1953) .................................................................................................. 17

4

PLAINTIFF'S OPPOSITION TO MSJ
CASE NO. 4:19-CV-07918-WHA

*Zeiger v. WellPet LLC*,
   526 F. Supp. 3d 652 (N.D. Cal. 2021) ...................................................................................15

**<u>Statutes</u>**

Cal. Civ. Code § 1750 ....................................................................................................................10

**<u>Rules</u>**

Fed. R. Civ. Proc. § 8(a)(3) ...........................................................................................................15

Fed. R. Civ. Proc. § 56(c) ...............................................................................................................9

Fed. R. Civ. Proc. § 56(e) ...............................................................................................................9

Fed. R. Civ. Proc. § 56(d) ........................................................................................................6, 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants' Vivint Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer, LLC, and Vivint Solar Provider, LLC ("Defendants" or "Vivint Solar") Motion for Partial Summary Judgment ("Motion") should be denied for several reasons.

First, this Motion rests almost entirely on *Hodges v. Comcast Cable Commc'ns, LLC*, a recent Ninth Circuit decision that has **no precedential value** because the mandate has not issued and a petition for rehearing is pending. *See* Ex. 1 to Request for Judicial Notice ("RJN"). Therefore, *Blair v. Rent-A-Center* and *Capriole v. Uber Techs.*—authorities that Defendants fail to address—are still controlling precedent and permit Plaintiff to seek public injunctive relief.

Second, the argument that the injunctive relief sought is private in nature is based on the recent acquisition of Vivint Solar by Sunrun, Inc. ("Sunrun"), a topic which requires further discovery. While the acquisition was formalized last year, Defendants failed to disclose until October 18, 2021 that Vivint Solar had not employed anyone since March 2021 and that, as of November 2021, would no longer initiate new residential power purchase agreements ("PPA") under the Vivint Solar name. REDACTED However, there has been no discovery on this specific issue—one that Defendants contend converts Plaintiff's injunctive relief from public to private. Under Federal Rule of Civil Procedure ("FRCP") 56(d), Plaintiff is entitled to additional discovery before this Motion is considered.

Third, Plaintiff has not yet moved for an injunction. It would be inappropriate to dispose of Plaintiff's claims before the Court has had the opportunity to review the specific injunctive relief requested and the basis therefor.

Fourth, contrary to Defendants' assertion, Plaintiff has no adequate remedy at law. Injunctive relief is Plaintiff's only means of redress because it is the only way to stop Defendants from preying on consumers with unlawful contracts, to prevent the ongoing harm faced by homeowners who cannot escape these onerous clauses nor find willing buyers who will accept a transfer, and prevent harms to future homeowners who will be required to assume the PPA's obligations. As such, the injunctive

relief Dekker seeks is designed to prevent future harm to members of the public and not just herself or class members.

Finally, an order enjoining Defendants' unlawful business practices would not be moot. There is a live case or controversy because Defendants' PPAs will be performed and serviced by Sunrun for the duration of the terms, because Sunrun continues to offer a similar PPA containing Default Provisions, and because the future impact of defaults or transfers under Vivint Solar PPAs poses a risk not just to existing customers, but the general public as well.

As Defendants cannot meet their burden of proof, Plaintiff respectfully requests that the Court deny Defendants' Motion for Partial Summary Judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Gerrie Dekker seeks to represent similarly situated consumers in a class action alleging unlawful liquidated damages under California law, and related violations of the Unfair Competition Law and Consumer Legal Remedies Act.

As described more fully in the accompanying Motion for Class Certification, the documentary evidence produced by Vivint Solar, along with the testimony of its Rule 30(b)(6) witness Colton Burr, the Residential Power Purchase Agreement ("PPA") is Vivint Solar's primary product.[1] The PPA is a 20-year agreement under which it charges customers a fee based on how many kilowatt hour of electricity the solar system generates, regardless of how much power a consumer actually uses. *Id.*

REDACTED

Vivint Solar has described defaults as "*de minimis*" or "immaterial" in SEC filings.[2]

---

[1] Vivint Solar, Inc. 2018 Annual Report at 28–29, available online at https://www.annualreports.com/HostedData/AnnualReportArchive/v/NYSE_VSLR_2018.pdf (last visited December 2, 2021)

[2] *See* Vivint Solar, Common Stock Offering (Rule 424(b)(4)) at 78 (Sept. 30, 2014), https://www.sec.gov/Archives/edgar/data/1607716/000119312514359612/d716029d424b4.htm (last visited

It is undisputed that *every version* of the PPA contains language granting Vivint Solar cumulative remedies, including the right to terminate the PPA and demand payment, to force the customer to keep the system on her roof *but deny her all benefits*, to disconnect and remove the system, and to engage collective agencies and report consumers to credit reporting agencies, all while Vivint retains title to the "System and System Interest." *See, e.g.*, Ex. 3 to Bennett Dec. (VSLR0000954).[3]

REDACTED

However, as discussed below, the acquisition of Vivint Solar by Sunrun leaves genuine issues of material fact to be resolved as it concerns the putative class and whether the injunctive and declaratory relief sought by Plaintiff is private or public in nature. REDACTED

Notably, individuals who purchase homes from current Vivint Solar customers will be required to assume the obligations of the these PPAs in the future.

Following the Court's guidance, after initial discovery requests were quashed, Plaintiff served targeted document requests concerning class certification after the Rule 30(b)(6) deposition. Bennett Dec. ¶ 6. Plaintiff intends to promptly serve additional requests pertaining to the Sunrun acquisition in effort to determine whether, *inter alia*, Sunrun's PPA is similar to Vivint Solar's, whether it includes similar Default Provisions, and whether there are documents prohibiting the initiation of new Vivint

---

December 2, 2021)

[3] The Court previously took judicial notice of the ten original Plaintiffs' PPAs, including "standard copies" of Versions 1.0, 2.6, and 2.8. Dkt. No. 140. While VSLR0000954 summarizes the Default Provisions by version, the specific provisions across versions can be found at Dkt. 25-1, at 3 § 11 (Dekker, V1.0).

Solar PPAs (or whether this could be a voluntary cessation). *Id.*

## III.   LEGAL STANDARD

Partial summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c); *E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co.*, 590 F. Supp. 2d 1244, 1250 (N.D. Cal. 2008). Partial summary judgment's purpose "is to isolate and dispose of factually unsupported claims or defenses." *E.piphany, Inc.*, 590 F. Supp. 2d at 1250 (quoting *Celotex v. Catrett*, 477 U.S. 317, 323–24 (1986)). The moving party bears the burden of "informing the district court of the basis for its motion, and identifying the evidence which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The non-moving party must then show that there is a genuine issue for trial by identifying specific facts "that might affect the outcome of the suit under the governing law." *E.piphany, Inc.*, 590 F. Supp. 2d at 1250 (quoting Fed. R. Civ. Proc. 56(e)).

When considering a motion for summary judgment or partial summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The court must deny summary judgment if a rational trier of fact might resolve the issue in favor of the nonmoving party. *Id.*

## IV.   ARGUMENT

### A.   *Hodges* Has No Precedential Value

Defendants' Motion rests heavily on the Ninth Circuit's recent decision in *Hodges v. Comcast Cable Commc'ns, LLC*, which cast doubt upon *Blair v. Rent-A-Center, Inc.* (discussed in more detail below). However, *Hodges* has no precedential value because Appellee's petition for rehearing *en banc* is pending before the Ninth Circuit and the mandate has not issued. An appellate opinion is not settled law in the Ninth Circuit if a petition for rehearing is pending. *Carver v. Lehman*, 558 F.3d 869, 878–89 (9th Cir. 2009). Here, a panel ordered Appellant to respond on October 29, and it did on November 19,

2021.[4] *Hodges v. Comcast Cable Commc'ns, LLC*, Case No. 19-16483, Dkts. 62, 66 (Oct. 29, 2021). Because the panel's decision is still pending and no mandate has issued, *Hodges* is not binding and has no precedential value. Instead, *Blair* still controls.

### B. Under *Blair*, Plaintiff's Claim for Public Injunctive Relief Must Proceed

The primary purpose of public injunctive relief is to prohibit unlawful acts that threaten future injury to the general public. Cal. Civ. Code § 1750 *et seq.*; *McGill v. Citibank, N.A.*, 393 P.3d 85, 87 (Cal. 2017); *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 824 (9th Cir. 2019). Unlike private injunctive relief, which "primarily resolve[s] a private dispute between the parties and . . . benefits the public, if at all, only incidentally," "public injunctive relief . . . benefits the general public and . . . benefits the plaintiff, if at all, only incidental[ly] and/or as a member of the general public." *McGill*, 393 P.3d at 89 (citations and quotations omitted).

In *Blair*, the plaintiffs filed a class action complaint on behalf of all individuals who entered into rent-to-own transactions with Rent-A-Center in California, alleging that Rent-A-Center structured its rent-to-own pricing in violation of state law. *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 822 (9th Cir. 2019). Among other relief, plaintiffs sought public injunctive relief to stop future violations of state law. *Id.* Rent-A-Center filed a motion to compel arbitration, which the district court determined violated the *McGill* rule because it "constituted a waiver of Blair's right to seek public injunctive relief in any forum." *Id.* The Ninth Circuit ruled that an injunction stopping Rent-A-Center from using an unlawful pricing structure was public injunctive relief. *Id.* at 831.

---

[4] The senior member of the panel, Judge Berzon, strongly dissented in *Hodges*, writing:

> The majority concludes, contrary to our precedent and to recent decisions of the California Court of Appeal, that a forward-looking injunction protecting the privacy rights of millions of cable consumers is not "public injunctive relief" under California state law. I disagree.
> This case is indistinguishable from our decision in *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019) and the California Court of Appeal's recent decisions in *Mejia v. DACM Inc*., 54 Cal. App. 5th 691 (2020) and *Maldonado v. Fast Auto Loans, Inc.*, 60 Cal. App. 5th 710 (2021), all of which held that an injunction affecting the contract terms a business could offer to members of the public qualified as public injunctive relief. . . . Just as in *Blair*, *Mejia*, and *Maldonado*, the relief sought here "has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public" and is therefore public injunctive relief.

*Hodges v. Comcast Cable Commc'ns, LLC*, 12 F.4th 1108, 1122 (Berzon, J., dissenting) (quoting *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017)).

Likewise, *Capriole v. Uber Techs.* is settled and reaffirmed the validity of *Blair*. In *Uber*, the plaintiffs sought reclassification as employees, rather than independent contractors. *Capriole v. Uber Techs., Inc.*, 7 F.4th 854 (9th Cir. 2021). The Ninth Circuit held that the plaintiffs did not seek public injunctive relief because the relief sought was specific to the drivers in question, not the general public. *Id.* at 869–70. The facts in *Uber* are distinguishable from the ones at hand because here, Plaintiff seeks relief on behalf of the general public—not employment reclassification for one distinct group of people. *Uber*, however, is significant here because of its reliance upon *Blair*. *See id.* at 870 ("As we noted in Blair, in which we held California's recognition of public injunctive relief was not preempted by the FAA, '[o]ne key difference between a private and public injunction is the primary beneficiary of the relief.'" (quoting *Blair*, 928 F.3d at 824)).

Even if *Hodges* bound this Court (it does not), it is distinguishable for three important reasons. First, unlike short-term cable contracts, the PPAs bind consumers for 20 years and Vivint Solar maintains a secured interest (vis-à-vis UCC-1 financing statements) in the systems.

Second, according to Vivint Solar, REDACTED

REDACTED Thus, the notion that injunctive relief could only benefit a "closed" class of existing customers is fanciful. It overlooks the fact that Vivint Solar's Default Provisions will continue to govern customer defaults *and transfers* to members of the public over the next 20 years (less one month) and will impact real property sales, home refinancing, the government's right to recapture Investment Tax Credits and rebates, bankruptcy, and more. In other words, the benefit of the injunctive relief Plaintiff seeks will extend beyond the class of existing customers because the nature of the PPA is fundamentally different from cable contracts and threatens the public at large.

REDACTED

1    REDACTED                    At a minimum, that this development that was sprung

2  upon the Court on October 18, 2021, nearly two years after this lawsuit was filed, is cause for further

3  inquiry prior to a determination that the class is "closed" for the purposes of seek public injunctive

4  relief. Such inquiry could reasonably establish that a ruling against Vivint Solar could prevent Sunrun

5  from enforcing or imposing similar Default Provisions through the doctrine of collateral estoppel.

6  *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990).

7       For these reasons, the Court should not stray from its earlier conclusion (Dkt. 47 at 4) that

8  Plaintiff in fact seeks relief that will benefit the general public.

9     **C.    Under Rule 56(d), Defendants' Motion Is Premature**

10     Pursuant to Federal Rule of Civil Procedure 56(d):

11     [I]f a nonmovant shows by affidavit or declaration that, for specified
       reasons, it cannot present facts essential to justify its opposition, the court
12     may: (1) defer considering the motion or deny it; (2) allow time to obtain
       affidavits or declarations or to take discovery; or (3) issue any other
13     appropriate order.

14

15  Fed. R. Civ. Proc. 56(d). A party invoking Rule 56(d) must show that: "(1) it has set forth in affidavit

16  form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the

17  sought-after facts are essential to oppose summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d

18  666, 677 (9th Cir. 2018) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525

19  F.3d 822, 827 (9th Cir. 2008)).

20     Defendants base a large portion of their Motion on Sunrun's acquisition of Vivint Solar, which

21  they assert happened in October 2020. *See* Defendants' Motion for Partial Summary Judgment

22  ("Defendants' Motion") at 3. Plaintiff, however, has not yet discovered adequate information about

23  Sunrun. Defendants' May 3, 2021 responses to Plaintiff's discovery requests made no mention of

24  Sunrun and this new argument was not even introduced until October 18, 2021. Dkt. 174.

25                        REDACTED

26                                            But his testimony reveals key facts and issues that

27  Plaintiff must be permitted to investigate through further discovery. For example, Defendants claim in

28  their Motion that since November 2021 Vivint Solar has not initiated any new PPAs. Dkt. 174; Motion

at 5. REDACTED

Thus, factual disputes remain as to the following issues, among others:

1. Whether Vivint Solar is foreclosed from initiating new PPAs in perpetuity;

2. Whether Sunrun will continue the enforce the Default Provisions found in Vivint Solar PPAs on future customers who assume the PPA from current customers upon the sale of a home;

3. Whether Sunrun and Vivint Solar stand in vertical privity for purposes of collateral estoppel;

4. Whether Sunrun's PPA is similar to Vivint Solar with respect to the Default Provisions;

5. Whether Sunrun attempted to estimate the losses it would incur in the event of customer default or transfer;

6. Whether Sunrun's Default Payment calculations differ from Vivint Solar's;

7. Whether such estimations, if any, pass muster under Section 1671(d);

8. Whether Sunrun's practices and policies concerning mitigation of damages, resale, and redeployment differ from Vivint Solar's;

9. Whether Sunrun markets bundles of PPAs in tranches to investment partners similar to Vivint Solar's business model; and

10. Whether Sunrun exercises cumulative remedies under its PPAs and with what frequency.

Plaintiff must be permitted to investigate these issues prior to any determination that she may not seek public injunctive relief on behalf of the putative class. Defendants should not be allowed to

escape liability with a mere cosmetic makeover to an otherwise predatory sales scheme.

### D. The Motion Is Also Premature Because the Full Scope of Defendants' Liability Has Not Been Determined and Plaintiff Has Not Yet Moved for an Injunction

A motion for summary judgment is premature when the full scope of Defendants' liability has not yet been determined. *Housing Works v. Cty. of L.A.*, 2016 WL 11730243 at *8 (C.D. Cal. 2016) (citing *EEOC v. Creative Networks, LLC*, 912 F. Supp. 2d 828, 846 (D. Ariz. 2012); *Newport Elecs., Inc. v. Newport Corp.*, 157 F. Supp. 2d 202, 297 (D. Conn. 2001) (holding that a motion for summary judgment as to the scope of injunctive relief was premature before the extent of liability had been established because "injunctive relief falls within the court's discretion . . . The court finds that the best exercise of its discretion will occur after all of the evidence is heard and the jury makes its finding as to liability."))

Here, the full scope of Defendants' liability has not yet been determined because Defendants' PPAs, with their extreme default provisions, are still in force. The harm to consumers, and future customers, is ongoing. Defendants could enforce these default terms at any time, forcing customers to pay astronomical fees. REDACTED The PPAs' onerous provisions also frequently block Vivint Solar customers from selling their homes for years. See, e.g., SAC ¶¶ 19, 21, 25.

Furthermore, Plaintiff has not yet moved for an injunction. As injunctive relief falls within the Court's discretion, it would be inappropriate to dispose of Plaintiff's claims before the Court has had the opportunity to use standard tools to determine whether the specific injunctive relief Plaintiff seeks is proper.

Therefore, Plaintiff respectfully requests that the Court deny Defendants' Motion, or, alternatively, defer considering it until further discovery can be obtained.

### E. Plaintiff Has No Adequate Remedy at Law, and May Therefore Seek Injunctive Relief

Defendants next rely on *Sonner v. Premier Nutrition Corp.* in arguing that Plaintiff is not

entitled to injunctive relief because she has not shown that she has no adequate remedy at law. In *Sonner*, the court held that the plaintiff could not pursue claims for restitution in lieu of a claim for damages because she "failed to establish that she lacked an adequate remedy for the same past harm for which she sought equitable restitution." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 838 (9th Cir. 2020). While *Sonner* deals with restitution, not injunctions, some California district courts have extended its reasoning to require plaintiffs to allege that they lack an adequate remedy at law in order to seek injunctive relief as well. *See In re MacBook Keyboard Litig.*, 2020 WL 6047253 at *8 (N.D. Cal. Oct. 13, 2020) (citing *Gibson v. Jaguar Land Rover N. Am., LLC*, 2020 WL 5492990 at *3 (C.D. Cal. Sept. 9, 2020); *Adams v. Cole Haan, LLC*, 2020 WL 5648605 at *2 (C.D. Cal. Sept. 3, 2020); *Schertz v. Ford Motor Co.*, 2020 WL 5919731 at *2 (C.D. Cal. July 27, 2020)).

As Defendants point out, this Court previously relied on *Sonner* to find that Plaintiff could not add a claim *for restitution* because she had not established that she lacked an adequate remedy at law. Dkt. 157 at 4. However, that past determination was specific to Plaintiff's claim for restitution, and does not affect Plaintiff's current goal of public injunctive relief.

> While *Sonner* recognized that a complaint seeking equitable relief must "plead 'the basic requisites of the issuance of equitable relief' including 'the inadequacy of remedies at law,'" nothing in *Sonner* precludes plaintiffs from doing so in the alternative to remedies at law. Id. at 844 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). Indeed, the Federal Rules of Civil Procedure permit demands for relief in the alternative. Fed. R. Civ. P. 8(a)(3).

*Cepelak v. HP Inc.*, No. 20-CV-02450-VC, 2021 WL 5298022, at *2 (N.D. Cal. Nov. 15, 2021)

There is no adequate remedy at law here because Defendants' wrongs cannot be fully stopped or addressed without public injunctive relief. *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021). In *Zeiger*, the court noted that:

> [M]onetary damages for past harm are an inadequate remedy for the future harm that an injunction under California consumer protection law is aimed at. Zeiger's remedy at law, damages, is retrospective. An injunction is prospective. Damages would compensate Zeiger for his past purchases. An injunction would ensure that he (and other consumers) can rely on WellPet's representations in the future.

*Id.* The court further noted that "*Sonner*'s holding was based on application of traditional federal equitable principles," and that, "[t]he core equitable rule is that simply having *any* remedy at law is not

sufficient to foreclose equitable relief; instead, the remedy must be *adequate*." *Id.* Further, "California's consumer protection laws permit courts to issue injunctions that serve different purposes and remedy different harms than retrospective monetary damages." *Id.*

In *Haas v. Travelex Ins. Servs. Inc.*, defendant similarly argued that, under *Sonner*, plaintiff had an adequate remedy at law. 2021 WL 3682309 at *3 (C.D. Cal. Aug. 19, 2021). The court disagreed, concluding that the plaintiff:

> [S]eeks not only restitution by way of her UCL claim, but also a prospective injunction directing Defendants to provide refunds to Plaintiff and the class, and to cease the taking and keeping of unearned premiums. This injunctive relief is not an available remedy at law; moreover, its presence in the Complaint distinguishes this case from *Sonner*. *See* 971 F.3d at 842 ("Injunctive relief is not at issue . . . .") Accordingly, Haas has sufficiently pleaded an inadequate remedy at law."

*Id*. (first citation omitted).

Similarly, the court rejected this same argument in *Glassburg v. Ford Motor Co.*, No. 221CV01333ODWMAAX, 2021 WL 5086358 at *7 (C.D. Cal. Nov. 2, 2021). In *Glassburg*, the court noted that plaintiff:

> [S]eeks a prospective injunction "ordering Defendant to extend repair and replacement remedies to all Class members in California." As a result, the court held that "[t]his injunctive relief is not an available remedy at law; moreover, its presence in the FAC distinguishes this case from *Sonner*. 971 F.3d at 842 ("Injunctive relief is not at issue."). Accordingly, Glassburg has sufficiently pleaded an inadequate remedy at law.

*Id*. (first citation omitted).

For the same reasons, the court refused to apply *Sonner* so as to preclude a request for injunctive relief in *In Re: Stubhub Refund Litig.*, 20-MD-02951-HSG, 2021 WL 5447006 at *12 (N.D. Cal. Nov. 22, 2021). There, the court held that, "[a]lthough Defendant may disagree with the likelihood of such future harm, the Court finds that Plaintiffs have adequately established that their requested injunctive relief is designed to prevent future harm to members of the public and not just the specific named Plaintiffs or class members." *Id.*

As stated above, these Default Provisions will govern customer defaults and transfers over the next 20 years (less one month) and will impact real property sales, home refinancing, the government's right to recapture Investment Tax Credits and rebates, bankruptcy, and more. Plaintiff cannot seek

damages to prevent the future harm of PPAs being passed from one homeowner to the next upon sale of a house with Vivint solar panels attached. Damages also cannot stop Defendants from enforcing their unlawful Default Provisions against future homebuyers. Therefore, Plaintiff may seek public injunctive relief.

### F. An Order Enjoining Unfair and Unlawful Business Practices Is Not Moot

Finally, Defendants argue that an order enjoining Vivint Solar from engaging in unfair or unlawful business practices is moot because, due to Sunrun's acquisition of the company, Vivint Solar has no employees and is no longer initiating *new* PPAs (at least under the Vivint Solar name). Defendants' Motion at 8–9. Defendants admit that "A small number of prospective customers who had already initiated the sales process, before November 8, may complete that process by signing a Vivint Solar PPA." *Id.* at 9. As noted above, however, that argument misses the mark because Vivint Solar customers still face the onerous Default Provisions, and those may be transferred to future homeowners. Moreover, Plaintiff has only discovered minimal information about Sunrun. Plaintiff must have the opportunity to investigate Sunrun and its relationship to Vivint Solar before the Court disposes of any of Plaintiff's claims.

Setting this problem aside, however, an order enjoining Vivint Solar from enforcing their unlawful contract terms would not be moot. "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.*, 565 F.3d 545, 559 (9th Cir. 2009) (quoting *Serena v. Mock*, 547 F.3d 1051, 1053 (9th Cir. 2008)). There is a present controversy here because Vivint Solar *could* initiate more PPAs at any point, and *will* continue to enforce them against current and future customers. Relief can be granted through an injunction preventing Defendants from doing this or enforcing these unlawful default prices in the future.

Furthermore, "'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot.'" *DeFunis v. Odegaard*, 416 U.S. 312, 318 (1974) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)). The voluntary cessation of conduct complained of can make a case moot "only if it can be said with assurance that 'there is no reasonable expectation that the wrong will be repeated.' Otherwise, '[t]he

17

defendant is free to return to his old ways." *Id.* (quoting *W.T. Grant Co.*, 345 U.S. at 644) (alteration in original) (citations omitted). Here, although Defendants claim Vivint Solar will not initiate any more PPAs, they have not supported that assertion with facts or evidence, and fail to address the future harm from the existing PPAs to current customers and members of the public. Therefore, the case is not moot and triable issues exist.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Partial Summary Judgment.

Dated: December 2, 2021                                **MATERN LAW GROUP, PC**

By:   s/ Corey B. Bennett
MATTHEW J. MATERN
JOSHUA D. BOXER
COREY B. BENNETT
Attorneys for Plaintiff GERRIE DEKKER,
individually and on behalf of all others similarly situated