Fred Norton (SBN 224725)
fnorton@nortonlaw.com
Bree Hann (SBN 215695)
bhann@nortonlaw.com
George C. Harris (SBN 111074)
gharris@nortonlaw.com
Esther K. Chang (SBN 258024)
echang@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendants
VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC.,
VIVINT SOLAR DEVELOPER, LLC, and
VIVINT SOLAR PROVIDER, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GERRIE DEKKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No. 3:19-CV-07918-WHA**<br><br>**DECLARATION OF ESTHER KIM CHANG PURSUANT TO CIVIL L.R. 79-5(f)(3)** |

| | |
|---|---|
| 1 | I, Esther Kim Chang, state and declare as follows: |
| 2 | 1.     I am a Partner at the Norton Law Firm PC and serve as counsel for Defendants Vivint |
| 3 | Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer, LLC, and Vivint Solar Provider, LLC |
| 4 | (collectively, "Vivint Solar") in this action.  I make this declaration based on my own personal |
| 5 | knowledge and knowledge obtained through my representation of Vivint Solar in this case.  I have |
| 6 | personal knowledge of the facts stated in this declaration, and if called to testify, I could and would |
| 7 | testify competently thereto. |
| 8 | 2.     I submit this declaration as required by Civil Local Rule 79-5(f)(3) in connection with |
| 9 | Plaintiff's Administrative Motion to File Under Seal its Motion for Class Certification (Dkt. 193).  In |
| 10 | support of that motion, Plaintiff filed the Declaration of Corey B. Bennett (Dkt. 193-1, "Bennett |
| 11 | Declaration"), which states that Plaintiff seeks to include in her Motion for Class Certification |
| 12 | (Dkt. 194) certain information taken from discovery material marked confidential pursuant to the |
| 13 | Stipulated Protective Order in this case (Dkt. 72). |
| 14 | 3.     I have reviewed the infromation filed under seal and confirmed that only the portions |
| 15 | identified below merit sealing: |

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit 4 (Excerpts of deposition transcript of Colton Burr) (Dkt. 193-5) | Entire Document |
| Exhibit 6 (VSLR0000954) (Dkt. 193-7) | Entire Document |
| Exhibit 7 (VSLR0000955) (Dkt. 193-8) | Entire Document |
| Exhibit 2 (Declaration of Nora Ostrofe) (Dkt. 193-4) | Page 3 at lines 10-20; Page 4 at lines 12-19; Page 5 at lines 1-10 and 13-14; Footnote 3 at lines 22-25; Page 6 at lines 10-20; Page 7 at lines 1-2, 4-5, 11-15, and 19-22; Footnote 8 at lines 23-25; Page 8 at lines 1-12; Page 10 at lines 2-5; and Page 11 at Table 1 at lines 5 and 7. |
| Plaintiff's Proposed Trial Plan | Page 7 at lines 6-11 and 22-26. |

DECLARATION OF E. KIM CHANG PURSUANT TO CIVIL L.R. 79-5(f)(3)     1
CASE NO. 3:19-CV-07918-WHA

| Document | Portions to Be Filed Under Seal |
|---|---|
| Plaintiff's Motion for Class Certification | Page 3 at lines 8-11 and 12-15; Page 4 at lines 13-15 and 17-19; Page 5 at lines 1-4, 5-6, 9-10, 23-26; and Page 6 at lines 1-2. |

4. A party seeking to seal material attached to motions must offer "compelling reasons" that are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). "Compelling reasons" to seal material include the possibility that disclosure of the material through public court filing would "'harm a litigant's competitive standing.'" *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Under the "compelling reasons" standard, courts in this Circuit "have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *In re MacBook Keyboard Litig.*, 2019 WL 8955362, at *1 (N.D. Cal. June 12, 2019) (granting in part Apple's motion to seal internal and confidential testing and design information); *In re Elec. Arts, Inc.*, 298 F. App'x at 569–70 (holding that a licensing agreement containing "pricing terms, royalty rates, and guaranteed minimum payment terms . . . plainly falls within the definition of 'trade secrets'" and was appropriate material for sealing); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *5 (N.D. Cal. Mar. 17, 2017) (granting a request to seal "competitively sensitive financial information" concerning advertising expenses and specific revenue streams under the "compelling reasons" standard). A "trade secret," for sealing purposes, "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x at 569–70. There are compelling reasons to seal each of these documents or portions of documents.

5. *__Exhibit 4__*. Vivint Solar designated the transcript of the Rule 30(b)(6) deposition of Colton Burr as "Highly Confidential" under the protective order. The excerpts of the deposition transcript included in Exhibit 4 are confidential and sealable for the following compelling reasons:

a. The information is not publicly available in any corporate filing or disclosure.

b. The information is competitively sensitive and includes non-public information about Vivint Solar's strategy for marketing to investors; its method for calculating the contract termination fees, including default payments; non-public data and statistics regarding customer terminations; and non-public plans for the future of its business operations. Were this information publicly disclosed, third-party investors could use it to their advantage in future negotiations with Vivint Solar, while competitors of Vivint Solar could use it to unfairly compete with Vivint Solar.

c. Vivint Solar treats this information as confidential beyond the scope of this litigation, including in its day-to-day business operations and non-legal, public-facing obligations. Vivint Solar does not disclose this competitively sensitive information to the public. Vivint Solar places strict limits on who has access to this information and makes efforts to keep this information secure and confidential.

d. The public release of this information to competitors, customers, and the general public through public filing could lead to competitive and economic harm to Vivint Solar.

6. For the same reasons, the following references to Exhibit 4 (Excerpts of deposition transcript of Colton Burr) relating to sensitive and confidential information should be sealed in the following documents:

a. Exhibit 2 (Declaration of Nora Ostrofe) at Page 3 at lines 10-20;[1] Page 4 at lines 12-19; Page 5 at lines 1-10 and 13-14; Footnote 3 at lines 22-25; Page 6 at lines 10-20; Page 7 at lines 1-2; Page 8 at lines 1-12; Page 10 at lines 2-5; and Page 11 at Table 1 at lines 5 and 7.

b. Plaintiff's Proposed Trial Plan at Page 7 at lines 6-11 and 22-26.

---

[1] Plaintiff failed to include a reference to Page 3 at lines 10-20 of Exhibit 2 in the Bennett Declaration in support of Plaintiff's administrative motion to file under seal (Dkt. 193-1) or proposed order (Dkt. 193-2) but redacted these portions in the publicly filed version of Exhibit 2 (Dkt. 193-4). Defendants request that the Court seal this material despite Plaintiff's failure to properly reference these lines in the administrative motion to file under seal papers.

1    c. Plaintiff's Motion for Class Certification at Page 3 at lines 8-11 and 12-15; Page 4
2    at lines 13-15 and 17-19; Page 5 at lines 1-4, 5-6, 9-10, 23-26; Page 6 at lines 1-2.

7. ***Exhibt 6***. Vivint Solar designated VSLR0000954 (Exhibit 6) as "Highly Confidential" under the protective order. The following compelling reasons justify sealing this document:

    a. The document contians sensitive information regarding the method of calculating default payments that is not publicly available in any corporate filing or disclosure.

    b. This information is competitively sensitive. The default payment price for a system is tied to the economic value that the system is expected to generate for Vivint Solar and third-party investors who finance the design, permitting, and construction of the system. Vivint negotiates at arm's length with those third-party investors, who are repeat players in such financing transactions. If the method for calculating the default payment price of Vivint Solar's solar energy systems were publicly disclosed, those third-party investors could use that information to their advantage in future negotiations. Likewise, competitors of Vivint Solar could use this otherwise unavailable information about Vivint Solar's pricing strategies to compete with Vivint Solar for investors.

    c. The components of the default price and how it is calculated are also competively sensitive. All of Vivint Solar's competitors in the third-party-owned solar industry (where solar energy companies incur the upfront cost of designing, permitting, and constructing a solar energy system and continue to own and maintain the system, in exchange for a customer's agreement to make regular payments for a 20-year term) must contend with the possibility and reality of customer defaults as a cost of doing business. To the extent that Vivint Solar is more effective than other companies in identifying and recovering some or all of the costs of a default, it has a competive advantage.

    d. Vivint Solar treats this information as confidential beyond the scope of this litigation, including in its day-to-day business operations and non-legal, public-facing obligations. Vivint Solar does not disclose the competitively sensitive information contained in

1  VSLR0000954 to the public. Vivint Solar places strict limits on who has access to this
2  information and makes efforts to keep this information secure and confidential.
3          e.      The public release of this information to competitors, customers, and the general
4  public through public filing could lead to competitive and economic harm to Vivint Solar.
5      8.  For the same reasons, the following references to Exhibit 6 (VSLR0000954) relating to
6  sensitive and confidential information should be sealed in the following documents:
7          a.      Exhibit 2 (Declaration of Nora Ostrofe) at Page 7 at lines 4-5 and 19-22.
8          b.      Plaintiff's Motion for Class Certification at Page 4 at lines 13-15.
9      9.  *Exhibit 7*. Vivint Solar designated VSLR0000955 (Exhibit 7) as "Highly Confidential"
10 under the protective order. The following compelling reasons justify sealing this document:
11         a.      This document contains detailed customer information and data, including
12 information that is not publicly available in any corporate filing or disclosure.
13         b.      This document contains competitively sensitive information relating to unique
14 and proprietary customer contract terms and structures. This information includes customer
15 default data, proprietary formulas for contract terms and fees, and detailed informaiton regarding
16 the tax incentives and burdens associated with customer accounts. If Vivint Solar's competitors
17 were able to access this otherwise non-public information, those competitors could undercut
18 Vivint Solar on terms and pricing for similar solar system products.
19         c.      Vivint Solar treats this information as confidential beyond the scope of this
20 litigation, including in its day-to-day business operations and non-legal, public-facing
21 obligations. Vivint Solar does not disclose information contained in VSLR0000955 to the
22 public. Vivint Solar places strict limits on who has access to this information and makes efforts
23 to keep this information secure and confidential.
24         d.      The public release of this information to competitors, customers, and the general
25 public through public filing could lead to competitive and economic harm to Vivint Solar.
26     10. For the same reasons, the following references to Exhibit 7 (VSLR0000955) relating to
27 sensitive and confidential information should be sealed in the following documents:
28

|   |   |
|---|---|
| 1 | a. Exhibit 2 (Declaration of Nora Ostrofe) at Page 7 at lines 4-5 and 19-22; Footnote |
| 2 | 8 at lines 23-25. |
| 3 | b. Plaintiff's Motion for Class Certification at Page 5 at lines 1-4. |
| 4 | 11. ***Exhibit 2 at Page 7, lines 11-15***. In addition to the portions of Exhibit 2 referenced in |
| 5 | Paragraphs 5-10 above, Exhibit 2 at Page 7 at lines 11-15 references material contained in a document |
| 6 | titled "4/31/16 Marshall Stevens: A Prospective Valuation for To Be Constructed Residential Solar PV |
| 7 | Systems in Thirteen States," which was produced under a "Highly Confidential" designation by Vivint |
| 8 | Solar with Bates stamp VSLR0005107. This document, including the information referenced in |
| 9 | Exhibit 2, constitutes competitively sensitive informaiton about Vivint Solar's business model and |
| 10 | strategy, project valuations, and other non-public, competitively sensitive informaiton. The public |
| 11 | release of this information to competitors, customers, and the general public through public filing could |
| 12 | lead to competitive and economic harm to Vivint Solar. Accordingly, this portion of Exhibit 2 should be |
| 13 | sealed. |
| 14 | 12. ***Material for which Vivint Solar does not seek sealing***. Plaintiff filed under seal |
| 15 | Exhibit 5 (Plaintiff's Residential Purchase Power Agreement) (Dkt. 193-6), but Vivint Solar does not |
| 16 | seek to seal this document, as the document has previously been filed publicly in this case (Dkt. 25-1), |
| 17 | and Vivint has produced copies of this document without any confidentiality designation. |
| 18 | 13. Plaintiff also filed under seal Exhibit 8 (VLSR0000199-200) (Dkt. 193-9), but Vivint |
| 19 | Solar produced this document without any confidentiality designation and does not seek to seal this |
| 20 | document. |
| 21 | 14. Plaintiff also filed under seal Exhibit 11 (Transcript of October 21, 2021 discovery |
| 22 | hearing) (Dkt. 193-10) as a document containing Vivint Solar confidential information, but the hearing |
| 23 | was a public hearing and Vivint Solar did not seek to seal the courtroom. Accordingly, Vivint Solar |
| 24 | does not seek to seal the transcript of that hearing. |
| 25 | 15. Plaintiff also filed under seal Exhibit 12 (DEKKER000423) (Dkt. 193-11), but Plaintiff |
| 26 | Dekker—not Vivint Solar—produced this document. Vivint Solar has never maintained that this |
| 27 | document contains Vivint Solar confidential informaiton. |
| 28 | |

16. Plaintiff also filed under seal Page 5 at lines 12-15 of her Motion for Class Certification, but Vivint Solar does not maintain that this portion merits sealing.

17. Plaintiff also filed under seal Page 5 at lines 21-22 and page 8 at lines 9-17 of their Proposed Trial Plan, but Vivint Solar does not maintain that these excerpts merit sealing.

18. The relief requested in Plaintiff's Administrative Motion to File Under Seal its Motion for Class Certification (Dkt. 193) and this declaration is narrowly tailored to protect the confidentiality of sensitive information contained in Exhibit 2 (Delaration of Nora Ostrofe), Exhibit 4 (Excerpts of deposition transcript of Colton Burr), Exhibit 6 (VSLR0000954), Exhibit 7 (VSLR0000955), Plaintiff's Proposed Trial Plan, and Plaintiff's Motion for Class Certification. Plaintiff seeks only to seal specific, limited portions of Plaintiff's filing that directly reference highly confidential information, which is necessary and appropriate to protect the contents of those documents from public release. Further, due to the commercially sensitive nature of this material, there is no less restrictive alternative to protect this information from public release.

19. Because the material that Plaintiff seeks to file under seal is sealable and contains Vivint Solar's competitively sensitive information, it should be sealed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of December 2021 in San Rafael, California.

*/s/ Esther Kim Chang*

Esther Kim Chang