UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERRIE DEKKER, et al.,

    Plaintiffs,

    v.

VIVINT SOLAR, INC., et al.,

    Defendants.

No. C 19-07918 WHA

**ORDER RE MOTION TO SEAL**

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The compelling reasons standard applies to most judicial records. Evidentiary motions such as motions *in limine* and *Daubert* motions can be strongly correlative to the merits of a case. *Id.* at 1098–1100.

In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is sealable. Civ. L.R. 79-5(d)(1)(A). For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant

sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information because it "is not necessary to the public's understanding of the case." *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

"Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). "Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5).

Vivint seeks to seal material in the following documents: (1) plaintiffs' opposition to motion for judgement on the pleadings (Dkt. No. 133-4); and (2) the Bennett declaration in support of plaintiffs' opposition to the motion for judgement on the pleadings (Dkt. No. 133-6).

Upon review of the supporting Makin Declaration (Dkt. No. 136), the material in question concerns sensitive financial information including the average default payment price and how it is calculated, the disclosure of which could cause Vivint competitive harm. At this stage in the litigation, the request is **GRANTED**. Should, however, this information become more relevant in future aspects of the proceedings, the public interest may increase, perhaps leading to a different decision on future sealing requests.

**IT IS SO ORDERED.**

Dated: March 9, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE