UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERRIE DEKKER, et al.,

      Plaintiffs,

  v.

VIVINT SOLAR, INC., et al.,

      Defendants.

No. C 19-07918 WHA

**OMNIBUS ORDER RE MOTIONS TO SEAL**

This order handles the motions to seal filed in conjunction with plaintiff's opposition to Vivint's motion for summary judgment as well as the motion for class certification and related filings.

1.     THE LEGAL STANDARD.

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The compelling reasons standard applies to most judicial records. Evidentiary motions such as motions *in*

*limine* and *Daubert* motions can be strongly correlative to the merits of a case. *Id.* at 1098–1100.

In addition, sealing motions filed in this district must contain a specific statement that explains: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. The material requested to be sealed must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c). For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information because it "is not necessary to the public's understanding of the case." *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

2. **OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.**

Plaintiff filed conditionally under seal certain material supporting her opposition to Vivint's motion for partial summary judgment (Dkt. No. 190). Vivint filed a declaration in support of sealing these documents (Dkt. No. 198). The sealing requests that this order grants are narrowly tailored. This order rules as follows:

2

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 190-5 | Exhibit 1 (VSLR0000954) to the Declaration of Corey B. Bennett in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment | GRANTED. | Contains specific and detailed confidential information, the public disclosure of which could cause Vivint competitive harm (Chang Decl. ¶ 5). |
| 190-6 | Exhibit 2 (Excerpts of deposition transcript of Colton Burr) to the Declaration of Corey B. Bennett in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment | DENIED. | *First*, Vivint's request is overbroad and not narrowly tailored. For example, Vivint seeks to seal the following exchange: "Q. Generally speaking, Vivint Solar has written policies regarding the calculation of customer default payments; right? A. Vivint Solar's default payment calculation is on the face of the customer agreement, and that how we manage to. So we rely upon the specific calculation as referred to in the customer agreement" (Depo. 32). These and other portions of the document clearly do not qualify for sealing. Other proposed redactions go to the very heart of this litigation, concerning, *e.g.*, whether Vivint attempted to calculate the loss it would incur due to a customer default (*id.* at 109–10, 112, 140). For these and other requested redactions, there exists a particular strong presumption of public visibility.<br><br>*Second*, Vivint's justifications for sealing do not qualify as compelling. Simply being marked as highly confidential is insufficient. Vivint also explains that that material addresses "Vivint Solar's strategy for marketing to investors; its method for calculating the contract termination fees, including default payments; non-public data and statistics regarding customer terminations; and non-public plans for the future of its business |

3

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| | | | operations" (Chang Decl. ¶ 6). But many of the proposed redactions cover these issues at a high level of abstraction and Vivint has failed to explain how those general statements would harm its competitive standing. For example: "Q. Has Vivint Solar ever hired a third-party appraiser to determine its losses in the event of customer default? A. No" (Depo. 140). Without more, Vivint has failed to provide compelling reasons for sealing. |
| 208 | Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment. | DENIED. | As an initial matter, the proposed redactions here include material at the heart of our litigation so there is a strong presumption of public visibility in this instance. Vivint argues the proposed redactions should be sealed for the same reasons given for exhibit 2 (Chang Decl. ¶ 7). For the same reasons given above, the request is denied. |

3.   **CLASS CERTIFICATION.**

Vivint moves to seal material it submitted in opposition to plaintiff's motion for class certification (Dkt. Nos. 193, 212, 213, 217). Vivint also filed declarations in support of sealing material plaintiff lodged conditionally under seal (Dkt. Nos. 199, 221). This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 193-15 | Class Certification Motion Exhibit 4 (Excerpts of deposition transcript of Colton Burr) | DENIED. | Vivint's proposed redactions are not narrowly tailored. For example, Vivint seeks to seal the following exchange: "So there are two tabs on this Excel Document. We are on the 'Default Price' notes tab. And it appears to summarize what goes into default payment calculations under different PPA versions; is that fair? A. Yes, that's correct" (Depo. 40). It also seeks to seal testimony regarding the number of version 1.0 PPAs were signed (*id.* at 132). Beyond seeking to |

| | | | |
|---|---|---|---|
| | | | seal general or public material, Vivint's overbroad request also seeks to seal material at the heart of this litigation, such as Vivint's efforts to document its pecuniary loss in the event of a customer default (*id.* at 109, 140).<br><br>Further, for the reasons stated above for Dkt. No. 190-6, Vivint has failed to adequately explain how the disclosure of this information would disadvantage Vivint in future negotiations or competition with third parties (*see* Chang Decl. ¶ 5). |
| 193-17 | Class Certification Motion Exhibit 6 (VSLR0000954) | GRANTED. | *See entry for Dkt. No. 190-5.* |
| 193-18 | Class Certification Motion Exhibit 7 (VSLR0000955) | GRANTED. | *See entry for Dkt. No. 190-5.* |
| 193-14 | Class Certification Exhibit 2 (Declaration of Nora Ostrofe) | DENIED. | Vivint says exhibit 2 should be sealed for the same reasons it provides for exhibits 4, 6, and 7 — Dkt. Nos. 193-15, 193-17, and 193-18, respectively (Chang Decl. ¶¶ 6, 8, 10). *First*, for the same reasons stated above for Dkt. No. 193-15, Vivint's stated justifications do not qualify as compelling. *Second*, Vivint seeks to seal page 7, lines 4–5 and 19–22 for the same reasons provided for 193–17 and 193-18. However, the material in question here lacks the specific details contained within the underlying cited documents and, as such, do not implicate the concerns regarding competitive harm. Further, the request is overbroad and contains information explicitly from the (public) 1.0 version of the PPA. Because of this, this order cannot determine what specific information would cause competitive harm should it be disclosed. Vivint does not provide this information. Because Vivint's reasons for sealing fail to provide sufficient detail to determine whether competitive harm |

5

| | | | would result from disclosure, its reasoning cannot be called compelling.<br><br>Further, Vivint provides an additional justification to seal page 7, lines 11–15 on the basis they reference a document Vivint uses for tax purposes (Chang Decl. ¶ 11). But merely referencing this document does not harm Vivint competitively, and Vivint does not provide a compelling reason to think otherwise.<br><br>*See also entry for Dkt. No. 190-6.* |
|---|---|---|---|
| 193-13 | Plaintiff's Motion for Class Certification | DENIED. | Vivint contends plaintiff's motion for class certification should be sealed for the same reasons as exhibits 4, 6, and 7 — Dkt. Nos. 193-15, 193-17, and 193-18, respectively (Chang Decl. ¶¶ 6, 8, 10). For the same reasons provided for Dkt. No. 193-14, these justifications fail. |
| 193-22 | Plaintiff's Proposed Trial Plan | DENIED. | Vivint contends plaintiff's proposed trial plan should be sealed for the same reasons as exhibits 4 (Chang Decl. ¶ 6). For the same reasons provided for Dkt. No. 193-15, these justifications do not qualify as compelling. |
| 213-7 | Exhibit 3 (Excerpts of deposition transcript of Colton Burr) to Declaration of Esther Kim Chang in Support of Opposition | DENIED. | *See entries for Dkt. Nos. 190-6 and 193-15.* |
| 213-13 | Exhibit 8 (VSLR0005089) to Chang Declaration | GRANTED. | Contains specific and detailed confidential information regarding appraised values of particular Vivint systems, the public disclosure of which could cause Vivint competitive harm (Chang Decl. ¶ 6). |
| 213-15 | Exhibit 9 (VSLR0005924) to Chang Declaration | GRANTED. | Exhibit 9 is a third-party appraisal of a typical residential solar panel installation in California with an effective date of June 13, 2012. Vivint generally argues that the information contained within is |

| | | | |
|---|---|---|---|
| | | | competitively sensitive and would affect its relationships with investors and competitors alike (Chang Decl. ¶ 7). Vivint introduced this exhibit to supports its argument on an important merits issue in this litigation. This counsels against sealing. But at this stage, the relevancy of the document lies in its existence, not necessarily in its details. Consequently, this order will keep the substance of the appraisal confidential for now. This order forewarns Vivint, however, that farther along in these proceedings, should the document be admitted at trial or its substance otherwise addressed in further detail, the sealing calculus would be different, and it would be unlikely Vivint could continue to justify keeping the document under seal. |
| 213-17 | Exhibit 10 (Excerpts of deposition transcript of Nora Ostrofe) to Chang Declaration | DENIED. | Vivint seeks to seal pages 8–74 of the transcript of Expert Ostrofe's deposition. This request is flatly overbroad. It includes questions regarding the metes and bounds of the opinions Ostrofe was providing and other general question (Depo. 29–31), broad questions about renewable energy finance (*id.* at 63–69), and conversation regarding logistical issues that arose during the course of the deposition (*id.* at 190). Vivint's explanation that all of this material is competitively sensitive is boilerplate and does not raise to the level of a compelling reason to seal. |
| 212-4 | Defendants' Opposition to Plaintiff's Motion for Class Certification | DENIED. | Vivint seeks to seal two portions of its opposition. *First*, Vivint contends page 17, lines 20–27 should be sealed for the same reasons as exhibit 3 (Chang Decl. ¶ 5). For the reasons given above, those arguments fail. *Second*, Vivint argues lines 24–27 of page 17 should be sealed for the additional reasons provided for Exhibits 8 and 9 (*id.* ¶¶ 6, 7). However, the material in question here |

| | | | |
|---|---|---|---|
| | | | lacks the specific details contained within the underlying cited documents and, as such, do not implicate the concerns regarding competitive harm. This information also goes to the heart of this litigation so there is a strong presumption of public visibility in this instance. Vivint's justifications do not rank as compelling for this proposed redaction.<br><br>Further, Vivint contends lines 10–13 of page 20 should be sealed for the same reasons as the Ostrofe declaration (Chang Decl. ¶ 9). This request is denied for the same reasons just provided as well as those set out in the entry for Dkt. No. 193-14. |
| 217-4 | Exhibit 5 to Declaration of Corey B. Bennett in Support of Application for Leave to File Under Seal (Excerpts of deposition transcript of Colton Burr) | DENIED. | *See entries for Dkt. Nos. 190-6 and 193-15.* |
| 217-3 | Plaintiff's Reply in Support of Plaintiff's Motion for Class Certification | DENIED. | The excerpts that Vivint seeks to seal — Page 8, lines 3–7, and Page 13, lines 18–26 — go to the heart of this litigation so there is a strong presumption of public visibility in this instance. Vivint provides no more than a boilerplate statement that competitive harm would result if the excerpts were disclosed (Chang Decl. ¶¶ 4–5). Further, Vivint does not provide a compelling reason to seal for the same explanation provided in the entries for Dkt Nos. 109-6 and 193-15. |

**CONCLUSON**

The administrative motions to seal are **GRANTED IN PART** and **DENIED IN PART**. The parties shall refile all relevant documents in full compliance with this order by no later than **JUNE 2**. **IT IS SO ORDERED.**

Dated: May 5, 2022.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE