UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERRIE DEKKER,

        Plaintiff,

  v.

VIVINT SOLAR, INC., et al.,

        Defendants.

No. C 19-07918 WHA

**ORDER RE MOTION FOR LEAVE TO AMEND ADMISSIONS**

    In this unfair business practices class action suit, plaintiff failed to respond to defendants' first set of requests for admission, so those 82 RFAs were all deemed admitted. Plaintiff now moves for relief from her failure and to provide new responses. To the extent stated, the motion is **GRANTED IN PART** and **DENIED IN PART**.

    Thirty days before the close of fact discovery, on March 1, 2022, defendant Vivint Solar Inc., in its various corporate forms, served 82 RFAs on representative plaintiff Gerrie Dekker. The deadline for responding to those RFAs came and went without plaintiff serving any answers or objections. Now counsel claims oversight:

> Although my legal assistant prepared draft responses to both the Special Interrogatories and RFAs, my team and I mistakenly overlooked the RFAs and focused our efforts solely on working with our client to respond to the Special Interrogatories, which we served on March 31, 2022. As the most senior attorney with day-to-day responsibilities for this case, I take full responsibility for this embarrassing omission . . . .

(Boxer Decl. ¶ 4). Pursuant to Rule 36(a)(3), if a respondent does not answer or object to an RFA by the applicable deadline, it is deemed admitted.

On April 21, Vivint served the opening report of Expert Leland Price. Two weeks later, plaintiff served an opposition report. Vivint then deposed plaintiff's expert only to find that the expert's testimony conflicted in part with that of an earlier plaintiff expert from our class certification proceedings. Vivint pointed this out and noted that the new expert was at odds with the requests for admission as well, requests for admission by then deemed admitted by failure to deny.

On June 7, plaintiff served untimely answers and objections to 81 of the 82 RFAs. After a meet-and-confer proved unsuccessful, plaintiff filed a letter brief requesting leave to amend her RFA responses. An order set a briefing schedule for formal motion practice on the issue. This order follows full briefing — including supplemental briefing on admissibility issues — and oral argument.

Rule 36(b) provides that district courts "*may*" exercise discretion in granting relief from an admission made under Rule 36(a) when both (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to demonstrate that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2017). The second prong focuses on the prejudice that the nonmoving party would suffer proving its case at trial. *Id.* at 623. If the moving party has satisfied the requirements of the two-pronged test, a district court may also consider additional factors such as "whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id.* at 625.

As an initial matter, plaintiff's proposed amended responses admit RFA Nos. 1, 13, 14, 16, 17, 18, 21, 22, 28, 34, 35, 37, 39, 48, and 51. Accordingly, no dispute exists regarding these RFAs, so the request to amend those responses is moot. Furthermore, Vivint has withdrawn RFA Nos. 10 and 12. This order proceeds to consider the remaining RFAs.

For the following reasons, this order will permit amendments for RFA Nos. 6, 11, 15, 25, 27, 29, 41, 44, 46, 56, 57, 58, 60, and 62.

*First*, holding plaintiff and the class to the deemed admissions for these fourteen RFAs would frustrate presentation of the merits. They go to the heart of this litigation. In particular:

> RFA No. 6: ADMIT that at the time a customer signed Version 1 of a Vivint Solar PPA, it was impracticable to fix (as that term is used in Cal. Civ. Code Section 1671(d)) the actual damage that Vivint Solar would incur as a result of that customer's breach.
>
> RFA No. 56: ADMIT that, in 2012, a third-party appraiser concluded that $6.90 per Watt was a reasonable estimate of the value of a typical Vivint Solar energy system installed on a home in California.
>
> RFA No. 57: ADMIT that, in 2012, 6.90 per Watt was a reasonable estimate of the value of a typical Vivint Solar solar energy system installed on a home in California.
>
> RFA No. 58: ADMIT that, at the time Plaintiff Gerrie Dekker signed her Vivint Solar PPA, Vivint Solar had been informed that $6.90 per Watt was a reasonable estimate of the value of a typical Vivint Solar solar energy system installed on a home in California.
>
> RFA No. 60: ADMIT that Plaintiff Gerrie Dekker has not suffered any economic harm as a result of having a Vivint Solar solar energy system on her home.

Permitting conclusive admissions for these RFAs would frustrate fair resolution on the merits of core material disputed facts and legal conclusions. Remember, California law uses a "reasonable endeavor" test to evaluate the validity of a liquidated damages clause (*see* Dkt. No. 230 at 7–8). Admissions to RFA Nos. 6, 41, 44, 46, 56, 57, and 58 would conclusively establish various aspects of that analysis. Admissions to RFA Nos. 60 and 62, in turn, would create an Article III standing issue for the representative plaintiff. Default admissions for the other RFAs listed above, although not as key to the principal issues for this litigation, would also undercut the merits.

Vivint says that the deemed admissions to these RFAs would not resolve all the disputed issues and argues plaintiff has not shown that "upholding the admissions would practically eliminate any presentation of the merits of the case" (Br. 7, citing *Conlon*, 474 F.3d at 622). But that stretches the reasoning of *Conlon* and the opinion it quotes, *Hadley v. United States*,

3

45 F.3d 1345 (9th Cir. 1995). *Hadley* held the practical elimination of the merits sufficient, not necessary, to justify amendment. *Id.* at 1348; s*ee also, e.g.*, *Milliner v. Mutual Secs., Inc.*, 2017 WL 2591864, at *5 (N.D. Cal. June 15, 2017) (Judge Thelton E. Henderson). Given the significance of these deemed admissions, this order finds presentation of the merits served by amendment.

*Second*, as to these fourteen RFAs, Vivint has not demonstrated prejudice warranting denying amendment. Vivint's arguments on this point focus on the opinions provided by plaintiff's expert witness at an earlier stage in the proceedings. For the December 2021 class certification motion, plaintiff relied on a declaration provided by a different expert, one Nora Ostrofe. Vivint deposed Expert Ostrofe in January 2022. Vivint argues that it crafted many of the RFAs it served in March — including Nos. 6, 11, 25, 27, 56, 57, and 58 — to lock down her testimony. In particular, her admissions on the impracticability of fixing the actual damage caused by a customer's breach of contract.

For trial, plaintiff chose not to designate any expert for its case-in-chief. But Vivint did. Vivint's designation of Expert Price prompted plaintiff to cross-designate Expert McFarlane, not Expert Ostrofe, by way of opposition. Vivint argues that the new expert's rebuttal report contradicts the deemed admissions and Expert Ostrofe's testimony. Permitting amendment of the deemed admissions, Vivint argues, would sanction a "bait and switch" that would force it to "defend a different case" (Opp. 10).

Amendment of the specific RFAs this order permits would not prejudice Vivint at trial. It does not face a sudden need to gather new evidence. Indeed, "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth.'" *Hadley*, 45 F.3d at 1348 (citation omitted). Furthermore, plaintiff has provided evidence, in the form of Expert McFarlane's report, that these RFAs may not necessarily be true. Plaintiff has somewhat consistently stated a theory of the case contrary to these RFAs, especially RFA Nos. 6, 56, 57, and 58. Indeed, the class certification motion itself presented arguments contrary to the deemed admissions. In granting class certification, the Court expressly did not rely on Expert Ostrofe for any of the points now in dispute.

4

That being said, permitting amendment will result in some prejudice to Vivint. It asserts it relied on the deemed admissions when it chose to forego retaining another expert or providing further expert disclosures on the topics covered by the admissions. To mitigate this potential prejudice, this order gives Vivint three weeks to submit a revised expert report. If the expert relies in part on the Ostrofe testimony or declaration, we will decide at a later time whether it will be permissible to so rely. Future orders regarding admissibility will also follow the sound reasoning in *Andrews v. Plains All Am. Pipeline, L.P.*, 2021 WL 8742741 (C.D. Cal. Nov 10, 2021) (Judge Philip S. Gutierrez), and will likely allow into evidence the deposition testimony of Expert Ostrofe as a party admission pursuant to FRE 801(d)(2)(C). This order makes clear, however, that the Court has not made a final decision on the admissibility issue yet, and Vivint's expert(s) should not assume the Court will permit that testimony into evidence.

*Third*, nothing in the record suggests that plaintiff's failure to respond to the RFAs was anything more than a mistaken oversight by counsel. This was serious, but contrary to Vivint, it was not intentional gamesmanship. In short, plaintiff's request to amend her responses to RFA Nos. 6, 11, 15, 25, 27, 29, 41, 44, 46, 56, 57, 58, 60, and 62 is **GRANTED**.

On the other hand, this order will not permit amendment to the responses for the remaining RFA Nos. 2–5, 7–9, 19, 20, 23, 24, 26, 30–33, 36, 38, 40, 42, 43, 45, 47, 49, 50, 52–55, 59, 61, 63–82. These are not so central to the core issues as to permit relief. Because plaintiff has not carried her burden, leave to amend as to these RFAs is **DENIED**.

Finally, as stated, Vivint has **THREE WEEKS** to disclose a revised expert report. Because this delay cuts too close to our trial date, our trial is **CONTINUED** to **SEPTEMBER 26**. The final pretrial conference is reset to **SEPTEMBER 21**. **IT IS SO ORDERED.**

Dated: July 20, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5