**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Joshua D. Boxer (SBN 280126)
Email: jboxer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

**MATERN LAW GROUP, PC**
Corey B. Bennett (SBN 267816)
Email: cbennett@maternlawgroup.com
Kiran Prasad (SBN 255348)
Email: kprasad@maternlawgroup.com
1330 Broadway, Suite 436
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901

*Class Counsel and Attorneys for
Plaintiff GERRIE DEKKER*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRIE DEKKER, individually and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>vs.<br><br>VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:19-cv-07918-WHA<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: September 29, 2022<br>Time: 8:00 a.m.<br>Courtroom: 12<br>Judge: The Honorable William H. Alsup<br><br>*[Filed and served concurrently with Declarations of Joshua D. Boxer, Gerrie Decker, and Jodey Lawrence; and [Proposed] Order]* |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 29, 2022 at 8:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 12 of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Gerrie Dekker will and hereby does move this Court for entry of an order:

1. Granting preliminarily approval of the proposed class action settlement set forth in the Joint Stipulation of Class Action Settlement and Release of Claims, attached as Exhibit 1 to the Declaration of Joshua D. Boxer;

2. Approving the proposed Notice of Settlement of Class Action and the plan for distribution of the Notice Packets to Class Members;

3. Appointing Phoenix Class Action Administration Solutions as the Settlement Administrator; and

4. Scheduling a Final Approval Hearing.

This motion is made on the grounds that the proposed Settlement is fair, adequate, and reasonable, and the Class Notice fairly and adequately informs the Class Members of the terms of the proposed Settlement, their rights and responsibilities, and the consequences of the Settlement.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declarations of Joshua D. Boxer, Gerrie Dekker, and Jodey Lawrence, and all exhibits thereto,

///
///
///
///
///
///

-2-

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-07918

including the Stipulation, all documents and records on file in this action, and such additional argument, authorities, evidence and other matters that may be presented by the parties at the hearing.

Dated: September 8, 2022    **MATERN LAW GROUP, PC**

By:    */s/ Joshua D. Boxer*
MATTHEW J. MATERN
JOSHUA D. BOXER
COREY B. BENNETT
Class Counsel and Attorneys for Plaintiff
GERRIE DEKKER

# **TABLE OF CONTENTS**

**Pages**

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 2

    A. The Parties ................................................................................................................ 2

    B. Procedural History .................................................................................................... 2

    C. Investigation And Discovery .................................................................................... 4

    D. Settlement Negotiations ........................................................................................... 4

III. SUMMARY OF SETTLEMENT ..................................................................................... 4

    A. The Settlement Class ................................................................................................ 4

    B. Settlement Terms ..................................................................................................... 4

        1. Contractual Changes ..................................................................................... 5

        2. Explanatory Notice ....................................................................................... 5

        3. Defendants' Right To Terminate .................................................................. 6

        4. Class Representative Service Award ............................................................ 6

        5. Class Counsel's Fees and Costs .................................................................... 6

        6. Settlement Administration Costs .................................................................. 6

        7. Class Members' Released Claims ................................................................. 6

        8. Plaintiff's Release ......................................................................................... 7

    C. Class Notice and Settlement Administration ........................................................... 7

    D. Related Cases ........................................................................................................... 8

    E. Comparable Results ................................................................................................. 8

IV. ARGUMENT ...................................................................................................................... 8

    A. The Settlement Meets The Preliminary Approval Requirements ........................... 8

        1. Plaintiff Has Adequately Represented the Class ........................................... 8

        2. The Settlement Is The Product Of Informed, Arm's Length Negotiations ... 9

        3. The Settlement Provides Adequate Relief for the Class ............................. 10

|   |   |   |
|---|---|---|
|   | a. | Costs, Risks and Delay of Further Litigation..................................................10 |
|   | b. | The Effectiveness of the Proposed Method of Distributing Relief to the Class..................................................................................11 |
|   | c. | The Terms of the Proposed Attorney Fee Award ............................................11 |
|   | d. | The Settlement Does Not Provide Preferential Treatment To Plaintiff Or Any Segment Of The Class......................................................11 |
| B. | The Proposed Class Notice Is An Appropriate Form Of Giving Notice And Satisfies Due Process.........................................................................12 |   |
| V. CONCLUSION ...............................................................................................................13 |   |   |

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Churchill Vill., L.L.C. v. GE*,
  361 F.3d 566 (9th Cir. 2004) ............................................................................................. 12

*Deaver v. Compass Bank*,
  2015 WL 4999953 (N.D. Cal. Aug. 21, 2015) ..................................................................... 9

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) .......................................................................................................... 12

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................... 8, 11, 12

*Harris v. Vector Mktg. Corp.*,
  2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ................................................................ 9, 12

*In re Heritage Bond Litig.*,
  546 F.3d 667 (9th Cir. 2009) .............................................................................................. 8

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) .............................................................................................. 8

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) .......................................................................................................... 12

*Officers for Justice v. Civil Serv. Comm'n of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) .............................................................................................. 8

*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ...................................................................................... 11, 12

*Satchell v. Fed. Express Corp.*,
  2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ..................................................................... 9

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ............................................................................................ 12

*Zamora Jordan v. Nationstar Mortg., LLC*,
  2019 WL 1966112 (E.D. Wash. May 2, 2019) .................................................................. 11

**Statutes**

California Civil Code section 1671 ............................................................................................ 6, 7

**Rules**

Federal Rule of Civil Procedure, Rule 23(b)(2) ........................................................................7

Federal Rule of Civil Procedure, Rule 23(e) ..................................................................... 8, 12

Federal Rule of Civil Procedure, Rule 23(e)(2)........................................................................8

Federal Rule of Civil Procedure, Rule 23(e)(3)......................................................................10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Gerrie Dekker, on behalf of a certified class of approximately 955 customers of Defendants Vivint Solar, Inc., Vivint Solar Holdings, Inc., Vivint Solar Developer, LLC, and Vivint Solar Provider, LLC (collectively, "Defendants" or "Vivint"), requests preliminary approval of a Settlement that will bring this heavily litigated action to a successful resolution.

As the Court is well aware, Plaintiff contends that Vivint's Purchase Power Agreements, ("PPAs") impose unlawful liquidated damages provisions on customers who default or wish to transfer their contract to parties who are unwilling to assume the contract's obligations. The proposed Settlement targets those inequities by modifying the terms of the Version 1 PPA, heavily discounting the default and buy-out provisions, saving customers nearly $9,500 if they default or choose to buy out their system.

Specifically, rather than requiring payment of $7.00 per kilowatt hour installed, the modified PPA will call for payment of $4.00 per kilowatt hour installed, which will also be discounted by 5% for each year from the In-Service Date of the System. As to this benefit, Plaintiff notes that while the Version 1 PPA does not include this discount factor, Vivint represents that it has been discounting the payment nonetheless. This Settlement makes that discount mandatory and enforceable.

The Settlement was reached following extensive fact and expert discovery, class certification, numerous other substantive law and motion proceedings, two appeals, and arms-length, non-collusive bargaining between counsel, including two Mandatory Settlement Conferences with Magistrate Judge Ryu. The Settlement does not suffer from any obvious deficiencies or provide preferential treatment to Plaintiff or any segment of the class. In sum, the proposed Settlement is fair, reasonable, and adequate, and should be preliminarily approved.

Additionally, the proposed notice procedure is appropriate and meets all requirements of method and form. The Class Notice will be e-mailed and mailed to Class Members by First Class U.S. Mail at their last known addresses. The Class Notice fairly apprises the Class Members of the terms of the proposed Settlement, and of their rights and options in connection with the Settlement, including the opportunity to exclude themselves. Thus, the proposed notice procedure should be approved.

Accordingly, Plaintiff respectfully requests the Court enter an order (1) granting preliminary approval of the Settlement; (2) authorizing the distribution of the Class Notice to Class Members; and (3) setting a hearing to consider whether to grant final approval of the Settlement.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Parties

Vivint designs, markets, installs, finances, and maintains solar panels and related equipment at residential homes. (Declaration of Joshua D. Boxer ["Boxer Decl."] ¶3) Plaintiff signed a contract with Defendants for solar panels, and specifically Version 1 of the PPA in 2012. (Declaration of Gerrie Dekker ["Dekker Decl."] ¶3) There are approximately **955** Class Members. (Boxer Decl. ¶4)

### B. Procedural History

On December 3, 2019, Plaintiff filed a putative class action complaint against Defendants for equitable and declaratory relief in this Court. (Dkt. 1.) The complaint included causes of action for (1) Unlawful Liquidated Damages (injunctive relief only); (2) Violation of the California Consumers Legal Remedies Act (injunctive relief only); (3) Unlawful Business Practices in Violation of the Unfair Competition Law (injunctive relief only); (4) Unfair Business Practices in Violation of the Unfair Competition Law; and (5) Violation of the California Translation Act. (*Id.*)[1]

On January 17, 2020, Vivint moved to dismiss Plaintiff's claims based on a statute of limitations defense. (Dkt. 24) Plaintiff filed an opposition supported by Plaintiff's declaration. (Dkts. 30, 30-1) On March 24, 2020, the Court denied the motion to dismiss. (Dkt. 47) On April 6, 2020, Plaintiff filed a Motion for Leave to File a First Amended Complaint to add the Translation Act violation as a basis for both damages and injunctive relief under both the Consumer Legal Remedies Act and the Unfair Competition Law, to add a claim for declaratory relief and to otherwise clarify the claims. (Dkts. 52 and 52-2) Defendants filed an opposition to the motion to amend. (Dkt. 57)

---

[1] Several other consumers were included as named plaintiffs in the initial complaint, but were either compelled to arbitration or settled their individual claims and are no longer part of this action. (Dkt. 47) Vivant appealed two of this Court's rulings to which Plaintiffs filed answering briefs. (Dkts. 48, 68, 69, 75-77, 84, 86; Boxer Decl. ¶5) Vivant prevailed on one of the appeals and the other appeal was dismissed because the claims were settled. (Dkt. 175; Boxer Decl. ¶5) Notably, although those appeals did not directly involve Plaintiff Dekker, had Plaintiffs prevailed on the appeals, the class size could have increased. (Boxer Decl. ¶5) Class Counsel will nonetheless scrutinize their billing records prior to filing their motion for an attorney fee award to determine an appropriate fee request. (*Id.*)

On April 7, 2020, Defendants filed an answer to the original complaint. (Dkt. 53) On May 20, 2020, the Court granted Plaintiffs' motion to amend their complaint in part and denied it in part. (DKt. 63) The First Amended Complaint was filed on May 29, 2020. (Dkt. 65) Defendants filed their answer on June 12, 2020 and an amended answer on August 28, 2020. (Dkts. 67, 91)

On February 5, 2021, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint to allege jurisdiction under the Class Action Fairness Act, which Defendants opposed. (Dkt. 112, 117) The Court granted the motion. (Dkt. 121) The Second Amended Complaint was filed on March 5, 2021. (Dkt. 122) Defendants filed their answer on March 19, 2021. (Dkt. 125)

On April 20, 2021, Defendants filed a Motion for Judgment on the Pleadings, which Plaintiffs opposed and which the Court denied except as to an issue pertaining to former-Plaintiff Bautista. (Dkts. 128, 133-3, 140) On June 22, 2021, Plaintiffs sought leave to file a Third Amended Complaint to address isues raised in this Court's order. (Dkt. 143) Vivant opposed the motion. (Dkt. 145) The Court granted the motion. (Dkt. 153) The Third Amended Complaint was filed on January 31, 2022. (Dkt. 214) Defendants filed their answer on February 14, 2022. (Dkt. 219)

On November 18, 2021, Vivant moved for Partial Summary Judgment as to the injunctive relief claims. (Dkt. 188.) Plaintiff opposed the motion. (Dkt. 255) The Court granted the motion in part and denied it in part. (Dkt. 229) The Court granted summary judgment only as to Plaintiff's claim for public injunctive relief, and found that "Plaintiff's request for [private] injunctive relief regarding Vivint's unfair or unlawful sales practices [is] not moot, and plaintiff's remaining claims for equitable relief may proceed because she does not have an adequate remedy at law." (*Id.*)

On May 17, 2022, Plaintiff filed her Motion for Class Certification, supported by numerous documentary and testimonial exhibits, including an expert declaration. (Dkt. 255-2) Defendants opposed the motion. (Dkt. 256-1) The Court granted Plaintiff's motion on March 18, 2022, certifying a Rule 23(b)(2) class comprised of "[a]ll persons in California currently in privity of contract with Vivint because they are subject to Version 1 of the Residential Solar Power Purchase Agreement." (Dkt. 230, p. 4)

///

///

### C. Investigation And Discovery

Class Counsel conducted extensive research and investigation into Plaintiff's claims and the anticipated defenses, reviewed documents provided by Plaintiff, by Vivint, and other publicly available documents. (Boxer Decl. ¶6; Declaration of Gerrie Dekker ("Dekker Decl.") ¶4) Plaintiff prepared for and attended a full-day deposition, propounded and responded to multiple sets of written discovery and deposed Vivant's Rule 30(b)(6) witness. (Boxer Decl. ¶6) The Parties also retained experts, each of whom generated detailed reports, and were deposed. (*Id.*) All of this discovery furnished Class Counsel with an extensive knowledge base with which to make informed and intelligent decisions regarding settlement of this action. (*Id.*)

### D. Settlement Negotiations

On June 2, 2022, the Parties participated in a Mandatory Settlement Conference ("MSC") with Magistrate Judge Ryu. (Boxer Decl. ¶7) The case did not settle at that time, but with Magistrate Judge Ryu's encouragement, the Parties exchanged further settlement offers and then met for another session with Magistrate Judge Ryu on July 19, 2022. (*Id.*) At the second MSC, the Parties accepted a "mediator's proposal" and signed a term sheet memorializing the key settlement terms on July 20, 2022. (Dkt. 274; Boxer Decl. ¶7) After extensive negotiations and exchanges of multiple drafts, the Parties executed the Joint Stipulation of Class Action Settlement and Release of Claims ("Stipulation") on September 8, 2022. (Boxer Decl. ¶7 and attached Ex. 1)

## III. SUMMARY OF SETTLEMENT

### A. The Settlement Class

The Court previously certified the class of "[a]ll persons in California currently in privity of contract with Vivint Solar because they are subject to Version 1 of the Residential Solar Power Purchase Agreement." (Dkt. 230, p. 4) There are no material differences between the Settlement Class in the Stipulation and the Class defined in the Third Amended Complaint and this Court's certification order. (Stipulation, ¶1.3; Dkt. 230, p. 4; Dkt. 214, p. 16)

### B. Settlement Terms

Under the proposed Settlement, the settlement relief to the Class shall be modification of Version 1 of the Vivint Solar Residential Power Purchase Agreements ("PPAs at Issue") between the

individual Class Members and Vivint Solar Developer, LLC (and any subsequent assignee of Vivint Solar Developer, LLC). (Stipulation, ¶6.1)

### 1. Contractual Changes.

As of the Effective Date, the PPAs at Issue shall be amended as follows:
The final two sentences of Paragraph 11(e) of the PPAs at Issue shall be deleted and replaced with the following statements:

"The 'Buy-Out Payment' you will pay us will be Four Dollars ($4.00) per Watt installed, discounted by 5% for each year from the In-Service Date of the System. You will own the System and all System Interests once you have paid us the Buy-Out Payment due."

A new Paragraph 11(f) shall be added to the PPAs at Issue that reads:

"(f) **Election of Buy-Out Option**. You may choose to make a Buy-Out Payment at any time during the Term. Once you have paid us the Buy-Out Payment due, the Agreement shall be terminated and Vivint Solar Developer LLC (and any assignee of Vivint Solar Developer LLC) shall have no further obligations to you under the Agreement, and you shall have no further obligations to Vivint Solar Developer LLC (or any assignee of Vivint Solar Developer LLC) under the Agreement, *except* that, to the extent that your account is in arrears, you shall be required to make all past due payments in order to exercise the Buy-Out Option."

Paragraph 12 of the PPAs at Issue shall be amended to add a subparagraph 12(c) that reads:

"(c) **Assignment of Buy-Out Option.** A Property Transferee may exercise the Buy-Out Option on the same terms as the original customer."

The PPAs at Issue for Class Members shall not be modified in any other respect as a result of this Settlement.

In sum, the Settlement reduces Class Members' payment of $7.00 to $4.00 per kilowatt hour installed, discounted by 5% for each year from the In-Service Date of the System, and produces significant monetary savings for Class Members as shown in the table in the Class Notice. (Ex. A to Ex. 1 of Boxer Decl.)

### 2. Explanatory Notice.

The 5% per year discount is intended to be compounded, such that each year's Buy-Out Price shall be 95% of the previous year's Buy-Out Price. (Stipulation, ¶6.1) The notice of settlement provided to Class Members shall provide an explanation consistent with this understanding and a chart that states the Buy-Out Price in each year of the Term of the PPA at Issue. (*Id.*)

///

### 3. Defendants' Right To Terminate.

Defendants shall have the option in their sole discretion to terminate the Settlement if 100 Class Members submit valid Requests for Exclusion. (Stipulation, ¶5.1) If Defendants exercise the right to terminate, they shall do so by notifying Class Counsel pursuant to ¶9.8 of the Stipulation in writing, within 15 days after the Settlement Administrator has notified Plaintiff and Defendants, in writing, of the number of valid Requests for Exclusion as of the Response Deadline. (*Id.*)

### 4. Class Representative Service Award.

Class Counsel may request—and Defendants may oppose—a Class Representative Service Award for Plaintiff's participation in the action. (Stipulation, ¶¶6.3, 8.4) The Court's approval of a Class Representative Service Award is not a material term of the Settlement. (Stipulation, ¶6.3.1)

### 5. Class Counsel's Fees and Costs.

Class Counsel may request that the Court approve an attorneys' fees and costs award and Defendants may oppose that request. (Stipulation, ¶6.2, 8.4) The Court's approval of an attorney fee and costs award is not a material term of the Settlement. (Stipulation, ¶6.2.1)

### 6. Settlement Administration Costs.

The Parties chose Phoenix Class Action Administration Solutions ("Phoenix") as the Settlement Administrator based on bids from Phoenix and two other competitors. (Stipulation, ¶3.1; Boxer Decl. ¶9) Class Counsel has used Phoenix's services multiple times in the past two years. (Boxer Decl. ¶9) The methods of notice and claims payment proposed are consistent with the Stipulation. (*Id.*) Subject to court approval, Phoenix shall receive a fee up to $7,000. (Stipulation, ¶3.1) The fee is reasonable given the nature of the Settlement and the number of Class Members. (Boxer Decl. ¶9) The Court's security concerns for handling class member data are addressed in the Declaration of Jodey Lawrence.

### 7. Class Members' Released Claims.

By operation of the entry of the Final Approval Order and Judgment, each participating Class Member will release Defendants and each of the Released Parties of and from any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind based on the claims certified by the Court. (Stipulation, ¶7.1) This release includes California Civil

Code section 1671 and violations of the Unfair Competition Law and Consumer Legal Remedies Act predicated on alleged violations of section 1671. (*Id.*)

### 8. Plaintiff's Release.

Effective upon entry of the Final Approval Order and Judgment, Plaintiff Gerrie Dekker will release Defendants and each of the Released Parties of and from any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind that were asserted in the action, whether or not certified by the Court. (Stipulation, ¶7.2) This release includes California Civil Code section 1671 and violations of the Unfair Competition Law and Consumer Legal Remedies Act predicated on alleged violations of section 1671. (*Id.*)

### C. Class Notice and Settlement Administration

Within 20 calendar days of the entry of a Preliminary Approval Order of this Agreement, Defendants shall provide to the Settlement Administrator with the following information: (1) name of each Class Member; (2) most current known physical and email address of each Class Member. (Stipulation, ¶3.2) The Settlement Administrator shall mail and e-mail the Notice of Class Action Settlement and Request for Exclusion to Class Members in English and Spanish within 14 calendar days of receiving the Class Member data from Defendants. (*Id.* at ¶3.4)

Notice under the Class Action Fairness Act ("CAFA") is required and Defendants' counsel will provide the CAFA notice within 10 days after the proposed Settlement is filed with the Court, or September 18, 2022. (Boxer Decl. ¶10)

Class Members who wish to exclude themselves from the Settlement must mail a Request for Exclusion by the Response Deadline.[2] (Stipulation, ¶¶4.2-4.2.2 and attached Ex. C) Class Members who wish to object to the Settlement must send an objection to the Court by the Response Deadline, which comports with the procedures set forth in the Class Notice. (Stipulation, ¶¶4.3-4.3.2) No claim form is required. (Stipulation)

///

---

[2] The Court certified this Class pursuant to Federal Rule of Civil Procedure 23(b)(2). However, because the settlement provides a remedy that is not purely injunctive or declaratory in nature but provides a monetary benefit to Class Members in the form of a modified PPA, the Parties agreed that Class Members should have right to exclude themselves.

-7-

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-07918

### D. Related Cases

There are no related cases that would be impacted by this Settlement. (Boxer Decl. ¶11)

### E. Comparable Results

Class Counsel has not litigated any cases with comparable outcomes. (Boxer Decl. ¶12)

## IV. ARGUMENT

### A. The Settlement Meets The Preliminary Approval Requirements

Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. Proc. § 23(e). Before a court approves a settlement, it must conclude that the settlement is "fundamentally fair, adequate and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674-75 (9th Cir. 2009). Generally, the district court's review of a class action settlement is "extremely limited." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The court considers the settlement as a whole, rather than its components, and lacks authority to "delete, modify or substitute certain provision." *Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982)).

To approve a settlement that would bind class members, the court must consider whether: (A) "the class representatives and class counsel have adequately represented the class;" (B) "the proposal was negotiated at arm's length;" (C) "the relief provided for the class is adequate;" and (D) "the proposal treats class members equitably relative to each other." Fed R. Civ. P. 23(e)(2). As each of these factors is met here, preliminary approval is appropriate.

#### 1. Plaintiff Has Adequately Represented the Class

The Ninth Circuit applies a two-pronged test to determine whether the representative parties will adequately represent the class: "(a) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and (b) have the named plaintiffs and their counsel prosecute[d] the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir. 2000). Neither Plaintiff nor Class Counsel has any conflicts of interest with the Class Members, as their interests are aligned and they seek the same remedies. (Boxer Decl. ¶13)

-8-

Throughout the litigation, Plaintiff has taken an active role in the litigation by (1) undergoing a lengthy intake and review process; (2) searching for and providing relevant documents to Class Counsel; (3) spending hours reviewing her bills from Defendants; (4) preparing for and attending a full-day deposition; (5) assisting Class Counsel with discovery; (6) reviewing her declaration in opposition to Defendants' motion to dismiss; (7) conferring numerous times with Class Counsel; (8) maintaining regular contact with Class Counsel throughout the litigation to keep up to date on developments in the case; (9) reviewing documents from Class Counsel; (10) making herself available to Class Counsel, including during both settlement conferences; (11) discussing settlement negotiations with Class Counsel; (12) reviewing and discussing the settlement documents with Class Counsel; and (13) reviewing and discussing her declaration in support of this motion with Class Counsel. (Dekker Decl. ¶4)

There can be no question that Class Counsel has vigorously prosecuted this action. They obtained class certification following diligent investigation and research into these claims and defenses, engaged in extensive law and motion practice, propounded and responded to multiple sets of written discovery, obtained voluminous documentation from Defendants, retained experts, deposed Defendants' Rule 30(b)(6) witness, prepared and submitted Plaintiff for deposition, prepared for and attended two full-day MSCs which successfully resolved the case, and opposed two appeals. (Boxer Decl. ¶14) These facts support preliminary approval of the Settlement.

### 2. The Settlement Is The Product Of Informed, Arm's Length Negotiations

An initial presumption of fairness exists where, as here, "the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, 2011 WL 1627973, *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). The use of an experienced mediator supports a finding that settlement negotiations were both informed and non-collusive. *Satchell v. Fed. Express Corp.*, 2007 WL 1114010, *4 (N.D. Cal. Apr. 13, 2007); *Deaver v. Compass Bank*, 2015 WL 4999953, *7 (N.D. Cal. Aug. 21, 2015).

The Settlement was reached after two MSCs with Magistrate Judge Ryu with direct negotiations in between. (Boxer Decl. ¶7) The negotiations were at arm's length and, although conducted in a professional manner, were adversarial. (*Id.* at ¶8) The Parties went into the MSC

-9-

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 3:19-cv-07918

willing to explore the potential for settlement, but were prepared to litigate their position through trial and appeal if a settlement had not been reached. (*Id.*)

### 3. The Settlement Provides Adequate Relief for the Class

The third factor considers whether the relief provided to the class is adequate, taking into account: "(i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."

Here, Defendants have agreed to modify the Class Members' PPAs, providing significant cost-savings to Class Members who default or wish to exercise the Buy-Out Option, reducing the price from $7.00 per kilowatt hour installed to $4.00 per kilowatt hour installed. (Boxer Decl. ¶15) Should the Court grant Final Approval, a Class Member who defaults after nine years, or chooses to buy out their contract, will pay $12,605 rather than $22,059, a savings of $9,454, and will get to keep their solar system. (*Id.* and see also tables on Ex. A to Ex. 1 of Boxer Decl.)

This is a substantial recovery which has the effect of more closely aligning the default price with the actual losses that Vivint would experience upon default. (Boxer Decl. ¶15) In addition, the PPA will be modified so that the default price will decline 5% per year. (*Id.*) While Vivant represented that it already provided such a discount to its customers, notwithstanding the fact that this was not stated in the Version 1 PPA, the modification makes this discount factor clear and enforceable. (*Id.*)

#### a. Costs, Risks and Delay of Further Litigation

In reaching the decision to settle, Class Counsel considered the risks of proceeding with the litigation, including that: (a) even if Plaintiff prevailed at trial and the Court found the liquidated damages provision unlawful and severed it from the contract, Vivant would still have general contract remedies it could pursue in the event of Class Members' breach of the contract; (b) the risk that the class could be decertified; (c) the likelihood of success at trial; and (d) the probability of appeal in the event of a favorable judgment. (Boxer Decl. ¶16)

While Plaintiff and Class Counsel are confident in the merits of these claims, a legitimate controversy exists and establishing liability and proving entitlement to any remedy would be an

-10-

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 3:19-cv-07918

expensive, time-consuming, and uncertain proposition. (*Id.* at ¶17) In contrast, because of the Settlement, Class Members will receive significant and certain relief and avoid the risk of an unfavorable judgment. (*Id.*) The fact that the Settlement will eliminate delay and further expense weighs strongly in favor of approval. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009). Where, as here, the Parties face significant uncertainty, the attendant risks also favor settlement. *Hanlon*, 150 F.3d at 1026.

### b. The Effectiveness of the Proposed Method of Distributing Relief to the Class

Upon Final Approval, all participating Class Members' PPAs will be modified. (Stipulation, ¶6.1) Thus, the proposed method of distribution "equitably and effectively distribute[s] relief to the Class." *See Zamora Jordan v. Nationstar Mortg., LLC*, 2019 WL 1966112, *4 (E.D. Wash. May 2, 2019).

### c. The Terms of the Proposed Attorney Fee Award

Concurrent with the Motion for Final Approval, Class Counsel will file a motion for attorneys' fees and costs, which Defendants can oppose. (Stipulation, ¶6.2-6.2.1, 8.4) Class Counsel's current lodestar is approximately $2,175,656 based on approximately 3,071.6 hours of attorney and legal assistants' work and Class Counsel's current costs are approximately $209,095. (Boxer Decl. ¶18) The lodestar and costs are expected to increase based on Class Counsel's future work and expenses incurred on the case. (*Id.*)

### d. The Settlement Does Not Provide Preferential Treatment To Plaintiff Or Any Segment Of The Class

Under the fourth factor, the Court examines whether the proposed settlement provides preferential treatment to any class member. The proposed Settlement poses no risk of unequal treatment of any Class Member, as each Class Member is covered by the same PPA. (Stipulation, ¶1.3) The Settlement permits Plaintiff to request a Class Representative Service Award for her time and effort in prosecuting this case on behalf of the Class. (*Id.* at ¶¶1.8, 6.3) Class Counsel will seek a Class Representative Service Award for Plaintiff concurrently with their motion for attorneys' fees and costs.

The Ninth Circuit has recognized that service awards to named plaintiffs in a class action are permissible and do not render a settlement unfair or unreasonable. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003); *Rodriguez*, 563 F.3d at 958-69 (finding that the payment of a service award is "fairly typical in class actions."). The Court will ultimately determine whether Plaintiff is entitled to a service award based on her and Class Counsel's declarations outlining the time and effort Plaintiff expended and the risks she undertook in bringing this case on behalf of the Class. *Harris*, 2011 WL 1627973, at *9. Thus, the absence of any preferential treatment supports preliminary approval.

### B. The Proposed Class Notice Is An Appropriate Form Of Giving Notice And Satisfies Due Process

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025. In the Ninth Circuit, notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004).

The Class Notice is written in plain, concise language, will be provided in English and Spanish, and includes: (1) basic information about the action and the Settlement; (2) the definition of the proposed class; (3) a description of the claims; (4) the Settlement terms; (5) information regarding the binding effect of the Settlement; (6) the date and time of the Final Approval Hearing; and (7) contact information to obtain additional information. (Boxer Decl., Ex. A to Ex. 1) The Class Notice also satisfies the requirements under ¶3 of the Northern District's Procedural Guidance.

The Class Notice provides Class Members with sufficient information to make an informed and intelligent decision about the Settlement. Accordingly, it satisfies the content requirements of Rule 23(e) and all due process requirements. *Rodriguez*, 563 F.3d at 963 (where class notice communicated the essentials of the proposed settlement in a sufficiently balanced, accurate, and informative way, it satisfied due process concerns).

Direct mail notice and notice by e-mail to Class Members' last known addresses is the best notice possible under the circumstances. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319 (1950); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-76 (1974). Accordingly, the notice plan

-12-

properly targets Class Members and should therefore be approved as compliant with due process requirements.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant this motion in its entirety.

Dated: September 8, 2022          **MATERN LAW GROUP, PC**

By:     /s/ *Joshua D. Boxer*
MATTHEW J. MATERN
JOSHUA D. BOXER
COREY B. BENNETT
Class Counsel and Attorneys for Plaintiff
GERRIE DEKKER