| | |
|---|---|
| 1 | **MATERN LAW GROUP, PC** |
| | Matthew J. Matern (SBN 159798) |
| 2 | Email: mmatern@maternlawgroup.com |
| | Joshua D. Boxer (SBN 280126) |
| 3 | Email: jboxer@maternlawgroup.com |
| 4 | 1230 Rosecrans Avenue, Suite 200 |
| | Manhattan Beach, California 90266 |
| 5 | Telephone: (310) 531-1900 |
| | Facsimile: (310) 531-1901 |
| 6 | |
| 7 | **MATERN LAW GROUP, PC** |
| | Corey B. Bennett (SBN 267816) |
| 8 | Email: cbennett@maternlawgroup.com |
| | Kiran Prasad (SBN 255348) |
| 9 | Email: kprasad@maternlawgroup.com |
| 10 | 1330 Broadway, Suite 436 |
| | Oakland, California 94612 |
| 11 | Telephone: (510) 227-3998 |
| | Facsimile: (310) 531-1901 |

*Class Counsel and Attorneys for Plaintiff*
*GERRIE DEKKER,*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRIE DEKKER, individually and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>vs.<br><br>VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:19-cv-07918<br><br>**DECLARATION OF JOSHUA D. BOXER IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: September 29, 2022<br>Time: 8:00 a.m.<br>Courtroom: 12<br>Judge: The Honorable William H. Alsup |

# DECLARATION OF JOSHUA D. BOXER

I, JOSHUA D. BOXER, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am a Senior Associate of Matern Law Group, PC, Class Counsel and counsel of record for Plaintiff Gerrie Dekker ("Plaintiff") in this action.

2. All of the facts stated in this declaration are based on my personal firsthand knowledge, unless another source of information or belief clearly appears from the context, and as to all such matters I believe them to be true. If called as a witness, I could and would readily and competently testify to all matters stated in this declaration.

3. This declaration is submitted in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

4. There are approximately 955 Class Members in this action.

5. Several other consumers were included as named plaintiffs in the initial complaint, but were either compelled to arbitration or settled their individual claims and are no longer part of this action. Vivant appealed two of this Court's rulings, to which Plaintiffs filed answering briefs. Vivant prevailed on one of the appeals and the other appeal was dismissed because the claims were settled. Notably, although those appeals did not directly involve Plaintiff Dekker, had Plaintiffs prevailed on the appeals, the class size could have increased. Class Counsel will nonetheless carefully scrutinize their billing records prior to filing their motion for an attorney fee award to determine an appropriate fee request.

## Investigation and Discovery

6. My office conducted extensive research and investigation into Plaintiff's claims and the anticipated defenses, reviewed documents provided by Plaintiff, by Vivint, and other publicly available documents. Plaintiff Dekker prepared for and attended a full-day deposition, and my office propounded and responded to multiple sets of written discovery and deposed Vivant's Rule 30(b)(6) witness. The Parties also retained experts, each of whom generated detailed reports and were deposed. All of this discovery furnished my office with an extensive knowledge base with which to make informed and intelligent decisions regarding settlement of this action.

### Settlement Negotiations

7. On June 2, 2022, the Parties participated in a Mandatory Settlement Conference ("MSC") with Magistrate Judge Ryu. The case did not settle at that time, but with Magistrate Judge Ryu's encouragement, the Parties exchanged further settlement offers and then met for another session with Magistrate Judge Ryu on July 19, 2022. At the second MSC, the Parties accepted a "mediator's proposal" and signed a term sheet memorializing the key settlement terms on July 20, 2022. After extensive negotiations and exchanges of multiple drafts, the Parties executed the Joint Stipulation of Class Action Settlement and Release of Claims ("Stipulation") on September 8, 2022. A true and correct copy of the Stipulation is attached hereto as **Exhibit 1**.

8. The negotiations were at arm's length and, although conducted in a professional manner, were adversarial. The Parties went into the MSC willing to explore the potential for settlement, but were prepared to litigate their positions through trial and appeal if a settlement had not been reached.

### Settlement Administrator And Costs

9. The Parties chose Phoenix Class Action Administration Solutions ("Phoenix") as the Settlement Administrator based on bids from Phoenix and two other competitors. My office has used Phoenix's services multiple times in the past two years. The methods of notice and claims payment proposed are consistent with the Stipulation. Phoenix's fee request of $7,000 is reasonable given the nature of the Settlement and the number of Class Members.

### CAFA Notice

10. Notice under the Class Action Fairness Act ("CAFA") is required and Defendants' counsel has advised me that they will provide the CAFA notice by September 18, 2022.

### Related Cases

11. There are no related cases that would be impacted by this Settlement.

### Comparable Results

12. My office has not litigated any cases with comparable outcomes.

### Conflicts of Interest

13. Neither Plaintiff nor my office has any conflicts of interest with the Class Members,

as their interests are aligned and they seek the same remedies.

### Class Counsel's Prosecution Of The Action

14. My office has vigorously prosecuted this action. We obtained class certification following diligent investigation and researched into these claims and defenses, engaged in extensive law and motion practice, propounded and responded to multiple sets of written discovery, obtained voluminous documentation from Defendants, retained experts, deposed Defendants' Rule 30(b)(6) witness, prepared and submitted Plaintiff for deposition, prepared for and attended two full-day MSCs which successfully resolved the case, and opposed two appeals.

### Adequacy Of Relief

15. Defendants have agreed to modify the Class Members' contracts ("PPAs"), providing significant cost-savings to Class Members who default or wish to exercise the Buy-Out Option, reducing the price from $7.00 per kilowatt hour installed to $4.00 per kilowatt hour installed. Should the Court grant Final Approval, a Class Member who defaults after nine years, or chooses to buy out their contract, will pay $12,605 rather than $22,059, a savings of $9,454, and will get to keep their solar system. This is a substantial recovery which has the effect of more closely aligning the default price with the actual losses that Vivint would experience upon default. (The Class Notice contains a table reflecting the savings.) In addition, the PPA will be modified so that the default price will decline 5% per year. While Vivint represented that it already provided such a discount to its customers, notwithstanding the fact that that this was not stated in the Version 1 PPA, the modification makes this discount factor clear and enforceable.

### Costs, Risks and Delay of Further Litigation

16. In reaching the decision to settle, my office considered the risks of proceeding with the litigation, including that: (a) even if Plaintiff prevailed at trial and the Court found the liquidated damages provision unlawful and severed it from the contract, Vivant would still have general contract remedies it could pursue in the event of Class Members' breach of the contract; (b) the risk that the class could be decertified; (c) the likelihood of success at trial; and (d) the probability of appeal in the event of a favorable judgment.

17. While Plaintiff and my office are confident in the merits of these claims, a legitimate

-4-

controversy exists and establishing liability and proving entitlement to any remedy would be an expensive, time-consuming, and uncertain proposition. In contrast, because of the Settlement, Class Members will receive significant and certain relief and avoid the risk of an unfavorable judgment.

### Class Counsel's Lodestar And Costs

18. My firm's current lodestar is approximately $2,175,656 based on approximately 3,071.6 hours of attorney and legal assistants' work and our current costs are approximately $209,095. The lodestar and costs are expected to increase based on future work and expenses incurred on the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2022 at Redondo Beach, California.

*/s/ Joshua D. Boxer*
Joshua D. Boxer