**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Joshua D. Boxer (SBN 280126)
Email: jboxer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

**MATERN LAW GROUP, PC**
Corey B. Bennett (SBN 267816)
Email: cbennett@maternlawgroup.com
Kiran Prasad (SBN 255348)
Email: kprasad@maternlawgroup.com
1330 Broadway, Suite 436
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901

*Class Counsel and Attorneys for
Plaintiff GERRIE DEKKER*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRIE DEKKER, individually and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>vs.<br><br>VIVINT SOLAR, INC., VIVINT SOLAR HOLDINGS, INC., VIVINT SOLAR DEVELOPER, LLC, and VIVINT SOLAR PROVIDER, LLC, DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:19-cv-07918<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: September 29, 2022<br>Time: 8:00 a.m.<br>Courtroom: 12<br>Judge: The Honorable William H. Alsup |

-1-

Plaintiff Gerrie Dekker's ("Plaintiff's") Motion for Preliminary Approval of Class Action Settlement came on for hearing before this Court on September 29, 2022.

Having reviewed the Motion, the Declaration of Joshua D. Boxer and exhibits attached thereto, and the Declarations of Gerrie Dekker and Jodey Lawrence, and good cause appearing therefore, the Court hereby finds and orders as follows:

1. The Court grants preliminarily approval of the proposed class action settlement based on the terms set forth in the Joint Stipulation of Class Action Settlement and Release of Claims ("Stipulation" or "Settlement"), which is attached as Exhibit 1 to the Declaration of Joshua D. Boxer and is incorporated in full by this reference and made a part of this Order. The Settlement appears to be fair, adequate, and reasonable to the Class.

2. All capitalized terms defined in the Settlement shall have the same meaning when used in this Order.

3. The Court has jurisdiction over the subject matter of this proceeding and over all Parties to this proceeding, including all Class Members.

4. The Settlement falls within the range of reasonableness of a settlement which could ultimately be given final approval by this Court, and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing and final approval by this Court.

5. The Court finds and concludes that the Settlement is the result of arms-length negotiations between the Parties conducted following class certification. Class Counsel has adequately investigated Plaintiff's claims and become familiar with the strengths and weaknesses. The assistance of Magistrate Judge Ryu further confirms that the Settlement is non-collusive. The Court preliminarily finds that the Settlement is fair and reasonable, has no obvious deficiencies, and does not improperly grant preferential treatment to the class representative or segment of the class.

6. The Court hereby finds and concludes that the Class satisfies all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3), except manageability. Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

7. The Court approves the proposed Notice of Class Action Settlement ("Class Notice") and Request for Exclusion from Settlement and the plan for distribution of the Notice Packet to Class Members, attached as Exhibits A and C, respectively to the Stipulation, (collectively, the "Notice Packet"). The Court finds that the proposed Notice Packet comports with Fed. R. Civ. P. 23 and all Constitutional requirements including those of due process. The Court further finds that the Notice Packets adequately advise the Class about the class action; the terms of the proposed Settlement, the benefits available to each Class Member, each Class Member's right to object to or opt out of the Settlement, and the timing and procedures for doing so; preliminary Court approval of the proposed Settlement; and the date of the Final Approval hearing as well as the rights of Class Members to attend said hearing. The Court further finds that the mailing of the Notice Packet to each Class Member's last known address, as well as the distribution via e-mail, constitutes reasonable notice to Class Members of their rights with respect to the class action and proposed Settlement.

8. The Court approves the appointment of Phoenix Class Action Administration Solutions ("Phoenix") as the Settlement Administrator to perform the duties set forth in the Stipulation. Defendants will pay Phoenix up to $7,000 for its services in administering the Settlement.

9. Plaintiff may request an award of attorneys' fees and costs incurred in connection with this litigation. Defendants may oppose the request.

10. Plaintiff may request a Class Representative Service Award based on her participation in this case. Defendants may oppose the request.

11. The Court orders that any Class Member who wishes to be excluded from the Settlement must submit a valid request for exclusion no later than forty-five (45) days after the Notice Packet is initially mailed and e-mailed to Class Members ("Response Deadline"). The exclusion must include the Class Member's name (and former names, if any, that were used while employed by Defendants), current address, and current telephone number and be substantially in the form of the Request for Exclusion from Settlement form attached as Exhibit C to the Stipulation.

12. Any Class Member who does not timely and validly request exclusion from the Settlement may send an objection to the Court that is post-marked by the Response Deadline. The objection must comply with the procedures set forth in the Class Notice. Class Members who timely submit an Objection shall have the right to appear at the Final Fairness Hearing either in person or through counsel, but must state their intent to do so at the time they submit their written Objection.

13. The Final Approval Hearing shall be held before this Court on _____, 20____ at 8:00 a.m. in Courtroom 12 to consider the fairness, adequacy, and reasonableness of the proposed Settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorneys' fees and costs and the Class Representative service payment.

14. The Court orders the following implementation schedule, provided, however, the Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Class Members:

| Event | Date |
|---|---|
| Deadline for Defendants to Provide Class Member Data and Information to Settlement Administrator | _____, 2022<br><br>20 calendar days of entry of the Preliminary Approval Order. |

-4-

| Deadline for Settlement Administration to mail and e-mail Notice Packets to Class Members | _____, 2022<br><br>14 calendar days after receipt of Class Member Data and Information from Defendants. |
|---|---|
| Response Deadline | _____, 2022<br><br>45 calendar days after the Notice Packets are mailed. |
| Last day to file and serve the Motion for Final Approval of Class Action Settlement | _____, 2023 |
| Final Approval Hearing | _____, 2023 at 8:00 a.m. in Courtroom 12. |

15. This Order is not a finding of liability, culpability, negligence, or wrongdoing on the part of the Defendants.

16. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Stipulation are stayed.

17. The Parties are ordered to carry out the Settlement according to the terms of the Stipulation.

**IT IS SO ORDERED.**

Dated: _____     _____

HON. WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE