1

2

3

4

5

6                         UNITED STATES DISTRICT COURT

7

8                         NORTHERN DISTRICT OF CALIFORNIA

9

10    GERRIE DEKKER, et al.,

11              Plaintiffs,                          No.  C 19-07918 WHA

12         v.

13    VIVINT SOLAR, INC., et al.,                    **ORDER RE RENEWED REQUEST**

14              Defendants.                          **FOR PRELIMINARY APPROVAL**

15    _____

16

17         At the hearing on the motion for preliminary approval, the Court identified deficiencies in

18    the parties' settlement agreement and class notice.  The parties then filed an amended

19    settlement agreement and class notice, at which point they renewed their request for

20    preliminary approval.  Upon careful review, the Court has determined that the parties did not

21    address all of its concerns, so preliminary approval still cannot be granted.

22         Although the parties added language on skip tracing and attorney's fees, and adjusted

23    language on Vivint Solar's parent entity and class members' heirs and successors, they did not

24    meaningfully address the Court's primary concern and clarify for class members the scope of

25    the settlement.  That is, if class members agree to the settlement, which involves *one specific*

26    *term* in their contract, they will be bound only with respect to that term:  the buy-out clause.

27    At the hearing, counsel made clear that "if [class members] accept that term, they are bound

28    only with respect to the buy-out clause," "if Vivint Solar later tries to enforce some other term

of the contract, they have not waived any claims that they have under the UCL," and "if a customer said 'you lied to me about how much money I was going to save' or 'the contract is unconscionable in some other respect,' that is not a claim the Court certified, and it is not a claim that would be released." This was not made clear, however, in the amended settlement agreement and class notice. "[O]n a motion for preliminary approval of a class action settlement, a district court's obligation is to assess the agreement to ensure that the class members are being treated fairly." *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1038 (N.D. Cal. 2016) (Judge Vince Chhabria). The scope of the settlement should be explained in words that a class member could readily understand without having to dig through the contract, court filings, or California Civil Code.

In the class notice, Section 7 entitled "What Are My Options?" should be modified as follows:

> 1. If you take no further action, you will remain a Class Member, represented by Class Counsel, and you will be part of the Settlement and bound by the Settlement.
>
> The Settlement does not provide any money to any Class Member. Instead, the benefit to you will be that one provision in your Purchase Power Agreement ("PPA") will be modified, and the Settlement will provide you the benefit of that modification. In exchange, you will give up any claims based upon that provision certified by the Court: claims under California Civil Code section 1671 and violations of the Unfair Competition Law and Consumer Legal Remedies Act predicated on section 1671. You will not, however, give up any claims based upon any other provision in your PPA. The new language to which you would become bound is set forth in Section 11(B) below . . . .

The settlement agreement should be modified to reflect these changes as well.

Moreover, this order observes that the parties did not alter language in Section 2.5 of the settlement agreement on the parties' intent, which the Court at the hearing explained "is ambiguous and could be construed to contradict the release." The Court advised the parties to "remove the part" and "take the whole thing out and make sure the release is narrowly tailored." Counsel twice responded "understood" and confirmed "we will pore over it." At the

1    very least, such language should be modified to reflect that it is not, in fact, the parties' intent

2    to settle claims that "could have been asserted in the Action" but rather only those that "were."

3        This order further observes that the new language on communication with the parties in

4    Section 9.8 of the settlement agreement should be supplemented to better comport with what

5    the Court requested at the hearing.  Namely, that "defendants shall promptly notify class

6    counsel of, one, the *identity* of any class member who attempts to communicate with

7    defendants . . . regarding this lawsuit, and two, the *content* of the communication," and that

8    "class counsel *shall respond* to the class member as is necessary and appropriate" (emphasis

9    added).  In addition, the new language on skip tracing in Section 3.4 of the settlement

10   agreement should apply not only to class notices returned to the settlement administrator as

11   non-delivered without a forwarding address but also to those returned to the settlement

12   administrator as non-delivered from a forwarding address.

13       Finally, the parties should ensure that their language is internally consistent throughout.

14   Although they added a sentence in Section 3.4 of the settlement agreement clarifying that

15   "Class Members whose Class Notices remain undeliverable shall be excluded from the

16   Class[,]" Section 4.5 still states that "[a]lthough some Class Members might not receive the

17   Notice of Class Action Settlement, as provided under this Settlement and Agreement, such

18   individuals shall nonetheless be bound by all of the terms of this Settlement and Agreement

19   and the Final Order and Dismissal with Prejudice."  What's more, the amended settlement

20   agreement contains different proposed maximum settlement administration costs in

21   Sections 3.1 and 6.4.

22       Next time, please order a transcript and be faithful to addressing the Court's concerns.

23   Please also take care to avoid typos (*see, e.g.*, Boxer Decl. Exh. 3 at 5 ("IT IS YOUR

24   RESPONSIBILITY TO CHECK THE PACER SYSTEM TO CONFIRM THE DATE HAS

25   NOT BEEN CHANGE [*sic*]")).

26       The parties shall have one more opportunity to renew their request for preliminary

27   approval and amend the settlement agreement and class notice by **JANUARY 19, 2023, at 12:00**

28

United States District Court
Northern District of California

**P.M.**  The final approval hearing is hereby **Continued** to **July 12, 2023, at 8:00 A.M.**, allowing ample time for notice distribution and inquiries from class members.

    **IT IS SO ORDERED.**

Dated:  January 13, 2023.



WILLIAM ALSUP
United States District Judge

United States District Court
Northern District of California

4